IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KATHY CLARK, AMY ENDSLEY, SUSAN GRIMMETT, MARGUERIETTE SCHMOLL, AND KEVIN ULRICH, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, | § § § § § § | |
| Plaintiffs, | § § | A12CV0174 SS |
| v. | § § | Civil Action No._____ |
| CENTENE CORPORATION, CENTENE COMPANY OF TEXAS, L.P., AND, SUPERIOR HEALTHPLAN, INC. | § § § § § § § | JURY DEMANDED |
| Defendants. | § § | |

## PLAINTIFFS' ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT:

COME NOW, Plaintiffs Kathy Clark, Amy Endsley, Susan Grimmett, Margueriette Schmoll, and Kevin Ulrich (collectively, "Plaintiffs") on behalf of themselves and all others similarly situated nationwide and file this their Original Complaint against their joint employers, or former employers, Centene Corporation, Centene Company of Texas, L.P., and Superior HealthPlan, Inc. (collectively, "Defendants") and in support thereof would show as follows:

### I. PRELIMINARY STATEMENT

1.1. Plaintiffs either worked or currently work in the position of "Case Manager/Pre-Certification Nurse", "Utilization Review Nurse", "Case Management Nurse", or "Medical Management Nurse" for Defendants.

1

1.2     Plaintiffs, on behalf of themselves and all others similarly situated employed by Defendants as a "Case Manager/Pre-Certification Nurse", "Utilization Review Nurse", "Case Management Nurse", "Medical Management Nurse", or other job title performing substantially similar job duties as Plaintiffs throughout the United States in the three years preceding the filing of this lawsuit, bring this collective action to recover overtime compensation, liquidated damages, attorney's fees, litigation costs, costs of court, pre-judgment and post-judgment interest, and injunctive relief under the provisions of the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA").

1.3     For at least three years prior to the filing of this Complaint, Defendants willfully committed widespread violations of the FLSA by failing to pay these employees for overtime hours worked in excess of forty hours per week at a rate of one and one-half times their regular rate of pay.

1.4     This collective action consists of current and former non-exempt "Case Manager/Pre-Certification Nurses", "Utilization Review Nurses", "Case Management Nurses", "Medical Management Nurses", or those with other job titles performing substantially similar job duties as Plaintiffs who worked for Defendants or their subsidiaries in the three years preceding the filing of this suit and who were not paid overtime compensation at time and one-half for hours they worked over forty in a work week in violation of the FLSA, and whose job duties included working in a call center environment, spending the majority of the workday on the telephone with medical providers, hospitals, or members, collecting and inputting data into a computer, following guidelines in performing "pre-certifications" and/or "concurrent reviews" of medical procedures, or coordinating with providers.

1.5    Plaintiffs and all others similarly situated demand a jury trial.

## II.    JURISDICTION AND VENUE

2.1    The Court has subject matter jurisdiction under 28 U.S.C. § 1331 because this civil action arises under the Constitution, laws, or treaties of the United States; specifically, the Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201 *et seq.* ("FLSA"). Jurisdiction is further conferred on this Court by 29 U.S.C. § 216(b) and by the provisions of 28 U.S.C. § 1337 relating to "any civil action or proceeding arising under any Act of Congress regulating commerce . . .."

2.2.    The Court has personal jurisdiction over Defendants because Defendants conduct business in Texas and have entered into relationships with Plaintiffs in Texas, and committed actions in Texas that give rise to this cause of action. Damages sought are within the jurisdictional limits of this Court.

2.3    Venue is proper in the Western District of Texas pursuant to 28 U.S.C. § 1391(b), because a substantial part of the events or omissions giving rise to the claims herein occurred in said District. Additionally, Defendants are residents of and are doing business in said District.

## III.    PARTIES

### A.    Plaintiffs

3.1    Plaintiff Kathy Clark is an individual residing in Williamson County, Texas. Kathy Clark's Notice of Consent is attached hereto as Exhibit 1.

3.2    Plaintiff Amy Endsley is an individual residing in Travis County, Texas. Amy Endsley's Notice of Consent is attached hereto as Exhibit 2.

3.3   Plaintiff Susan Grimmett is an individual residing in Travis County, Texas. Susan Grimmett's Notice of Consent is attached hereto as Exhibit 3.

3.4   Plaintiff Margueriette Schmoll is an individual residing in Bastrop County, Texas. Margueriette Schmoll's Notice of Consent is attached hereto as Exhibit 4.

3.5   Plaintiff Kevin Ulrich is an individual residing in Travis County, Texas. Kevin Ulrich's Notice of Consent is attached hereto as Exhibit 5.

**B.   Defendants**

3.6   Defendant Centene Corporation is a foreign corporation that has no agent for service of process in the State of Texas. Therefore, this Defendant may be served pursuant to Texas' Long-Arm Jurisdiction statutes, Texas Civil Practice and Remedies Code § 17.041 *et seq.*, by serving the Secretary of State as agent for service of process for this Defendant. The Secretary of State shall then immediately mail a copy of the process to Defendant at its home address; to wit:

>   Centene Corporation
>   Centene Plaza
>   7700 Forsyth Blvd.
>   St. Louis, MO  63105

3.7   Defendant Centene Company of Texas, L.P., is a Texas Limited Partnership that may be served with process through its registered agent for service of process, C T Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201-4234.

3.8   Defendant Superior HealthPlan, Inc., is a Texas Corporation that may be served with process through its registered agent for service of process, C T Corporation System, 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201-4234.

3.9   At all relevant times, upon information and belief, Defendants have had gross operating revenues in excess of $500,000.00.

3.10   At all relevant times, Defendants have each been, and continue to be, an "employer" engaged in interstate commerce and/or the production of goods for commerce, within the meaning of the FLSA, 29 U.S.C. § 203.

3.11   At all relevant times, Defendants have employed, and continue to employ, employees, including Plaintiffs and each of the nationwide FLSA Collective Class plaintiffs within the meaning of the FLSA, 29 U.S.C. § 203. Defendants are jointly and severally liable for damages herein.

3.12   At all relevant times, Defendants have been an "enterprise" engaged in commerce as defined in 29 U.S.C. § 203.

3.13   At all relevant times, Defendants have been subject to the requirements of the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201 *et seq.*

## IV.   FACTUAL ALLEGATIONS

4.1   Defendant Centene Corporation operates in the healthcare services field.

4.2   Through its own operations, and through subsidiaries such as Defendants Centene Company of Texas, L.P., and Superior HealthPlan, Inc., Centene Corporation administers healthcare plans in fourteen states throughout the United States.

4.3   These states include Arizona, Arkansas, Florida, Georgia, Illinois, Indiana, Kentucky, Massachusetts, Mississippi, Ohio, South Carolina, Texas, Washington, and Wisconsin.

4.4   Centene Corporation maintains control, oversight, and direction over the operation of its subsidiaries and associated call centers and offices, including employment practices.

4.5     Centene Corporation maintains and exercises the power to hire, fire, and discipline Plaintiffs and those similarly situated.

4.6     Plaintiffs and those similarly situated must comply with Centene Corporation's policies and procedures in performing their work.

4.7     As a part of their operations, Defendants employ individuals whose job title is that of a "Case Manager/Pre-Certification Nurse", "Utilization Review Nurse", "Case Management Nurse", or "Medical Management Nurse".

4.8     Though their job titles may vary, the primary function of these employees is to gather information and, based upon predetermined guidelines and criteria, either certify members for medical benefits under their healthcare plans, or pass the information along to others for that determination.

4.9     In doing so, these employees typically work in a call center environment, spend the majority of their workday on the telephone with medical providers, hospitals, or members, collecting and inputting data into a computer, following guidelines in performing "pre-certifications" and/or "concurrent reviews" of medical procedures, or coordinating with providers.

4.10    Plaintiffs and similarly situated employees currently perform, or have performed, the job duties described in paragraphs 4.8 and 4.9 within the past three years for Defendants.

4.11    These employees are non-exempt workers under the FLSA.

4.12    These employees normally work in excess of forty hours per week.

4.13  Although these employees worked more than forty hours per week, they were not compensated for overtime hours at one and one-half times their appropriate regular rate. In fact, they were not paid any overtime compensation at all.

4.14  As non-exempt employees, these employees were entitled to be paid time-and-a-half for all hours worked in excess of forty in a workweek. Accordingly, Defendants' practice of failing to pay overtime compensation is a clear violation of the FLSA.

4.15  No exemption excuses the Defendants from paying overtime rates for hours worked over forty.

4.16  Defendants have failed to make a good faith effort to comply with the FLSA. Instead, Defendants knowingly, willfully, or with reckless disregard carried our their illegal pattern or practice regarding overtime compensation. Plaintiffs and those similarly situated are entitled to liquidated damages for such conduct.

4.17  For purposes of this action, the "relevant period" is defined as such period commencing on the date that is three years prior to the filing of this action, and continuing thereafter.

4.18  Defendants failed to comply with the FLSA in that Plaintiffs and those similarly situated performed work for Defendants for which no provisions were made by Defendants to pay Plaintiffs and those similarly situated overtime compensation for those hours worked in excess of forty hours within a work week.

4.19  Plaintiffs have retained the undersigned counsel to represent them and those similarly situated in this action. Pursuant to the FLSA, Plaintiffs and those similarly situated are entitled to recover all reasonable attorney's fees and costs incurred in this action.

## V. COLLECTIVE ACTION ALLEGATIONS

5.1  Other employees have been victimized by this pattern, practice, and policy of Defendants that is in violation of the FLSA. Plaintiffs are aware that the illegal practices and policies of Defendants have been imposed on other workers.

5.2  Plaintiffs bring the first claim for relief on behalf of all persons who worked for Defendants as a "Case Manager/Pre-Certification Nurse", "Utilization Review Nurse", "Case Management Nurse", or "Medical Management Nurse", or other job titles performing substantially similar job duties as the Plaintiffs, at any time three years prior to the filing of this lawsuit, to the entry of judgment in this lawsuit (Collective Class).

5.3  Upon information and belief, Defendants paid Plaintiffs and the Collective Class on a salary basis and suffered and permitted them to work more than forty hours per week. Defendants did not pay them proper overtime compensation for all hours worked beyond forty per week.

5.4  Though their job titles may vary, members of the Collective Class work in a call center environment, spend the majority of their workday on the telephone with medical providers, hospitals, or members, collecting and inputting data into a computer, following guidelines in performing "pre-certifications" and/or "concurrent reviews" of medical procedures, or coordinating with providers. The primary function of these employees is to gather information and, based upon predetermined guidelines and criteria, either certify members for medical benefits under their healthcare plans, or pass the information along to others for that determination.

5.5    Plaintiffs and those similarly situated shared common job duties. Therefore, Plaintiffs' experiences are typical of the experiences of other similarly situated employees.

5.6    Specific job titles do not prevent collective treatment.

5.7    Defendants' operations with respect to Plaintiffs and the Collective Class and wages paid to Plaintiffs and the Collective Class are substantially similar, if not identical.

5.8    Defendants' pattern of failing to pay overtime compensation as required by the FLSA results from Defendants' general application of policies and practices, and does not depend on the personal circumstances of the Plaintiffs and the Collective Class.

5.9    Although the issue of damages may be individual in character, there is no detraction from the common nucleus of liability facts.

5.10   Plaintiffs file this case as an "opt-in" collective action as specifically allowed by 29 U.S.C. § 216(b). Plaintiffs bring these claims for relief for violations of the FLSA as a collective action pursuant to 29 U.S.C. § 216(b). Plaintiffs bring these claims on their behalf and on behalf of those similarly situated nationwide who have not been fully compensated for all work performed, time spent, and activities conducted for the benefit of Defendants.

5.11   Plaintiffs request that Defendants identify all prospective members of the Collective Class in order that proper notice of their right to consent to participation in this collective action may be distributed, including their names, dates of employment, job titles, last known addresses, and telephone numbers.

5.12   Plaintiffs seek to represent those members of the above-described group who, after appropriate notice of their ability to opt into this action, have provided consent in writing to be represented by Plaintiffs' counsel as required by 29 U.S.C. § 216(b).

5.13   Those individuals who choose to opt in will be listed on subsequent pleadings and copies of the written consents will be incorporated by reference.

5.14   Plaintiffs will fairly and adequately represent and protect the interests of those similarly situated who opt into this action.

## VI.   CAUSES OF ACTION: VIOLATIONS OF FLSA

6.1   Each and every allegation contained in the foregoing paragraphs is re-alleged as if fully set forth herein.

6.2   Plaintiffs and all others similarly situated are non-exempt employees.

6.3   Plaintiffs and all others similarly situated are entitled to overtime pay for all hours in excess of forty worked during each seven-day workweek.

6.4   Defendants have violated 29 U.S.C. § 201 *et seq.* by failing to pay Plaintiffs and all other similarly situated employees overtime compensation at a rate of one and one-half times the appropriate regular rate.

6.5   During Plaintiffs' employment, they each routinely worked well in excess of forty hours per week. Even though Plaintiffs and all others similarly situated worked well in excess forty hours per week, Defendants have failed to pay Plaintiffs and all others similarly situated for those hours worked in excess of forty per week.

6.6   In further violation of the FLSA, Defendants have failed to maintain accurate employee pay records, including the number hours worked per workweek by Plaintiffs and other similarly situated employees.

6.7 Plaintiffs and all others similarly situated seek all unpaid overtime compensation and an additional equal amount as liquated damages, as well as reasonable attorney's fees, costs, and litigation expenses, including expert witness fees, as provided by 29 U.S.C. § 216(b), along with pre- and post-judgment interest at the highest rate allowed by law.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs Kathy Clark, Amy Endsley, Susan Grimmett, Margueriette Schmoll, and Kevin Ulrich, and all those similarly situated to them who have or will opt into this action, respectfully pray that this Honorable Court follow the certification procedures previously established pursuant to § 216 of the Fair Labor Standards Act and conditionally certify a collective action as described herein pending the identification of and receipt of consent from prospective members of the collective action, and that subsequent thereto Plaintiffs and all others similarly situated recover the following:

a. unpaid overtime wages for all hours worked in excess of forty hours in a workweek at the rate of one and one-half times their regular rates;

b. liquidated damages in an amount equal to their unpaid overtime compensation as allowed by the FLSA;

c. reasonable attorney's fees, costs and expenses of this action, including expert witness costs, as provided by the FLSA;

d. pre-judgment and post-judgment interest at the highest rates allowed by law; and

e. such other and further relief, at law or in equity, as this Honorable Court deems necessary.

Respectfully submitted,

**DUNHAM & JONES, P.C.**
1800 Guadalupe Street
Austin, TX 78701
Tel.: (512) 777-7777
Fax: (512) 340-4051

By: _____  2-22-12
David G. Langenfeld
Attorney-in-Charge
S.B.N. 11911325

**ATTORNEYS FOR PLAINTIFFS**

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KATHY CLARK, AMY ENDSLEY, SUSAN GRIMMETT, MARGUERIETTE SCHMOLL, AND KEVIN ULRICH, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> v. <br><br> CENTENE CORPORATION, CENTENE COMPANY OF TEXAS, L.P., AND, SUPERIOR HEALTHPLAN, INC. <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § | Civil Action No._____ <br><br> JURY DEMANDED |

## NOTICE OF CONSENT

I, the undersigned, a current or former employee of the above-named employer(s) hereby consent to participate as a party plaintiff in a collective action lawsuit under the Fair Labor Standards Act ("FLSA") seeking any and all overtime pay and all other damages and amounts that I may be owed under the FLSA. By joining this collective action, I agree to be a class representative. I choose to be represented by DUNHAM & JONES, P.C., and any other attorneys with whom they may associate in this lawsuit. I agree to be bound by the outcome of this proceeding. I have consented to act as a party plaintiff in this collective action.

_Kathy Clark_
Full Name (Print)

_[signature]_
Signature

2/21/12
Date

**EXHIBIT 1**

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KATHY CLARK, AMY ENDSLEY, SUSAN GRIMMETT, MARGUERIETTE SCHMOLL, AND KEVIN ULRICH, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> v. <br><br> CENTENE CORPORATION, CENTENE COMPANY OF TEXAS, L.P., AND, SUPERIOR HEALTHPLAN, INC. <br><br> Defendants. | § § § § § § § § § § § § § § § § § § | Civil Action No._____ <br><br> JURY DEMANDED |

## NOTICE OF CONSENT

I, the undersigned, a current or former employee of the above-named employer(s) hereby consent to participate as a party plaintiff in a collective action lawsuit under the Fair Labor Standards Act ("FLSA") seeking any and all overtime pay and all other damages and amounts that I may be owed under the FLSA. By joining this collective action, I agree to be a class representative. I choose to be represented by DUNHAM & JONES, P.C., and any other attorneys with whom they may associate in this lawsuit. I agree to be bound by the outcome of this proceeding. I have consented to act as a party plaintiff in this collective action.

_Amy J. Endsley_
Full Name (Print)

_Amy J. Endsley_
Signature

_2-20-12_
Date

EXHIBIT
2

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KATHY CLARK, AMY ENDSLEY, SUSAN GRIMMETT, MARGUIRETTE SCHMOLL, and KEVIN ULRICH, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARY SITUATED, <br><br>Plaintiffs, <br><br>v. <br><br>CENTENE CORPORATION, CENTENE COMPANY OF TEXAS, L.P., and, SUPERIOR HEALTHPLAN, INC. <br><br>Defendants. | § § § § § § § § § § § § § § § § § § | Civil Action No._____ <br><br>JURY DEMANDED |

## NOTICE OF CONSENT

I, the undersigned, a current or former employee of the above-named employer(s) hereby consent to participate as a party plaintiff in a collective action lawsuit under the Fair Labor Standards Act ("FLSA") seeking any and all overtime pay and all other damages and amounts that I may be owed under the FLSA. By joining this collective action, I agree to be a class representative. I choose to be represented by DUNHAM & JONES, P.C., and any other attorneys with whom they may associate in this lawsuit. I agree to be bound by the outcome of this proceeding. I have consented to act as a party plaintiff in this collective action.

_Susan K Grimmett_
Full Name (Print)

_Susan K Grimmett_
Signature

_February 17, 2012_
Date

EXHIBIT
3

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KATHY CLARK, AMY ENDSLEY, SUSAN GRIMMETT, MARGUERIETTE SCHMOLL, AND KEVIN ULRICH, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> v. <br><br> CENTENE CORPORATION, CENTENE COMPANY OF TEXAS, L.P., AND, SUPERIOR HEALTHPLAN, INC. <br><br> Defendants. | § § § § § § § § § § § § § § § § § § § | Civil Action No._____ <br><br> JURY DEMANDED |

## NOTICE OF CONSENT

I, the undersigned, a current or former employee of the above-named employer(s) hereby consent to participate as a party plaintiff in a collective action lawsuit under the Fair Labor Standards Act ("FLSA") seeking any and all overtime pay and all other damages and amounts that I may be owed under the FLSA. By joining this collective action, I agree to be a class representative. I choose to be represented by DUNHAM & JONES, P.C., and any other attorneys with whom they may associate in this lawsuit. I agree to be bound by the outcome of this proceeding. I have consented to act as a party plaintiff in this collective action.

Margueriette Schmoll
_____
Full Name (Print)

_[signature]_
_____
Signature

2/20/12
_____

EXHIBIT 4

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KATHY CLARK, AMY ENDSLEY, SUSAN GRIMMETT, MARGUERIETTE SCHMOLL, AND KEVIN ULRICH, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED, <br><br> Plaintiffs, <br><br> v. <br><br> CENTENE CORPORATION, CENTENE COMPANY OF TEXAS, L.P., AND, SUPERIOR HEALTHPLAN, INC. <br><br> Defendants. | § § § § § § § § § § § § § § § § § § | Civil Action No._____ <br><br> JURY DEMANDED |

## NOTICE OF CONSENT

I, the undersigned, a current or former employee of the above-named employer(s) hereby consent to participate as a party plaintiff in a collective action lawsuit under the Fair Labor Standards Act ("FLSA") seeking any and all overtime pay and all other damages and amounts that I may be owed under the FLSA. By joining this collective action, I agree to be a class representative. I choose to be represented by DUNHAM & JONES, P.C., and any other attorneys with whom they may associate in this lawsuit. I agree to be bound by the outcome of this proceeding. I have consented to act as a party plaintiff in this collective action.

_Kevin J. Ulrich_
Full Name (Print)

_/s/ Kevin J. Ulrich_
Signature

2/20/12
Date

EXHIBIT
5