IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| KATHY CLARK, AMY ENDSLEY, SUSAN GRIMMETT, MARGUERIETTE SCHMOLL, AND KEVIN ULRICH, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>vs.<br><br>CENTENE CORPORATION, CENTENE COMPANY OF TEXAS, L.P., AND SUPERIOR HEALTHPLAN, INC.,<br><br>Defendants. | Civil Action No. 1:12-CV-00174-SS |

## PLAINTIFFS' MOTION TO COMPEL DISCOVERY

TO THE HONORABLE UNITED STATES DISTRICT COURT:

NOW COMES, Plaintiffs Kathy Clark, Amy Endsley, Susan Grimmett, Margueriette Schmoll, and Kevin Ulrich (collectively, "Plaintiffs") on behalf of themselves and all others similarly situated and pursuant to Rule 37 of the Federal Rules of Civil Procedure moves this Court for an Order compelling discovery from Defendants Centene Corporation, Centene Company of Texas, L.P. ("Centene Texas") and Superior HealthPlan, Inc. ("Superior Healthplan") (collectively, "Defendants") in response to Plaintiffs' First Set of Interrogatories and First Requests for Production, specifically Interrogatory No. 6 and Request for Production No. 17, and in support of such Motion shows:

1

## I. BACKGROUND

On February 22, 2012, Plaintiffs commenced this collective action for unpaid overtime under the Fair Labor Standards Act. 29 U.S.C. §201, *et seq.* ("FLSA"). The named Plaintiffs brought this action on their own behalf and on behalf of all similarly situated individuals, alleging that they and other current or former employees at Defendants' locations throughout the United States, who performed the same or substantially similar job duties in the three years preceding the filing of this lawsuit, were misclassified as exempt under the FLSA by Defendants and are owed overtime wages.

There are three named Defendants: 1) Centene Corporation, 2) Centene Company of Texas, L.P., and 3) Superior HealthPlan, Inc. Centene Corporation is the parent company of the other two Defendants. In the Original Joint Answer (Dkt. #8), Centene Corporation admitted it was Plaintiffs' employer. Later, in the Amended Joint Answer (Dkt. #19), Centene Corporation denied employer status. However, documents produced to date make clear that Centene Corporation in fact employed Plaintiffs. By way of example, Exhibit 1 is a document signed by Plaintiff Endsley wherein she acknowledges receipt of the Centene Employee Handbook. This document bears the Centene Corporation trade inscription and states unequivocally that Ms. Endsley is an employee of Centene. This document is common among all named Plaintiffs and is but one of a multitude of documents bearing the Centene Corporation trade inscription which establishes the employment relationship between this Defendant, the named Plaintiffs, and the putative class.

On June 11, 2012 Plaintiffs served Defendants with its First Set of Interrogatories and

First Requests for Production. *See* Exhibit 2-3. Defendants served their responses and objections to Plaintiffs' discovery on or about August 1, 2012. *See* Exhibit 4-9. Defendants' objections and refusals to answer Plaintiffs' Interrogatory No. 6 and Request for Production No. 17 necessitate this motion.

Interrogatory No. 6 and Request for Production No. 17 are identical for all Defendants. The interrogatory targets information regarding putative class members – *i.e.*, potentially similarly situated individuals who were employed by Defendants during the statutory period, who performed the same or similar job duties as the named Plaintiffs, and who were classified as exempt and not paid overtime for any hour worked over forty in any work week. The Request for Production is directly related, in that it requests documents containing the information requested by Interrogatory No. 6.

Centene Texas objected to this discovery on the grounds that the requests are (1) overly broad, unduly burdensome, and not reasonably calculated to lead to the discovery of admissible evidence; and (2) premature because no class has been certified to date. Centene Corporation and Superior HealthPlan, Inc. mirror these objections and add a third, asserting that they have no employees whatsoever.

The parties have conferred concerning the issues below. *See* Exhibit 9 – Plaintiffs' and Defendants' Counsel e-mail and regular mail correspondence regarding discovery disputes. As a result, a number of issues were resolved without Court action. However, despite Plaintiffs' repeated and good faith efforts to address the Defendants' objections to Interrogatory No. 6 and Request for Production No. 17, Defendants are unwilling to compromise and have refused to

respond to these proper discovery requests. See Exhibit 10.

The information withheld by Defendants may be necessary for Plaintiffs to meet their burden for conditional certification. Plaintiffs are geographically isolated from putative class members at Defendants' locations throughout the country, and thus depend on these discovery requests for essential information, with no alternative means of collecting it. This issue is critical because Plaintiff must complete all discovery relating to its upcoming Motion For Certification by October 31, 2012. See (Dkt. #24) – Amended Joint Proposed Scheduling Order.

Plaintiffs attempted to resolve this issue by stipulation, whereby the parties would agree to a conditional certification test that would not allow Defendants to exploit their own refusal to produce the requested information. Plaintiffs would agree to defer the discovery requests if Defendants would agree not to argue at the "notice stage" of class certification that Plaintiffs have to show putative class members want to join the lawsuit. The Defendants refused. See Exhibit 9.

## II. ANALYSIS

### I. Similarly Situated Analysis Under the FLSA

The Fifth Circuit has acknowledged that determining whether a claim should be certified as a collective action under FLSA § 216(b) requires the court to determine that the plaintiffs are "similarly situated" and that this determination is generally made by using one of two analyses: (1) the two-step analysis described in *Lusardi v. Xerox Corp.*, 118 F.R.D. 351, 359

(D.N.J.1987), or (2) a "spurious class action" analysis as described in *Shushan v. University of Colorado,* 132 F.R.D. 263 (D.Colo.1990). *See Mooney v. Aramco Servs. Co.,* 54 F.3d 1207, 1213–15 (5th Cir.1995) (explicitly declining to endorse either method). Since *Mooney* district courts in the Fifth Circuit have uniformly applied the *Lusardi* approach. *Gandhi v. Dell, Inc.,* No. A-08-CA-248-JRN, 2009 WL 1940144 (W.D.Tex. July 2, 2009) (citing *Johnson v. Big Lots Stores, Inc.,* Civil Action Nos. 04-3201, 05-6627, 2007 WL 5200224, at *3 (E.D.La. Aug.21, 2001). Furthermore, Judge Nowlin in the Austin Division of the Western District has adopted the *Lusardi* test as the method for determining whether to certify a collective action. *See Predigo v. 3003 South Lamar, LLP,* 666 F.Supp.2d 693 (2009) (citing *Gandhi v. Dell, Inc.,* No. A-08-CA-248-JRN, 2009 WL 1940144 (W.D.Tex. July 2, 2009)(Report and Recommendation adopted on August 4, 2009)). Plaintiffs therefore assume the application of the *Lusardi* approach for the purposes of this motion.

Under the *Lusardi* test, the Court approaches the question of whether potential plaintiffs are "similarly situated" through a two-stage analysis. *Mooney, 54 F.3d at 1213.* The two stages of the *Lusardi* test are the "notice stage" and the "decertification stage". *Badgett v. Tex. Taco Cabana, L.P.,* No. Civ. A. H 05 3624, 2006 WL 367872, at *2 (S.D.Tex. Feb.14, 2006)

With no direction from the Fifth Circuit regarding the appropriate test to use at the notice stage of the *Lusardi* analysis, courts are split on the appropriate elements to consider in determining whether to grant conditional certification. Some courts use three elements, requiring the plaintiff to show that: (1) there is a reasonable basis for crediting the assertion that aggrieved individuals exist; (2) those aggrieved individuals are similarly situated to the

5

plaintiff in relevant respects given the claims and defenses asserted; and (3) those individuals want to opt in to the lawsuit. *Villarreal v. St. Lukes Episcopal Hospital*, 751 F.Supp.2d 902, 915 (S.D.Tex. 2010) (citing *Cantu v. Vitol, Inc.*, No. H–09–0576, 2009 WL 5195918, at *4 (S.D.Tex. Dec. 21, 2009) (unpublished); *Tolentino*, 716 F.Supp.2d at 652–54). Other courts, however, have rejected the third, non-statutory element. *Villarreal*, F.Supp.2d at 915 (citing *Dreyer v. Baker Hughes Oilfield Operations, Inc.*, No. H–08–1212, 2008 WL 5204149, at *3 (S.D.Tex. Dec. 11, 2008) (unpublished); *Heckler v. DK Funding, LLC*, 502 F.Supp.2d 777, 780 (N.D.Ill.2007).

A survey of Western District cases on the subject of conditional certification reveals no cases in the Austin Division that explicitly adopted the third element, although in *Pedigo v. 3003 South Lamar, LLP* the Court did consider whether potential plaintiffs were identified and whether affidavits of potential plaintiffs were submitted in its analysis of whether to conditionally certify a class and give notice. Furthermore, in *Scherrer v. S.J.G. Corp.* this Court noted that "the record establishes other servers desire to opt-in to the class" in its "Similarly Situated Analysis". *Scherrer v. S.J.G. Corp d/b/a The Salt Lick*, No. A-08-CA-190-SS, 2008 WL 7003809.

### B. Defendants' Objections

#### 1. Discovery Requests are Premature and Improper at This Stage of the Litigation

Defendants object to producing the requested information because the case has not yet been certified as a collective action. Numerous cases in other districts have granted motions to compel disclosure of putative class members' contact information on similar grounds. *See, e.g., Sedtal v. Genuine Parts Co.*, No. 08 Civ. 413, 2009 WL 2216593, at *7 (E.D.Tex. July 13, 2009) ("Allowing Plaintiffs to discover this information at this time may help them demonstrate that a sufficient number of similarly situated plaintiffs exist to conditionally certify the action....

6

Conversely, it may underscore inadequacies in the group of potential plaintiffs.... Either way, ordering discovery at this early stage will provide more certainty about the merits of the proposed class at the time certification is considered."); *Acevedo v. Ace Coffee Bar, Inc.*, 248 F.R.D. 550, 554 (N.D.Ill.2008) (citing several cases for the proposition that "provisional certification is not necessarily a prerequisite for conducting limited discovery" for defining the proposed class); *Stillman v. Staples, Inc.*, No. 07-849(KSH), 2007 U.S. Dist. LEXIS 58873, at *2-3 (D.N.J. July 30, 2007) (citing numerous cases and for the proposition that discovery aimed at gathering information about whether similarly situated plaintiffs exist is relevant and the proper topic for an interrogatory even before the collective action is certified); *Fei v. WestLB AG*, No. 07CV8785(HB)(FM), 2008 U.S. Dist. LEXIS 33310, at *5-6, 2008 WL 594768 (S.D.N.Y. April 28, 2008) (citing *Hoffman-La Roche Inc. v. Sperling*, 493 U.S. 165, 170, 110 S.Ct. 482, 107 L.Ed.2d 480 (1989) and other cases for the proposition that conditional certification is not a prerequisite to the turnover of information concerning the identity of potential class members); *Morden v. T-Mobile USA, Inc.*, No. 05 Civ. 2112, 2006 U.S. Dist LEXIS 42047, at *6-7, 2006 WL 1727987 (W.D. Wash. June 22, 2006) ("[P]rovisional certification is not necessarily a prerequisite for conducting limited discovery necessary for defining the proposed class."); *Hammond v. Lowe's Home Centers, Inc.*, 216 F.R.D. 666, 671 (D.Kan.2003) (Pre-certification disclosure is "necessary for the plaintiff to properly define the proposed class.").

In the present case, if the test for conditional certification would require Plaintiff to identify putative class members, then compelling Defendants' prompt discovery responses is the only means to avoid a "Catch-22" that would otherwise frustrate the remedial purposes of the FLSA and the lenient standard for conditional certification. The Defendants must not be permitted to straddle the fence, arguing that Plaintiffs need not identify putative class members when resisting

7

discovery but arguing that Plaintiff must identify putative class members when resisting certification.

As the *Sedtal* court noted, disclosure at this time cuts both ways. If the Court orders Defendants to provide Plaintiffs with the identities of employees over the proceeding three years and Plaintiff still cannot provide proof that any specific putative class members are interested in joining the suit then they will have undercut their own argument for conditional certification. Either way, ordering discovery at this early stage will provide more certainty about the merits of the proposed class at the time certification is considered. *Sedtal v. Genuine Parts Co.*, No. 08 Civ. 413, 2009 WL 2216593, at *7 (E.D.Tex. July 13, 2009)

### 2. The Discovery Requests are Overly Broad, Unduly Burdensome, and Not Reasonably Calculated to Lead to the Discovery of Admissible Evidence

Defendants object that Plaintiffs' Interrogatory No. 6 and Request for Production No. 17 are overly broad. To the contrary, these requests are narrowly tailored to identify only employees with specific job titles and duties, of a certain exemption status, who were never paid overtime during a particular period of time. In other words the requests are specifically targeted at individuals potentially similarly situated to the named Plaintiffs.

The existence and identities of putative class members goes to the heart of the "similarly situated" analysis central to Plaintiffs' collective action claim. Therefore Plaintiffs' requests for such information are highly relevant and clearly allowable under FRCP 26(b)(1).

The court shall limit a discovery request if it determines that the burden or expense of the proposed discovery outweighs its likely benefit, taking into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the issues. Fed.R.Civ.P.

26(b)(2)(iii). Defendants' objection that Plaintiffs' requests are overly burdensome fails on all counts. The needs of the case, especially considering the upcoming discovery deadline relating to conditional certification, demand Defendants prompt response to the proposed discovery. Plaintiffs' proposed discovery can immediately and efficiently resolve this central issue to Plaintiffs' upcoming Motion for Certification. Plaintiffs seek to certify a national class of similarly situated current and former employees of a Fortune 500 company and its subsidiaries. The amount in controversy and the resources of Defendants weigh in favor of compliance with Plaintiffs' discovery requests.

### 3. Assertion That Centene Corporation Has No Employees

This objection assumes a conclusion regarding employment status, which is a disputed question of law and fact.

### III. CONCLUSION

Defendants have failed to meet their discovery obligations. Plaintiffs are in immediate need of the withheld information and are entitled to relief under F.R.C.P. 37(a). Plaintiffs have undertaken reasonable and good faith efforts to resolve this discovery dispute without Court action, to no avail.

For the reasons set forth herein, Plaintiff would respectfully request this matter be set for an oral hearing and that thereafter this Court enter an Order overruling and requiring each of the Defendants to remove its objections and respond fully to Plaintiffs' First Set of Interrogatories, Interrogatory No. 6 and Plaintiffs' First Requests for Production No. 17 within five (5) days of this Court's Order.

Respectfully submitted,

BY: /s/ David G. Langenfeld
David Langenfeld
SBN: 11911325
DUNHAM & JONES, P.C.
1800 Guadalupe Street
Austin, Texas 78701
Tel: (512) 777-7777
Fax: (512) 499-0975
Email: david@dunhamlaw.com

ATTORNEY FOR PLAINTIFFS

## CERTIFICATE OF CONFERENCE

On September 25, 2012, counsel for Plaintiffs, David G. Langenfeld, conferred with counsel for Defendants, Jeremy M. Brenner, about the filing of this Motion and Defendants' counsel has not consented to this Motion.

/s/ David G. Langenfeld

## CERTIFICATE OF SERVICE

I hereby certify that on October 11, 2012, I electronically filed the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the following:

Mr. Michael J. Golden
BOULETTE & GOLDEN LLP
2801 Via Fortuna, Suite 530
Austin, Texas 78746

Mr. Jeremy M. Brenner
ARMSTRONG TEASDALE, LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, MO 63105

Robert A. Kaiser
ARMSTRONG TEASDALE, LLP
7700 Forsyth Blvd., Suite 1800

St. Louis, MO 63105

Jovita M. Foster
ARMSTRONG TEASDALE, LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, MO 63105

ATTORNEY FOR DEFENDANTS

and I hereby certify that I have also electronically delivered the foregoing as follows:

Via email:
mike@boulettegolden.com
Mr. Michael J. Golden
BOULETTE & GOLDEN LLP
2801 Via Fortuna, Suite 530
Austin, Texas 78746
ATTORNEY FOR DEFENDANTS

JBrenner@armstrongteasdale.com
Mr. Jeremy M. Brenner
ARMSTRONG TEASDALE, LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, MO 63105

/s/ David G. Langenfeld

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| KATHY CLARK, AMY ENDSLEY, SUSAN GRIMMETT, MARGUERIETTE SCHMOLL, AND KEVIN ULRICH, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br><br>vs.<br><br>CENTENE CORPORATION, CENTENE COMPANY OF TEXAS, L.P., AND SUPERIOR HEALTHPLAN, INC.,<br><br>Defendants. | Civil Action No. 1:12-CV-00174-SS |

## ORDER ON PLAINTIFFS' MOTION TO COMPEL DISCOVERY

Before the Court is Plaintiffs' Motion to Compel Discovery. Upon consideration of Plaintiffs' Motion to Compel Discovery; the response thereto, if any; the materials submitted by both parties, a hearing on the record, if any; and the relevant law, it is this day of _____, 2012 hereby

**ORDERED** that Plaintiffs' Motion to Compel Discovery [Dkt. #    ] is **GRANTED**; and it is

**FURTHER ORDERED** that each Defendant shall provide an answer to Plaintiffs' First Set of Interrogatories No. 6 by _____ _____, 2012; and it is

**FURTHER ORDERED** that each Defendant shall produce documents responsive to Plaintiffs' Requests for Production No. 17 or certify that it has searched for responsive documents by _____ _____, 2012.

_____
U.S. DISTRICT JUDGE SAM SPARKS