# EXHIBIT 10

# DUNHAM & JONES

A PROFESSIONAL CORPORATION
1800 GUADALUPE
AUSTIN, TEXAS 78701
TELEPHONE: (512) 777-7777
FAX: (512) 340-4051

DAVID G. LANGENFELD
ATTORNEY AT LAW

September 19, 2012

**Via e-mail:**
**jbrenner@armstrongteasdale.com**
Mr. Jeremy M. Brenner
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, MO  63105

**mike@boulettegolden.com**
Mr. Michael J. Golden
BOULETTE & GOLDEN LLP
2801 Via Fortuna, Suite 350
Austin, TX 78746

  I have reviewed Defendants' discovery responses in this matter and it would appear that many of the objections asserted and answers/responses submitted are without basis in law or fact. Therefore, kindly consider this an attempt to resolve these issues in an amicable fashion. If we are unable to resolve any differences we might have, then Plaintiffs will motion the Court to strike objections and compel answers/responses. Of particular concern are the following:

### Centene Corporation (Centene)

  Initially, it would appear that at some point during your formatting of Centene's Answers to Interrogatories, an error occurred which has resulted in your misnumbering of the answers, beginning at about Interrogatory No. 11. All references herein are to interrogatories as originally numbered when propounded.

  In its answer originally filed in this matter, Centene admitted its status as Plaintiffs' employer. It then amended its answer to deny the employer/employee status. Since that time, a multitude of documents have been produced which not only clearly demonstrate Centene's status as Plaintiffs' employer, but in fact contain Centene's admissions to this fact within the four corners of the documents. Notwithstanding overwhelming evidence to the contrary, Centene continues to deny employer status and

Messrs. Brenner and Golden
September 19, 2012
Page 2

has relied upon this unfounded assertion as a basis to either object to, or simply fail to
answer or respond to nearly every interrogatory and request for production.   Plaintiffs
request that Centene abandon this frivolous assertion, withdraw these objections, and
fully answer all interrogatories and respond to document requests.

      With regard to specific interrogatories, Interrogatory No. 5 makes inquiry as to
the identification of subsidiaries where employees have performed the same (or
substantially similar) duties as Plaintiffs, and who have been classified as exempt and not
paid overtime for any hour worked over forty in any week since February 22, 2009.  The
only objection asserted was your standard and unfounded objection that Centene does not
employ any such individual.  In addition to the reasons stated above, this objection does
not excuse a complete and full answer because the Interrogatory is not limited to, and
does not refer to employees of Centene.  It asks for the identity of any subsidiary where
any such employees are located.  Regardless of whether you contend these employees are
employed by Centene, or its subsidiaries, this information is certainly within Centene's
possession or is reasonably available to Centene.  Accordingly, the objection asserted
does not absolve Centene of its obligation to provide the information sought.

      With regard to Interrogatory No. 6 (and corresponding Request for Production
No. 17), inquiry is made as to identity of those employees who have performed the same
(or substantially similar) duties as Plaintiffs, and who have been classified as exempt and
not paid overtime for any hour worked over forty in any week since February 22, 2009.
First, Centene objected in that the Interrogatory is overly broad, unduly burdensome, and
not relevant.  The information requested is clearly relevant in that it goes to the very heart
of the certification issue.  Additionally, in light of Centene's usual unfounded assertion
that it employs no such person, it is difficult to understand how providing a response
could be burdensome at all.

      In any event, with regard to certification, it is incumbent upon Plaintiffs to
demonstrate the existence of similarly situated employees.  That is the purpose of
Interrogatory No. 5.  Additionally, it would appear that Plaintiffs may further be required
to demonstrate the existence of similarly situated employees who wish to opt into this
suit.  Unless you provide the identity of these people, how can that possibly be
accomplished?  In other words, Centene wishes to withhold the evidence from Plaintiffs,
and then ask the court to deny certification because Plaintiffs have not been able to
produce the evidence which Centene has withheld.  Therefore, I suggest we agree that
Centene will either provide the requested information, or agree that I will not be required
to present evidence of those wishing to opt-in at the notice stage. *See, McKnight v. D.
Houston, Inc.*, 756 F.Supp.2d 794, 807 (S.D.Tex.2010)

Messrs. Brenner and Golden
September 19, 2012
Page 3

Finally, with regard to Centene's responses to Requests for Production, the response to multiple requests was "none". This apparently based again on Centene's unfounded assertion that it did not employ Plaintiffs. Request is again made that Centene abandon this position and fully respond to each request.

### Superior HealthPlan, Inc. (Superior)

Like Centene, Superior has taken the position that it did not employ Plaintiffs. Also, like Centene, Superior has relied upon this unfounded assertion as a basis to either object to, or simply fail to answer or respond to nearly every interrogatory and request for production. Of particular concern is Defendants' Initial Disclosures wherein several witnesses were identified as employees of Superior **and** as Plaintiffs' supervisors and/or department heads. Still, remarkably, Superior denies employer status. Plaintiffs request that Superior abandon this frivolous assertion, withdraw these objections, and fully answer all interrogatories and respond to document requests.

Again, of particular concern is Interrogatory No. 5 and No. 6. (and corresponding Request for Production No. 17). In this regard, Plaintiffs would restate the concerns and proposals described above.

### Centene Company of Texas, LP. (Centene TX)

With regard to discovery responses of this Defendant, a few points require mention. Specifically, with regard to Interrogatory No. 6 (and corresponding Request for Production No. 17), Centene TX attempts to deny Plaintiffs information critical to the issue of certification. The resolution proposed above is proposed here as well.

With regard to Interrogatory No. 11, Shelly Cattoor was listed as the person who most recently reviewed the status of the employees in the relevant jobs. With regard to Interrogatory No. 12, Paula Prater was listed as the person charged with the responsibility of ensuring compliance with the record keeping requirements of 29 C.F.R. § 516.3. However, each Interrogatory requested the person be identified. As required by the Local Rules for the Western District of Texas, "identify" means to give, among other information, the person's present or last known place of employment. The definition included in the Interrogatories mirrors the Local Rules. Each of these individuals have identified themselves as employees of Centene Corporation on various networking websites. Please comply with the Local Rules and the definitions and state which entity employs, or did employ, these individuals.

Messrs. Brenner and Golden
September 19, 2012
Page 4

_____

     With regard to Plaintiffs' Requests for Production, Centene TX's responses to Request No. 1, and Request No. 6 state that documents will be produced.  However, it is not clear whether that production was in fact made or whether it will be forthcoming.  If responsive documents were produced, then kindly identify same by bates numbers.  The same concern exists with regard to Centene TX's response to Request No. 24.

     I look forward to your response.

     Best wishes.

         Sincerely,

         David G. Langenfeld

Jeremy M. Brenner

Direct T 314.342.4184  F 314.613.8586

jbrenner@armstrongteasdale.com

MISSOURI  KANSAS  ILLINOIS  NEVADA  SHANGHAI

September 25, 2012

**VIA U.S. MAIL and**
**EMAIL TO: DAVID@DUNHAMLAW.COM**

David G. Langenfeld
Dunham & Jones, PC
1800 Guadalupe Street
Austin, Texas 78701

Re:       **Clark et al. v. Centene Corp. et al.**
          **Civil Action No. 1:12-CV-00174-SS**

Dear David:

I received your letter dated September 19, 2012, addressing Defendants' discovery responses. As an initial point, I remind you that my letter to you dated September 10, 2012, which addressed Plaintiffs' discovery responses and requested a reply within seven (7) days, has gone unanswered. Your prompt attention to that letter is appreciated. Like Plaintiffs, Defendants wish to avoid involvement of the court on these discovery matters if at all possible.

### Centene Corporation ("Centene")

After undertaking significant discovery in this matter, it was determined that Centene was not in fact Plaintiffs' employer. Accordingly, and with your consent, Defendants amended their answer to correct the record based on this new information. Notwithstanding your determination that documents "clearly demonstrate" that Centene is Plaintiffs' employer, Centene stands on its objection that it did not employ Plaintiffs (and does not employ any other employees). On the contrary, Defendants believe that the documents clearly establish that Centene Company of Texas, LP, employed Plaintiffs, with the exception of Plaintiff Schmoll, who worked for Banker's Reserve Life Insurance Company of Wisconsin[1]. For this reason, Centene will not withdraw its objections on this point.

However, with respect to Plaintiffs specifically, Centene states that no documents or other information have been withheld on the basis of these objections. All responsive documents and information available to Centene with respect to Plaintiffs have been provided by Centene Company of Texas, LP (including documents and information Defendants were reasonably able to obtain with respect to Plaintiff Schmoll).

_____

[1] Defendants believe the documents produced clearly demonstrate Plaintiff Schmoll's proper employer as well.

September 25, 2012
Page 2

The only information withheld on the basis of these objections is that which pertains to utilization management nurses employed by Centene's other subsidiaries.

With respect to Centene's subsidiaries, upon further consideration, Centene does have knowledge of its subsidiary locations where employees are located who perform the jobs identified in Interrogatory No. 1. Centene will supplement its answer to Interrogatory No. 5 accordingly. However, Centene maintains its objections to Interrogatory No. 6. Centene has no employees, but even if it did, the information sought by Interrogatory No. 6 (and Request for Production No. 17) is improper at this stage.

I have reviewed the case cited in your letter, *McKnight v. D. Houston, Inc.*, 756 F.Supp.2d 794 (S.D. Tex. 2010). I agree that it stands for the proposition that Plaintiffs must demonstrate that there are other potential plaintiffs who desire to opt-in and who are similarly situated for conditional certification; however, I disagree that the case supports the propriety of Interrogatory No. 6 and Request for Production 17. On the contrary, the case states that "[i]t is conceivable that in certain circumstances . . . it might be appropriate to permit some discovery as to the identity of other similarly situated employees, but an FLSA plaintiff is not entitled to conditional certification simply to seek out others who might wish to join the action." *Id.* at 805. Moreover, the court specifically found the presence of the six (6) named plaintiffs sufficient evidence that others would want to join the action. *Id.* [2] Finally, the court in *McKnight* ultimately ordered the defendant to identify and produce contact information for potential members of the class, but not until *after* conditional certification was granted. *Id.* at 798.

Based on this analysis of the law regarding discovery at this stage, Centene, Centene Company of Texas, LP, and Superior HealthPlan, Inc., all stand on their objections to Interrogatory No. 6 and Request for Production 17. Accordingly, I cannot agree to your suggested resolution of this issue. Defendants will not supplement their responses to Interrogatory No. 6 or Request for Production 17. However, Centene Company of Texas, LP, states that, including Plaintiffs Clark, Endsley, Grimmett, and Ulrich, approximately 137 people have worked for Centene Company of Texas, LP, in the jobs identified and during the relevant time period.

### Superior HealthPlan, Inc. ("Superior")

Upon further review, Superior acknowledges that Defendants' Initial Disclosures were not supplemented after Defendants amended their Answer to reflect the new information discovered after Initial Disclosures were served on Plaintiffs. Defendants will supplement their Initial Disclosures to identify the specific employing entity for each witness listed.

With respect to Interrogatory No. 5, Superior locations were identified in Centene Company of Texas, LP's answer to this interrogatory because it employs the individuals who work at those locations. Superior has no subsidiaries. Superior's position on Interrogatory No. 6 and Request for Production 17 is outlined above. Like Centene Corporation and Centene Company of Texas, LP, Superior stands on its objections to those requests.

---

[2] Citing *Prater v. Commerce Equities Mgmt. Co.*, 2007 WL 4146714 (S.D. Tex. 2007), where only three (3) named plaintiffs was found to be sufficient on this issue.

September 25, 2012
Page 3

### Centene Company of Texas, LP ("Centene Texas")

In its initial response to Interrogatory No. 5, Centene Texas identified two locations where it employs utilization management nurses who service Superior HealthPlan. Upon further review, other locations exist where Centene Texas utilization management nurses work. Centene Texas will supplement its response to Interrogatory No. 5 accordingly.

As stated above, Centene Texas also stands on its objections to Interrogatory No. 6 and Request for Production No. 17. Centene Texas will, however, supplement its responses to Interrogatory Nos. 11 and 12 to identify the employing entity for each of the individuals listed. With respect to Request for Production Nos. 1, 6, and 24, Centene Texas has produced all responsive, non-privileged documents of which it is presently aware[3]. Centene Texas will supplement its responses to those requests to identify those responsive documents already produced by bates number.

I trust this letter and Defendants' forthcoming supplemental discovery responses will satisfy your concerns with respect to the matters identified in your letter. Should you have any further concerns after Defendants supplement their responses, please contact me directly. Again, your prompt response to my letter of September 10, 2012, pertaining to Plaintiffs' discovery responses is appreciated.

Sincerely,

Jeremy M. Brenner

JB/bp

cc:   Michael Golden, Esq. (via e-mail)
      Robert Kaiser, Esq. (via e-mail)
      Jovita Foster, Esq. (via e-mail)

---

[3] Centene Texas does not waive its right to supplement its response at a later date should additional responsive, non-privileged documents be identified.

ARMSTRONG TEASDALE LLP

Armstrong Teasdale LLP
Jeremy M. Brenner
DIRECT: 314.342.4184 | CELL: 314.503.6425
FAX: 314.613.8586 | TF: 800.243.5070

**From:** David Langenfeld [mailto:david@dunhamlaw.com]
**Sent:** Monday, September 24, 2012 6:58 PM
**To:** Jeremy M. Brenner
**Subject:** Clark v. Centene

Jeremy:
You seem to have no issue with our right to discover the *existence* of utilization management nurses or employees with similar jobs at Centene Corp. subsidiaries. Rather, you take the position that we are not entitled to learn their identities. So long as you will not seek to require us to prove the existence of those people who wish to opt-in at this stage—as opposed merely to the existence of those performing similar job duties who were subject to a common policy—then I have no problem with limiting my inquiry to their existence, and not their identity.
With regard to separation agreements—and all other documents for that matter—your assertion that neither Centene Corp. nor Superior employ(ed) plaintiffs or others similarly situated does not end the matter.  Whether these defendants employed plaintiffs and others similarly situated is a legal issue which will be determined by the evidence, including the referenced documents.  Many of these documents specifically identify Centene Corp. and/or Superior as the employer(s).  Therefore, I am entitled to discover to whom these documents have been distributed.
With regard to stipulating that defendants may not have knowledge of certain areas, I will not so stipulate as I believe, based upon evidence gathered so far, that each area of inquiry is within the knowledge of Centene Corp. and Superior.  For example, it would seem to defy logic that Centene Corp. has no representative able to speak on employment practices at its subsidiaries when its own documents show otherwise.  Additionally, Rule 30(b)(6) speaks for itself and no stipulation as to its application is required.
Next, with regard to your revised areas of inquiry, my response is as follows:
CENTENE:
6 & 7   Our agreement to the changes made is not to be interpreted as an agreement that Centene Corp. does not employ these people.
8.      You omitted the requirement that the deponent speak as to the distribution of these documents to employees at its subsidiaries. This goes to show   Centene Corp.'s role as an employer/joint employer of these employees.  This is critical.

9.      You omitted language regarding whether these employees worked 40+ hours. I believe this is a relevant point of inquiry.
My concerns are the same with regard to the corresponding areas of inquiry for the other defendants.

While it is my hope we can agree to the form of the areas of inquiry, if Defendants categorically deny any knowledge of Centene Corp. involvement in the employment practices at its subsidiaries in light of overwhelming evidence to the contrary, then I will have no choice but to involve the court.

Finally, I will be out of the office the remainder of this wek on vacation which I've had scheduled for some time.  In my absence, Thomas Bleich of my office will assist in scheduling of depositions. Please feel free to contact him at thomas@dunhamlaw.com regarding depo dates and any other area of immediate concern.  Otherwise, I will be available Monday, October 1, 2012.  Thank you.

# DAVID G. LANGENFELD
ATTORNEY AT LAW

DUNHAM & JONES
ATTORNEYS AT LAW, P.C.
1800 GUADALUPE ST.
AUSTIN, TEXAS 78701
TEL: (512) 777-7777
FAX: (512) 340-4051
EMAIL: DAVID@DUNHAMLAW.COM

10/10/2012

**Thomas Bleich**

| | |
|---|---|
| **From:** | Jeremy M. Brenner [JBrenner@ArmstrongTeasdale.com] |
| **Sent:** | Tuesday, September 25, 2012 2:15 PM |
| **To:** | David Langenfeld |
| **Cc:** | Michael Golden (mike@boulettegolden.com); Thomas Bleich |
| **Subject:** | RE: Clark v. Centene [IWOV-idocs.FID2042739] |

David,

With respect to the issue of identities of prospective plaintiffs, my position is this: I do not believe you are entitled to discover the identities of prospective plaintiffs, either nationally or in Texas, at this time. However, based on my reading of the case law you specifically cited, I also do not believe the law requires you to have and prove that information with particularity at this stage. What is required of Plaintiffs at this stage is not up to me—it is up to the court and its interpretation of the law—so I cannot tell you for certain what will be required of Plaintiffs. That said, the law seems clear that having several named plaintiffs will be sufficient to meet Plaintiffs' burden of proof that there are others out there who would wish to join the action. Judge Sparks will ultimately determine if it is or it isn't, not me or Defendants. Regardless of how Judge Sparks might rule, the law does not permit you to discover the identities of other potential plaintiffs until after conditional certification. My point, simplified, is that the law seems not to permit this discovery precisely because it is not necessary to meet Plaintiffs' burden at this stage.

On the issue of documents, I agree that you can inquire generally as to the types of employees to whom a type of document is given. However, no one person could possibly be prepared to discuss all employees who received any given document. So, for example, to inquire about whether a specific employee handbook was given to Sally Jones would be overly broad and unduly burdensome. But to inquire generally about whether the employee handbook is provided to utilization management nurses would be proper. That aside, I do consent to you inquiring of Centene Company of Texas, LP, regarding specific documents pertaining to Plaintiffs. So, for example, you can ask the Centene Texas designee about a payroll change notice provided to Plaintiff Clark. This analysis applies to your point, below, regarding No. 8.

With respect to No. 9 (which is also No. 10 for Centene Texas and Superior), I have consented to your ability to ask Centene Texas' designee about this. You can ask Centene Texas generally whether these types of employees work more than 40 hours per week, and specifically whether Plaintiffs worked more than 40 hours per week. I have removed this item from Centene and Superior because they have no employees. Moreover, asking Centene to testify about whether nurses at any and every subsidiary in the country work more than 40 hours per week is overly broad and unduly burdensome.

Finally, I agree that Rule 30(b)(6) speaks for itself. To that end, the rule requires only that each deponent designate a representative who can speak to information "known or reasonably available" to the organization. By agreeing upon these matters of examination, Defendants are merely agreeing that they are within the proper scope of permissible discovery at this stage, not that the information sought is known or reasonably available to any given deponent. Defendants each will produce a designee to testify to whatever information is known or reasonably available to that entity on each topic, nothing more and nothing less.

Jeremy

**Sent:** Thursday, September 20, 2012 1:51 PM
**To:** Jeremy M. Brenner
**Subject:** RE: Clark v. Centene [IWOV-idocs.FID2042739]

Jeremy:

I will agree to wait until Monday, the 24th, to notice the depositions.  However, I do have a concern.  I intend to include a duces tecum which mirrors our Third Request for Production with the addition of requesting 1). accounting documents regarding financial, budgetary, actuarial, or cost-benefit analysis of labor costs associated with compensating employees performing the above jobs on a salary as opposed to an hourly basis, regardless of whether such jobs were located at Centene Corporation or any of its subsidiaries." and 2). documents reviewed by the deponent in preparation of the depo.  If you will agree not to object to the reasonableness of the notice from a timing perspective (while still maintaining your right to object on other grounds), then I will agree to extend the courtesy of waiting until the end of business Monday, 9/24/12, to notice the depos.


DAVID G. LANGENFELD
ATTORNEY AT LAW

DUNHAM & JONES
ATTORNEYS AT LAW, P.C.
1800 GUADALUPE ST.
AUSTIN, TEXAS 78701
TEL: (512) 777-7777
FAX: (512) 340-4051
EMAIL: DAVID@DUNHAMLAW.COM

---

**From:** Jeremy M. Brenner [mailto:JBrenner@ArmstrongTeasdale.com]
**Sent:** Wednesday, September 19, 2012 6:16 PM
**To:** David Langenfeld
**Cc:** Michael Golden
**Subject:** RE: Clark v. Centene [IWOV-idocs.FID2042739]

David,

We are in receipt of your correspondence sent today.

With respect to the letter pertaining to Defendants' discovery responses, we will review your comments and respond as quickly as possible. On this same subject, please note that my letter to you dated September 10, 2012, addressing Plaintiffs' discovery responses, requested an answer within seven days. We have not received your answer; please promptly reply to that letter.

On the subject of 30(b)(6) depositions, we are reviewing your response to my letter from yesterday, September 18th, and will respond to your points as soon as possible. However, I cannot respond by the close of business tomorrow. Please note that my letter to you indicated that we agree to produce designated representatives for each entity for this purpose, and that we wish to work with you in good faith to agree on matters of examination. In addition to time needed to work through our differences of opinion on the proposed matters, I just received your list yesterday and provided it to our client promptly thereafter. Our client needs at least through the end of this week to consider your proposed matters of examination, determine who best to designate for each entity based on those matters, and check those individuals' availability to be deposed during the specific week you requested, the week of October 22nd. I have specifically asked the client to consider your

requested timeframe in their decision-making. We have every intention of cooperating with you on scheduling these 30(b)(6) depositions, and as indicated in my letter, are also confident that we can reach an amicable agreement on matters of examination.

I think you'll agree that it is in both parties' interest to avoid the filing of motions with respect to this issue. Please allow us time to digest your reply to my letter, consult with our client on designees and scheduling (looking at the week of October 22nd), and if necessary, continue our dialogue with you toward reaching an agreement on a list of matters of examination, before unilaterally noticing depositions. We would like to have an agreed-upon list of matters and a schedule in place by the end of the day on Monday, September 24th.

On another note, please provide an update as to your clients' availability to be deposed during the week of October 15th. Our team needs to plan logistics with our client as quickly as possible. As you know, the week of October 8th does not work for our folks and you have requested the week of October 22nd for your depositions, which doesn't leave a lot of alternative options. I would sincerely appreciate an answer on this as soon as you can provide it so we can plan appropriately.

Thank you,

Jeremy Brenner

Armstrong Teasdale LLP
Jeremy M. Brenner
DIRECT: 314.342.4184 | CELL: 314.503.6425
FAX: 314.613.8586 | TF: 800.243.5070

**\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*PRIVATE AND CONFIDENTIAL\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\***
**This transmission and any attached files are privileged, confidential or otherwise the exclusive property of the intended recipient or Armstrong Teasdale LLP. If you are not the intended recipient, any disclosure, copying, distribution or use of any of the information contained in or attached to this transmission is strictly prohibited. If you have received this transmission in error, please contact us immediately by e-mail (admin@armstrongteasdale.com) or telephone (314-621-5070) and promptly destroy the original transmission and its attachments. Opinions, conclusions and other information in this message that do not relate to the official business of Armstrong Teasdale LLP shall be understood as neither given nor endorsed by it.**

**From:** David Langenfeld [mailto:david@dunhamlaw.com]
**Sent:** Wednesday, September 19, 2012 2:23 PM
**To:** Jeremy M. Brenner; Michael Golden
**Subject:** Clark v. Centene

Gentlemen:
Attached are correspondence regarding the referenced matter.

DAVID G. LANGENFELD
ATTORNEY AT LAW

DUNHAM & JONES
ATTORNEYS AT LAW, P.C.
1800 GUADALUPE ST.

10/10/2012

AUSTIN, TEXAS 78701
TEL: (512) 777-7777
FAX: (512) 340-4051
EMAIL: DAVID@DUNHAMLAW.COM