# Exhibit 1

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

KATHY CLARK, AMY ENDSLEY, SUSAN GRIMMETT, MARGUERIETTE SCHMOLL, AND KEVIN ULRICH, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,

Plaintiffs,

vs.

CENTENE CORPORATION, CENTENE COMPANY OF TEXAS, L.P., AND SUPERIOR HEALTHPLAN, INC.,

Defendants.

Civil Action No. 1:12-CV-00174-SS

PLAINTIFFS' NOTICE OF INTENTION TO TAKE VIDEOTAPED ORAL DEPOSITIONS OF DEFENDANT CENTENE CORPORATION'S CORPORATE REPRESENTATIVE(S)

TO: Defendant, Centene Corporation, by and through its attorneys of record, Michael Golden; Boulette & Golden, LLP, 2801 Via Fortuna, Suite 350, Austin, Texas 78746 and Robert Kaiser; Armstrong Teasdale, LLP, 7700 Forsyth Blvd, Suite 1800, St. Louis, Missouri 63105.

**PLEASE TAKE NOTICE** that pursuant to Rule 30(b)(6) of the Federal Rules of Civil Procedure, Plaintiffs in the above-styled cause will take the videotaped deposition of one or more corporate representative of **Centene Corporation** on the **25th** day of **October, 2012** commencing at **9 a.m.**, to be held at the law offices of **Armstrong Teasdale, LLP, 7700 Forsyth Blvd, Suite 1800, St. Louis, Missouri 63105.**

Each deposition is to begin at the time designated and will continue from day to day until completed. Each deposition is being taken pursuant to, and for all purposes allowed by the Federal Rules of Civil Procedure and the Federal Rules of Evidence,

including use at trial, before an officer duly authorized to take depositions and administer oaths.

The deponent is requested to bring with him or her to the deposition the items listed in **Exhibit A** to this Notice.

Words and phrases used in this document are to be given their usual meaning unless specifically stated otherwise. In that regard, the definitions and instructions attached as **Exhibit B** to this Notice are incorporated by reference.

The following describes the subject matter upon which examination is requested with reasonable particularity. Pursuant to the Federal Rules of Civil Procedure, Plaintiffs request that Defendant Centene Corporation designate one or more person most knowledgeable with respect to the subjects listed below:

1. In general terms and without regard to any specific person(s) other than Plaintiffs, the job duties, requirements and descriptions of nurses (as defined in Plaintiffs' Third Request for Production) employed at Centene Corporation and any and all of its subsidiaries, and the process whereby Centene Corporation determines, documents, publishes, reviews, maintains, updates, and disseminates to its subsidiaries said job duties, requirements, and descriptions;

2. Centene Corporation's employment, human resources, payroll and personnel policies and procedures, including but not limited to an employee handbook, and the process whereby Centene Corporation determines, creates, documents, publishes, reviews, maintains, updates and disseminates to its subsidiaries said employment, human resources, payroll and personnel policies and procedures;

3. In general terms and without regard to any specific person(s) other than Plaintiffs, the rate and method of pay for nurses (as defined in Plaintiffs' Third Request for Production) employed at Centene Corporation and any and all of its subsidiaries, and the process whereby Centene Corporation determines, creates, documents, publishes, reviews, maintains, updates, and disseminates to its subsidiaries said rate and method of pay;

4. In general terms and without regard to any specific person(s) other than Plaintiffs, the FLSA exemption status of nurses (as defined in Plaintiffs' Third Request for Production) employed at Centene Corporation and any and all of its subsidiaries, and the process whereby Centene Corporation determines, creates, publishes, reviews, maintains, updates, and disseminates to its subsidiaries said FLSA exemption status;

5. Centene Corporation's involvement in and control over the employment practices and business operations of any and all of its subsidiary locations, including but not limited to Centene Company of Texas, L.P. and Superior Health Plan, Inc.;

6. The collection, retention and maintenance of payroll and personnel records including, but not limited to, those records required by 29 C.F.R. § 516.3 relating to nurses (as defined in Plaintiffs' Third Request for Production) employed at Centene Corporation and any and all of its subsidiary locations;

7. The business function performed by Bankers Reserve Life Insurance Company of Wisconsin and the basis, if any, for alleging Bankers Reserve Life Insurance Company of Wisconsin employs nurses (as defined in Plaintiffs' Third Request for Production) working at Centene Corporation and any and all of its subsidiary locations;

8. In general terms and without regard to documents pertaining to any specific person(s) other than Plaintiffs, the following categories of documents bearing the Centene Corporation corporate logo and/or trade inscription that were distributed to nurses (as defined in Plaintiffs' Third Request for Production) employed at Centene Corporation and any and all of its subsidiaries:

   a. Application for Employment;

   b. Employee Handbooks or Manuals;

   c. Payroll Change Notices;

   d. Personal Information Form;

   e. Call Monitoring Acknowledgement;

   f. Employee Handbook Acknowledgement;

   g. Centene Management Corporation Harassment Acknowledgement;

   h. Systems Policies for End Users;

   i. Performance Review-Performance Improvement Plan; and

   j. Separation Agreement and General Release, or similar document.

9. In general terms and without regard to any specific person(s) other than Plaintiffs, the existence of individuals employed by Centene Corporation or any of its subsidiaries since February 22, 2009, in the following jobs, who have been classified as exempt from the overtime requirements of the FLSA:

   a). Case Manager/Pre-Certification;

   b). Case Manager/Prior Authorization;

c). Case Manager I;

d). Medical Management Nurse; and

e). Any other job performing substantially similar duties including, but not limited to, applying an individual patient's medical data to nationally recognized criteria on a case-by-case basis to determine the propriety of medical services and approve or deny the request accordingly.

Additionally, whether any such employee has worked hours in excess of 40 in any work week and did not receive overtime compensation.

10. Financial, budgetary, actuarial, or cost-benefit analysis of labor costs associated with compensating employees performing the above jobs on a salary as opposed to an hourly basis, regardless of whether such jobs were located at Centene Corporation or any of its subsidiaries;

11. Centene Management Company, LLC's role in determining and controlling the employment practices and business operations of any subsidiary of Centene Corporation;

12. The corporate structure of Centene Corporation, including but not limited to its relationship to Centene Management Company, LLC and any other subsidiary.

Plaintiff's counsel requests Defendant's cooperation in providing notification, in writing, no less than five (5) business days before the scheduled deposition(s), of the names of the individuals to testify on its behalf and on what subject.

Defendant is required to produce a representative ready and competent to testify about the matters outlined herein. Each individual designated must testify about information known or reasonably available to the Defendant. *See*, Fed. R. Civ. P. 30(b)(6).

**EXHIBIT "A"**

1. Copies of any and all documents bearing the Centene Corporation logo or trade inscription which were provided, issued, given, or otherwise disseminated to employees of Centene Corporation, such documents including, but not limited to:

   a). Application for Employment;
   b). Employee handbooks or manuals;
   c). Payroll Change Notice;
   d). Personal Information Form;
   e). Call Monitoring acknowledgment;
   f). Employee Handbook Acknowledgment;
   g). Centene Management Corporation Harassment Acknowledgement
   h). Systems Policies for End Users;
   i). Performance Review-Performance Improvement Plan; and
   j.) Separation Agreement and General Release, or similar document.

2. Copies of any and all documents bearing the Centene Corporation logo or trade inscription which were provided, issued, given, or otherwise disseminated to employees of Bridgway Health Solutions, such documents including, but not limited to:

   a). Application for Employment;
   b). Employee handbooks or manuals;
   c). Payroll Change Notice;
   d). Personal Information Form;
   e). Call Monitoring acknowledgment;
   f). Employee Handbook Acknowledgment;
   g). Centene Management Corporation Harassment Acknowledgement
   h). Systems Policies for End Users;
   i). Performance Review-Performance Improvement Plan; and
   j.) Separation Agreement and General Release, or similar document.

3. Copies of any and all documents bearing the Centene Corporation logo or trade inscription which were provided, issued, given, or otherwise disseminated to employees of Nova Sys Health, such documents including, but not limited to:

   a). Application for Employment;
   b). Employee handbooks or manuals;
   c). Payroll Change Notice;
   d). Personal Information Form;
   e). Call Monitoring acknowledgment;
   f). Employee Handbook Acknowledgment;
   g). Centene Management Corporation Harassment Acknowledgement
   h). Systems Policies for End Users;
   i). Performance Review-Performance Improvement Plan; and
   j.) Separation Agreement and General Release, or similar document.

4. Copies of any and all documents bearing the Centene Corporation logo or trade inscription which were provided, issued, given, or otherwise disseminated to employees of Sunshine State Health Plan, such documents including, but not limited to:

   a). Application for Employment;
   b). Employee handbooks or manuals;
   c). Payroll Change Notice;
   d). Personal Information Form;
   e). Call Monitoring acknowledgment;
   f). Employee Handbook Acknowledgment;
   g). Centene Management Corporation Harassment Acknowledgement
   h). Systems Policies for End Users;
   i). Performance Review-Performance Improvement Plan; and
   j.) Separation Agreement and General Release, or similar document.

5. Copies of any and all documents bearing the Centene Corporation logo or trade inscription which were provided, issued, given, or otherwise disseminated to employees of Peach State Health Plan, such documents including, but not limited to:

   a). Application for Employment;
   b). Employee handbooks or manuals;
   c). Payroll Change Notice;
   d). Personal Information Form;
   e). Call Monitoring acknowledgment;
   f). Employee Handbook Acknowledgment;
   g). Centene Management Corporation Harassment Acknowledgement
   h). Systems Policies for End Users;
   i). Performance Review-Performance Improvement Plan; and
   j.) Separation Agreement and General Release, or similar document.

6. Copies of any and all documents bearing the Centene Corporation logo or trade inscription which were provided, issued, given, or otherwise disseminated to employees of IlliniCare Health Plan, such documents including, but not limited to:

   a). Application for Employment;
   b). Employee handbooks or manuals;
   c). Payroll Change Notice;
   d). Personal Information Form;
   e). Call Monitoring acknowledgment;
   f). Employee Handbook Acknowledgment;
   g). Centene Management Corporation Harassment Acknowledgement
   h). Systems Policies for End Users;
   i). Performance Review-Performance Improvement Plan; and
   j.) Separation Agreement and General Release, or similar document.

7. Copies of any and all documents bearing the Centene Corporation logo or trade inscription which were provided, issued, given, or otherwise disseminated to employees of Managed Health Services (Indiana), such documents including, but not limited to:

   a). Application for Employment;
   b). Employee handbooks or manuals;
   c). Payroll Change Notice;
   d). Personal Information Form;
   e). Call Monitoring acknowledgment;
   f). Employee Handbook Acknowledgment;
   g). Centene Management Corporation Harassment Acknowledgement
   h). Systems Policies for End Users;
   i). Performance Review-Performance Improvement Plan; and
   j.) Separation Agreement and General Release, or similar document.

8. Copies of any and all documents bearing the Centene Corporation logo or trade inscription which were provided, issued, given, or otherwise disseminated to employees of Kentucky Spirit Health Plan, such documents including, but not limited to:

   a). Application for Employment;
   b). Employee handbooks or manuals;
   c). Payroll Change Notice;
   d). Personal Information Form;
   e). Call Monitoring acknowledgment;
   f). Employee Handbook Acknowledgment;
   g). Centene Management Corporation Harassment Acknowledgement
   h). Systems Policies for End Users;
   i). Performance Review-Performance Improvement Plan; and
   j.) Separation Agreement and General Release, or similar document.

9. Copies of any and all documents bearing the Centene Corporation logo or trade inscription which were provided, issued, given, or otherwise disseminated to employees of CeltiCare Health Plan, such documents including, but not limited to:

   a). Application for Employment;
   b). Employee handbooks or manuals;
   c). Payroll Change Notice;
   d). Personal Information Form;
   e). Call Monitoring acknowledgment;
   f). Employee Handbook Acknowledgment;
   g). Centene Management Corporation Harassment Acknowledgement
   h). Systems Policies for End Users;
   i). Performance Review-Performance Improvement Plan; and
   j.) Separation Agreement and General Release, or similar document.

10. Copies of any and all documents bearing the Centene Corporation logo or trade inscription which were provided, issued, given, or otherwise disseminated to employees of Magnolia Health Plan, such documents including, but not limited to:

a). Application for Employment;
b). Employee handbooks or manuals;
c). Payroll Change Notice;
d). Personal Information Form;
e). Call Monitoring acknowledgment;
f). Employee Handbook Acknowledgment;
g). Centene Management Corporation Harassment Acknowledgement
h). Systems Policies for End Users;
i). Performance Review-Performance Improvement Plan; and
j.) Separation Agreement and General Release, or similar document.

11. Copies of any and all documents bearing the Centene Corporation logo or trade inscription which were provided, issued, given, or otherwise disseminated to employees of Buckeye Community Health Plan, such documents including, but not limited to:

a). Application for Employment;
b). Employee handbooks or manuals;
c). Payroll Change Notice;
d). Personal Information Form;
e). Call Monitoring acknowledgment;
f). Employee Handbook Acknowledgment;
g). Centene Management Corporation Harassment Acknowledgement
h). Systems Policies for End Users;
i). Performance Review-Performance Improvement Plan; and
j.) Separation Agreement and General Release, or similar document.

12. Copies of any and all documents bearing the Centene Corporation logo or trade inscription which were provided, issued, given, or otherwise disseminated to employees of Absolute Total Care, such documents including, but not limited to:

a). Application for Employment;
b). Employee handbooks or manuals;
c). Payroll Change Notice;
d). Personal Information Form;
e). Call Monitoring acknowledgment;
f). Employee Handbook Acknowledgment;
g). Centene Management Corporation Harassment Acknowledgement
h). Systems Policies for End Users;
i). Performance Review-Performance Improvement Plan; and
j.) Separation Agreement and General Release, or similar document.

13. Copies of any and all documents bearing the Centene Corporation logo or trade inscription which were provided, issued, given, or otherwise disseminated to employees of Superior Health Plan, such documents including, but not limited to:

    a). Application for Employment;
    b). Employee handbooks or manuals;
    c). Payroll Change Notice;
    d). Personal Information Form;
    e). Call Monitoring acknowledgment;
    f). Employee Handbook Acknowledgment;
    g). Centene Management Corporation Harassment Acknowledgement
    h). Systems Policies for End Users;
    i). Performance Review-Performance Improvement Plan; and
    j.) Separation Agreement and General Release, or similar document.

14. Copies of any and all documents bearing the Centene Corporation logo or trade inscription which were provided, issued, given, or otherwise disseminated to employees of Coordinated Care Selected to contract (Washington), such documents including, but not limited to:

    a). Application for Employment;
    b). Employee handbooks or manuals;
    c). Payroll Change Notice;
    d). Personal Information Form;
    e). Call Monitoring acknowledgment;
    f). Employee Handbook Acknowledgment;
    g). Centene Management Corporation Harassment Acknowledgement
    h). Systems Policies for End Users;
    i). Performance Review-Performance Improvement Plan; and
    j.) Separation Agreement and General Release, or similar document.

15. Copies of any and all documents bearing the Centene Corporation logo or trade inscription which were provided, issued, given, or otherwise disseminated to employees of Managed Health Services (Wisconsin), such documents including, but not limited to:

    a). Application for Employment;
    b). Employee handbooks or manuals;
    c). Payroll Change Notice;
    d). Personal Information Form;
    e). Call Monitoring acknowledgment;
    f). Employee Handbook Acknowledgment;
    g). Centene Management Corporation Harassment Acknowledgement
    h). Systems Policies for End Users;
    i). Performance Review-Performance Improvement Plan; and
    j.) Separation Agreement and General Release, or similar document.

16. Copies of any and all documents bearing the Centene Corporation logo or trade inscription which were provided, issued, given, or otherwise disseminated to employees of Sunflower State Health Plan, such documents including, but not limited to:

    a). Application for Employment;
    b). Employee handbooks or manuals;
    c). Payroll Change Notice;
    d). Personal Information Form;
    e). Call Monitoring acknowledgment;
    f). Employee Handbook Acknowledgment;
    g). Centene Management Corporation Harassment Acknowledgement
    h). Systems Policies for End Users;
    i). Performance Review-Performance Improvement Plan; and
    j.) Separation Agreement and General Release, or similar document.

17. Copies of any and all documents bearing the Centene Corporation logo or trade inscription which were provided, issued, given, or otherwise disseminated to employees of Hone State Health Plan, such documents including, but not limited to:

    a). Application for Employment;
    b). Employee handbooks or manuals;
    c). Payroll Change Notice;
    d). Personal Information Form;
    e). Call Monitoring acknowledgment;
    f). Employee Handbook Acknowledgment;
    g). Centene Management Corporation Harassment Acknowledgement
    h). Systems Policies for End Users;
    i). Performance Review-Performance Improvement Plan; and
    j.) Separation Agreement and General Release, or similar document.

18. Copies of any and all documents bearing the Centene Corporation logo or trade inscription which were provided, issued, given, or otherwise disseminated to employees of Granite State Health Plan, such documents including, but not limited to:

    a). Application for Employment;
    b). Employee handbooks or manuals;
    c). Payroll Change Notice;
    d). Personal Information Form;
    e). Call Monitoring acknowledgment;
    f). Employee Handbook Acknowledgment;
    g). Centene Management Corporation Harassment Acknowledgement
    h). Systems Policies for End Users;
    i). Performance Review-Performance Improvement Plan; and
    j.) Separation Agreement and General Release, or similar document.

19. Copies of any and all documents bearing the Centene Corporation logo or trade inscription which were provided, issued, given, or otherwise disseminated to employees of any other subsidiary of Centene Corporation, documents from which have not otherwise been requested herein, such documents including, but not limited to:

    a). Application for Employment;
    b). Employee handbooks or manuals;
    c). Payroll Change Notice;
    d). Personal Information Form;
    e). Call Monitoring acknowledgment;
    f). Employee Handbook Acknowledgment;
    g). Centene Management Corporation Harassment Acknowledgement
    h). Systems Policies for End Users;
    i). Performance Review-Performance Improvement Plan; and
    j.) Separation Agreement and General Release, or similar document.

20. Copies of any and all documents concerning the financial, budgetary, actuarial, or cost-benefit analysis of labor costs associated with compensating employees performing the following jobs on a salary as opposed to an hourly basis:

    a). Case Manager/Pre-Certification;
    b). Case Manager/Prior Authorization;
    c). Case Manager I;
    d). Medical Management Nurse; and
    e). Any other job performing substantially similar duties including, but not limited to, applying an individual patient's medical data to nationally recognized criteria on a case-by-case basis to determine the propriety of medical services and approve or deny the request accordingly.

21. Any and all documents reviewed by the deponent in preparation for the deposition.

**EXHIBIT "B"**

DEFINITIONS & INSTRUCTIONS

A. "CENTENE CORPORATION" means Defendant Centene Corporation and shall include its managers, directors, officers, and employees.

B. "YOU" and "YOUR" refer to Centene Corporation, as defined above.

C. "PLAINTIFF" refers to each named Plaintiff in this suit, unless specifically stated otherwise.

D. "DEFENDANT" refers to Defendant Centene Coporation, unless specifically stated otherwise.

E. "DEFENDANTS" refers to all Defendants made parties to this lawsuit, unless specifically stated otherwise.

F. "DOCUMENT" is defined to be synonymous in meaning and equal in scope to the usage of this term in Federal Rule of Civil Procedure 34(a). A draft of a non-identical copy is a separate document within the meaning of this term.

G. "PERSON" OR "PERSONS" include natural persons, firms, corporations, partnerships, joint ventures, limited liability companies, and any other type of business, legal or governmental entity or association.

H. "CONCERNING" means relating to, referring to, describing, evidencing, or constituting.

I. "AND/OR". The connectives "and" and "or" shall be construed either disjunctively or conjunctively as necessary to bring within the scope of the request all responses that might otherwise be construed to be outside its scope.

J. "NURSE" , "NURSES", and "EMPLOYEE" means those employed as:

1). Case Manager/Pre-Certification;

2). Case Manager/Prior Authorization;

3). Case Manager I;

4). Medical Management Nurse; and

5). Any other job performing substantially similar duties including, but not limited to, applying an individual patient's medical data to nationally recognized criteria on a case-by-case basis to determine the propriety of medical services and approve or deny the request accordingly.

Respectfully submitted,

DUNHAM & JONES

BY:______________________

David Langenfeld
SBN: 11911325

1800 Guadalupe Street
Austin, Texas 78701
512/476-6001 (telephone)
512/499-0975 (facsimile)
ATTORNEY FOR PLAINTIFFS

CERTIFICATE OF SERVICE

I, David Langenfeld, do hereby certify that a true and correct copy of the attached and foregoing instrument was served upon the following via e-filing, facsimile, hand-delivery and/or certified mail, return receipt requested, on this 5th day of October, 2012.

Mr. Michael J. Golden
BOULETTE & GOLDEN LLP
2801 Via Fortuna, Suite 350
Austin, Texas 78746
(512) 732-8905 - facsimile

Mr. Robert A. Kaiser
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd, Suite 1800
St. Louis, Missouri 63105
(314) 621-5065 - facsimile

______________________
David Langenfeld