# Exhibit 2

Jeremy M. Brenner
Direct T 314.342.4184  F 314.613.8586
jbrenner@armstrongteasdale.com

MISSOURI  KANSAS  ILLINOIS  NEVADA  SHANGHAI

September 24, 2012

**VIA U.S. MAIL and
EMAIL TO: DAVID@DUNHAMLAW.COM**

David G. Langenfeld
Dunham & Jones, PC
1800 Guadalupe Street
Austin, Texas 78701

Re:   **Clark et al. v. Centene Corp. et al.
Civil Action No. 1:12-CV-00174-SS**

Dear David:

I received your letter dated September 19, 2012, in response to my letter dated the previous day that addressed the proposed matters of examination for Rule 30(b)(6) depositions in the above-referenced matter. Your clarifications are appreciated; however, I do not think the matters of examination as originally written accurately reflect the clarifications in your letter. In an effort to reach an amicable and efficient resolution of this matter, I am proposing a revised list of matters of examination, which is attached. I believe this revised list accurately reflects the subjects you wish to explore based on your letter, while also alleviating our concerns about matters outside the proper scope of these depositions.

On this subject, I am unwavering in my position that discovery related to employees of other Centene Corporation subsidiaries not named as defendants in this lawsuit, and discovery of other employees of Centene Company of Texas, LP, is outside the proper scope of discovery at this stage. I agree that you may conduct discovery with regard to the existence of utilization management nurses or similar jobs at other Centene subsidiaries, but I do not agree that you are entitled to discovery related to other potential plaintiffs at this time, whether employed by Centene Company of Texas, LP, or another Centene subsidiary. The case you have relied upon, *McKnight v. D. Houston, Inc.*, 756 F.Supp.2d 794 (S.D. Tex. 2010) does stand for the proposition that Plaintiffs must presently demonstrate that there are other potential plaintiffs who desire to opt-in and who are similarly situated for conditional certification, but it does not support Plaintiffs' alleged need for the identity of potential plaintiffs at this stage. On the contrary, the case states that "[i]t is conceivable that in certain circumstances . . . it might be appropriate to permit some discovery as to the identity of other similarly situated employees, but an FLSA plaintiff is not entitled to conditional certification simply to seek out others who might wish to join the action." *Id.* at 805. Moreover, the court specifically found the presence of the six (6) named plaintiffs sufficient evidence that others would want to

join the action. *Id.* [1] Finally, the court in *McKnight* ultimately ordered the defendant to identify and produce contact information for potential members of the class, but not until *after* conditional certification was granted. *Id.* at 798.

With respect to the discovery of separation agreements (Matter Nos. 10/11), I agree that you may inquire generally in to the existence of separation agreements between nurses and each defendant entity, and that you may inquire in to the content of these separation agreements generally, as you may do with the other categories of documents identified. However, I do not agree that you may ask Centene Corporation or Superior HealthPlan about specific separation agreements pertaining to any specific employee(s), as those entities have none and, more specifically, did not employ Plaintiffs. Further, I agree that you may ask Centene Company of Texas, LP, about specific separation agreements pertaining to Plaintiffs, but not pertaining to any other specific employee(s).

I believe that these positions comport with the proper scope of discovery at the notice/conditional certification stage. I also believe that my proposed revised matters of examination reflect this proper scope while also covering the topics you desire. I hope you will agree to these revisions so that we may promptly move forward with scheduling.

Assuming you agree with this revised list, Defendants request that Plaintiffs stipulate, prior to noticing these depositions, that Defendants may not have knowledge of certain areas of inquiry included in the 30(b)(6) notices and that by reaching this agreed-upon list of matters of examination, Defendants are not claiming that they have information responsive to each area, nor that responsive information is reasonably available to them. Further, Defendants request that Plaintiffs stipulate that Defendants' obligations with respect to these depositions are consistent with those set forth in Rule 30(b)(6), which require only that Defendants produce a person who can testify about information "known or reasonably available to" the defendant entity being deposed.

Your prompt response in agreement to these matters is appreciated.

Sincerely,

Jeremy M. Brenner

JB/bp

Enclosure

cc: Michael Golden, Esq. (via e-mail)
Robert Kaiser, Esq. (via e-mail)
Jovita Foster, Esq. (via e-mail)

---

[1] Citing *Prater v. Commmerce Equities Mgmt. Co.*, 2007 WL 4146714 (S.D. Tex. 2007), where only three (3) named plaintiffs was found to be sufficient on this issue.

**Defendants' Proposed Matters of Examination as of September 24, 2012**

<u>CENTENE CORP</u>

1. In general terms and without regard to any specific person(s), the job duties, requirements and descriptions of nurses (as defined in Plaintiffs' Third Request for Production) employed at Centene Corporation subsidiaries, and the process whereby Centene Corporation determines, documents, publishes, reviews, maintains, updates, and disseminates to its subsidiaries said job duties, requirements, and descriptions;

2. Centene Corporation's employment, human resources, payroll and personnel policies and procedures, including but not limited to an employee handbook, and the process whereby Centene Corporation determines, creates, documents, publishes, reviews, maintains, updates and disseminates to its subsidiaries said employment, human resources, payroll and personnel policies and procedures;

3. In general terms and without regard to any specific person(s), the rate and method of pay for nurses (as defined in Plaintiffs' Third Request for Production) employed at Centene Corporation subsidiaries, and the process whereby Centene Corporation determines, creates, documents, publishes, reviews, maintains, updates, and disseminates to its subsidiaries said rate and method of pay;

4. In general terms and without regard to any specific person(s), the FLSA exemption status of nurses (as defined in Plaintiffs' Third Request for Production) employed at Centene Corporation subsidiaries, and the process whereby Centene Corporation determines, creates, publishes, reviews, maintains, updates, and disseminates to its subsidiaries said FLSA exemption status;

5. Centene Corporation's involvement in and control over the employment practices and business operations of any and all of its subsidiary locations, including but not limited to Centene Company of Texas and Superior Health Plan;

6. The collection, retention and maintenance of payroll and personnel records including, but not limited to, those records required by 29 C.F.R. § 516.3 relating to nurses (as defined in Plaintiffs' Third Request for Production) employed at Centene Corporation subsidiary locations;

7. The business function performed by Bankers Reserve Life Insurance Company of Wisconsin and the basis, if any, for alleging that Bankers Reserve Life Insurance Company of Wisconsin employs nurses (as defined in Plaintiffs' Third Request for Production) working at any Centene Corporation subsidiary location.

**Defendants' Proposed Matters of Examination as of September 24, 2012**

8. In general terms and without regard to documents pertaining to any specific person(s), the following categories of documents bearing the Centene Corporation corporate logo and/or trade inscription:

    a. Application for Employment;

    b. Employee handbooks or manuals;

    c. Payroll Change Notice;

    d. Personal Information Form;

    e. Call Monitoring acknowledgement;

    f. Employee Handbook Acknowledgement;

    g. Centene Management Corporation Harassment Acknowledgement;

    h. Systems Policies for End Users; and

    i. Performance Review-Performance Improvement Plan;

    j. Separation Agreement and General Release, or similar.

9. In general terms and without regard to any specific person(s), the existence of Centene Corporation subsidiaries that have employed individuals classified as exempt from the overtime requirements of the FLSA in the following jobs since February 22, 2009:

    a). Case Manager/Pre-Certification;

    b). Case Manager/Prior Authorization;

    c). Case Manager I;

    d). Medical Management Nurse; and

    e). Any other job performing substantially similar duties including, but not limited to, applying an individual patient's medical data to nationally recognized criteria on a case-by-case basis to determine the propriety of medical services and approve or deny the request accordingly.

10. Financial, budgetary, actuarial, or cost-benefit analysis of labor costs associated with compensating employees performing the above jobs on a salary as opposed to an hourly basis, regardless of whether such jobs were located at Centene Corporation or any of its subsidiaries.

## CENTENE COMPANY OF TEXAS

1. In general terms and without regard to any specific person(s) other than Plaintiffs, the job duties, requirements and descriptions of nurses (as defined in Plaintiffs' Third Request for Production) employed at Centene Company of Texas, L.P. ("Centene Texas") and Centene Corporation's role in determining, documenting, publishing, reviewing, maintaining, updating, and/or disseminating to Centene Texas said job duties, requirements, and descriptions;

2. Centene Texas' employment, human resources, payroll and personnel policies and procedures, including but not limited to an employee handbook, and Centene Corporation's role in determining, creating, documenting, publishing, reviewing, maintaining, updating, and/or disseminating to Centene Texas said employment, human resources, payroll and personnel policies and procedures;

3. In general terms and without regard to any specific person(s) other than Plaintiffs, the rate and method of pay for nurses (as defined in Plaintiffs' Third Request for Production) employed at Centene Texas and Centene Corporation's role, if any, in determining, creating, documenting, publishing, reviewing, maintaining, updating, and/or disseminating to Centene Texas said rate and method of pay;

4. In general terms and without regard to any specific person(s) other than Plaintiffs, the FLSA exemption status of nurses (as defined in Plaintiffs' Third Request for Production) employed at Centene Texas and Centene Corporation's role, if any, in determining, creating, documenting, publishing, reviewing, maintaining, updating, and/or disseminating to Centene Texas said FLSA exemption status;.

5. Whether Centene Corporation is involved in and controls the employment practices and business operations of Centene Texas, and if so, the extent of such involvement and control;

6. Whether Centene Corporation collects, retains and maintains employment records, including but not limited to payroll and personnel records, relating to nurses (as defined in Plaintiffs' Third Request for Production) employed at Centene Texas and if so, the collection, retention and maintenance of said employment records;

7. The collection, retention and maintenance of payroll and personnel records including, but not limited to, those records required by 29 C.F.R. § 516.3 relating to nurses (as defined in Plaintiffs' Third Request for Production) employed at Centene Texas;

**Defendants' Proposed Matters of Examination as of September 24, 2012**

8. The business function performed by Bankers Reserve Life Insurance Company of Wisconsin and whether Bankers Reserve Life Insurance Company of Wisconsin employs nurses (as defined in Plaintiffs' Third Request for Production) working at Centene Texas;

9. In general terms and without regard to any specific person(s) other than Plaintiffs, the following categories of documents bearing the Centene Corporation corporate logo and/or trade inscription:

    a. Application for Employment;

    b. Employee handbooks or manuals;

    c. Payroll Change Notice;

    d. Personal Information Form;

    e. Call Monitoring acknowledgement;

    f. Employee Handbook Acknowledgement;

    g. Centene Management Corporation Harassment Acknowledgement;

    h. Systems Policies for End Users; and

    i. Performance Review-Performance Improvement Plan;

    j. Separation Agreement and General Release, or similar.

10. In general terms and without regard to any specific person(s) other than Plaintiffs, the existence of individuals employed by Centene Texas since February 22, 2009, in the following jobs who were classified as exempt from the overtime requirements of the FLSA:

    a). Case Manager/Pre-Certification;

    b). Case Manager/Prior Authorization;

    c). Case Manager I;

    d). Medical Management Nurse; and

    e). Any other job performing substantially similar duties including, but not limited to, applying an individual patient's medical data to nationally recognized criteria on a case-by-case basis to determine the propriety of medical services and approve or deny the request accordingly.

Additionally, whether any such employee has worked hours in excess of 40 in any work week and did not receive overtime compensation.

11. Financial, budgetary, actuarial, or cost-benefit analysis of labor costs associated with compensating Centene Texas employees (as defined in Plaintiffs' Third Request for Production) performing the above jobs on a salary as opposed to an hourly basis..

## SUPERIOR HEALTHPLAN, INC.

1. In general terms and without regard to any specific person(s), the job duties, requirements and descriptions of nurses (as defined in Plaintiffs' Third Request for Production) employed at Superior HealthPlan, Inc., if any, whether Centene Corporation determines, documents, publishes, reviews, maintains, updates, and/or disseminates to Superior HealthPlan, Inc. said job duties, requirements, and descriptions, and if so, Centene Corporation's role in determining, documenting, publishing, reviewing, maintaining, updating, and/or disseminating Superior HealthPlan, Inc.'s job duties, requirements, and descriptions;

2. Superior HealthPlan, Inc.'s employment, human resources, payroll and personnel policies and procedures, including but not limited to an employee handbook, , whether Centene Corporation determines, documents, publishes, reviews, maintains, updates, and/or disseminates to Superior HealthPlan said employment, human resources, payroll and personnel policies and procedures, and if so, Centene Corporation's role in determining, documenting, publishing, reviewing, maintaining, updating, and/or disseminating to Superior HealthPlan, Inc. said employment, human resources, payroll and personnel policies and procedures;

3. In general terms and without regard to any specific person(s), the rate and method of pay for nurses (as defined in Plaintiffs' Third Request for Production) employed at Superior HealthPlan, Inc., if any, whether Centene Corporation determines, creates, documents, publishes, reviews, maintains, updates, and/or disseminates to Superior HealthPlan, Inc. said rate and method of pay, and if so, Centene Corporation's role in determining, creating, documenting, publishing, reviewing, maintaining, updating, and/or disseminating to Superior HealthPlan, Inc. said rate and method of pay;

4. In general terms and without regard to any specific person(s), the FLSA exemption status of nurses (as defined in Plaintiffs' Third Request for Production), employed at Superior HealthPlan, Inc., if any, whether Centene Corporation determined, created, documented, published, reviewed, maintained, updated, and/or disseminated said FLSA exemption status to Superior HealthPlan, Inc., and if so, Centene Corporation's role in determining, creating, documenting, publishing, reviewing, maintaining,

updating, and/or disseminating to Superior HealthPlan, Inc. said FLSA exemption status;.

5. Centene Corporation's involvement in and control over the employment practices and business operations of Superior HealthPlan, Inc.;

6. Centene Corporation's alleged collection, retention and maintenance of payroll and personnel records relating to nurses (as defined in Plaintiffs' Third Request for Production) employed at Superior HealthPlan, Inc., if any;

7. The collection, retention and maintenance of payroll and personnel records including, but not limited to, those records required by 29 C.F.R. § 516.3 relating to nurses (as defined in Plaintiffs' Third Request for Production) employed at Superior HealthPlan, if any.

8. The business function performed by Bankers Reserve Life Insurance Company of Wisconsin and whether Bankers Reserve Life Insurance Company of Wisconsin employs nurses (as defined by Plaintiffs' Third Request for Production) working at Centene Corporation and/or Superior HealthPlan, Inc.;

9. In general terms, and without regard to documents pertaining to any specific person(s), the following categories of documents bearing the Centene Corporation corporate logo and/or trade inscription:

    a. Application for Employment;

    b. Employee handbooks or manuals;

    c. Payroll Change Notice;

    d. Personal Information Form;

    e. Call Monitoring acknowledgement;

    f. Employee Handbook Acknowledgement;

    g. Centene Management Corporation Harassment Acknowledgement;

    h. Systems Policies for End Users; and

    i. Performance Review-Performance Improvement Plan;

    j. Separation Agreement and General Release, or similar.

10. In general terms, and without regard to any specific person(s), the existence of individuals employed by Superior HealthPlan since February 22, 2009, in the following jobs who were classified as exempt from the overtime requirements of the FLSA, if any:

**Defendants' Proposed Matters of Examination as of September 24, 2012**

      a).    Case Manager/Pre-Certification;

      b).    Case Manager/Prior Authorization;

      c).    Case Manager I;

      d).    Medical Management Nurse; and

      e).    Any other job performing substantially similar duties including, but not limited to, applying an individual patient's medical data to nationally recognized criteria on a case-by-case basis to determine the propriety of medical services and approve or deny the request accordingly.

11. Financial, budgetary, actuarial, or cost-benefit analysis of labor costs associated with compensating Superior HealthPlan employees performing the above jobs, if any, on a salary as opposed to an hourly basis.