# Exhibit 24

```
                                                                    2
 1            IN THE UNITED STATES DISTRICT COURT
 2            FOR THE WESTERN DISTRICT OF TEXAS
 3                       AUSTIN DIVISION
 4
 5  KATHY CLARK, AMY ENDSLEY, SUSAN
 6  GRIMMETT, MARGUERIETTE SCHMOLL,
 7  and KEVIN ULRICH, on behalf of
 8  themselves and all others
 9  Similarly situated,
10
11  Plaintiffs,
12
13  vs.                                  No. 1:12-CV-00174-SS
14
15  CENTENE CORPORATION, CENTENE
16  COMPANY OF TEXAS, L.P., and
17  SUPERIOR HEALTHPLAN, INC.,
18
19  Defendants.
20            DEPOSITION OF TRICIA DINKELMAN,
21  taken on behalf of the Plaintiffs, at the offices of
22  Armstrong Teasdale L.L.P., 7700 Forsyth Boulevard,
23  Suite 1800, St. Louis, Missouri, on the 24th day of
24  October, 2012, before Gretta G. Cairatti, RPR, CRR,
25  MO-CCR #790, IL-CSR #084-003418, and Notary Public.
```

1 Plaintiff's Exhibit 2 of Miss Hall's deposition.

2   A   Okay.

3   Q   Take a look through those documents. Have
4 you had a chance to look at those?

5   A   Yes.

6   Q   Those documents, are they disseminated to
7 the -- all of the subsidiaries that are circled on
8 the organizational chart?

9   A   Centene Corporation would not know which
10 subsidiaries use those documents.

11   Q   Why not?

12   A   Because Centene Corporation doesn't have any
13 employees and that level of information isn't known
14 by the Board of Directors.

15   Q   You're here as the corporate representative
16 of Centene Corporation. Have you made any effort to
17 find out the answers to the areas that you knew you
18 were going to be asked about today?

19   A   Yes.

20   Q   Okay. Did you make inquiry to any of the
21 subsidiaries about documents they receive and so
22 forth?

23   A   I did not call individuals at the
24 subsidiaries, no.

25   Q   Why not? You knew I was going to ask you

1 about it.  Why didn't you find out?

2         **MR. LANGENFELD:**  Look, here's the deal,
3 Mr. Kaiser.  We've travelled from Austin to take
4 this deposition, and it is a 30(b)(6) deposition, as
5 you've reminded me repeatedly.  And within the rule,
6 the person designated shall testify as to matters
7 known or reasonably available to the organization.

8         Centene Corporation is the parent of each
9 and every one of those, and this witness has just
10 told me she's not made any effort to find out the
11 answers to these questions.  So we'll --

12        **MR. KAISER:**  I don't agree with that
13 characterization because I think if you look at each
14 and every question, the question is always asked in
15 terms of people who were employed by Centene
16 Corporation.  We have a --

17        **MR. LANGENFELD:**  Or its subsidiaries.

18        **MR. KAISER:**  We have a separate -- we have a
19 separate designation for Centene Corporation, for
20 Superior Health Plan, for Centene Company of Texas,
21 and Centene -- the Centene Corporation doesn't have
22 to answer or investigate questions that it wouldn't
23 know that might be held by one of its subsidiaries.

24        Its answer, and I think we've made this
25 clear even before you travelled this far, was that