FILED
2014 MAY 22 PM 1:59
CLERK U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

KATHY CLARK, AMY ENDSLEY, SUSAN
GRIMMETT, MARGUERIETTE SCHMOLL,
and KEVIN ULRICH, on Behalf of Themselves
and All Others Similarly Situated,
    Plaintiffs,

-vs-                Case No. A-12-CA-174-SS

CENTENE CORPORATION; CENTENE
COMPANY OF TEXAS, L.P.; and SUPERIOR
HEALTHPLAN, INC.,
    Defendants.

## ORDER

BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and specifically the plaintiffs' Opposed Motion for Protective Order [#86] and the defendant's Opposed Motion to Exceed Presumptive Deposition Limit [#99], and thereafter, enters the following:

This is not the first occasion there have been discovery problems in this case. The lawsuit was filed on February 22, 2012, and the first scheduling order entered on May 15, 2012, scheduling the timing of the motion for certification. Over three months later, on August 31, 2012, the parties filed an amended scheduling order on the issue of certification, indicating they had not completed their work timely. Finally, on March 18, 2013, the motion to certify the class was filed and the order of certification filed on May 8, 2013. On September 3, 2013, the parties' scheduling order was entered specifying dates, including discovery ending on June 30, 2014, a dispositive motions deadline on July 31, 2014, and trial in the month of February 2015. However, on April 3, 2014, the

parties requested (and were granted) an extension of the deadline to designate the plaintiffs' witnesses to May 15 and the defendant's witnesses on June 16. Why in the world it would take fifteen months of alleged discovery to have the parties identify their witnesses for trial is beyond the comprehension of this Court.

Now it appears there are five main plaintiffs and twenty-five opt-in plaintiffs. The defendant's position is that its counsel wants to depose all thirty plaintiffs, notwithstanding that five have already been deposed. The defendant opposes additional depositions of the plaintiffs on the grounds of, primarily, expense and represents that comprehensive and adequate paper discovery along with consideration of defendant Centene Company of Texas, L.P.'s own books and records are more than sufficient to establish the appropriate discovery necessary for the disposition of this case. It would appear the plaintiffs have the better argument, as additional discovery in this case will mean more probably that the defendant Centene Company of Texas, L.P. will simply incur additional expenses of attorney's fees, ultimately paying for plaintiffs' counsel as well as defense counsel on the defense efforts of discovery. However, the Court will grant the defendant's Opposed Motion for Leave to Exceed Presumptive Deposition Limit and permit up to ten (10) depositions of the opt-in plaintiffs who have not been deposed (at the defendant's selection).

Defense counsel is ORDERED by the Court to advise its client of the rather strong possibility that all of these discovery measures may result in the total expense of attorney's fees and costs to be paid by Centene Company of Texas, L.P. at the conclusion of this lawsuit.

IT IS FURTHER ORDERED that counsel furnish copy or copies of this order to their clients.

Frankly, it is inexcusable that the parties have now new counsel for the plaintiffs and additional discovery on the issues of liability and potential damages two years and four months after this lawsuit was filed. The result of the progress of this case is that the plaintiffs have had to wait all of this time to know if they will have additional monies and/or additional debts and the defendant incurs the possibility of expense in costs and attorney's fees that would approach or exceed the amounts of liability owed to the class that will ultimately go to trial.

IT IS ORDERED that the defendant's Opposed Motion for Leave to Exceed Presumptive Deposition Limit is GRANTED IN PART and DENIED IN PART as the defendant may proceed to take the additional depositions herein stated.

IT IS ORDERED that the plaintiffs' Opposed Motion for Protective Order is DENIED.

SIGNED this the 22nd day of May 2014.

/s/ Barnsparker
UNITED STATES DISTRICT JUDGE