IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | | |
|---|---|---|
| KATHY CLARK, AMY ENDSLEY, | § | |
| SUSAN GRIMMETT, MARGUERIETTE | § | |
| SCHMOLL, AND KEVIN ULRICH, | § | |
| ON BEHALF OF THEMSELVES AND | § | |
| ALL OTHERS SIMILARLY SITUATED, | § | |
| | § | |
| Plaintiffs, | § | |
| | § | |
| v. | § | Civil Action No. 1:12-CV-00174-SS |
| | § | |
| | § | JURY WAIVED |
| CENTENE COMPANY | § | |
| OF TEXAS, L.P., | § | |
| | § | |
| Defendant. | § | |

PLAINTIFFS' PROPOSED FINDINGS OF FACT
AND CONCLUSIONS OF LAW

On February 22, 2012, Plaintiffs filed a collective action lawsuit against Centene

Company of Texas, L.P. ("Defendant" or "Centene") for violation of the Fair Labor Standards

Act, 29 U.S.C. § 201, *et seq.* ("FLSA").  (Compl., ECF No. 1.)  Plaintiffs claimed Centene

misclassified Plaintiffs as exempt under the FLSA and permitted Plaintiffs to work more than

forty hours a week without overtime compensation.  On September 3, 2014, the Court held

Plaintiffs were misclassified as exempt and denied Defendant's decertification motion, finding

Plaintiffs were similarly situated.  (Order, ECF No. 127.)  Incorporating that Order, its

conclusions, and its analysis, the Court makes the following findings of fact and conclusions of

law:

# FINDINGS OF FACT

## Stipulated Facts

1.      As detailed in the Stipulated Facts, (ECF No. XXX), the parties agree to the following stipulations:

     **a.**      Centene engaged in interstate commerce and is subject to the Fair Labor Standards Act. ("FLSA").

     **b.**      This FLSA collective action consists of 26 Plaintiffs.

     **c.**       All Plaintiffs were employed by Centene Company of Texas, L.P. as Case Managers performing the job of a utilization review nurse.

     **d.**      Utilization review consists of two types of reviews, prior authorization (also known as precertification) and concurrent reviews.

     **e.**      Centene classified all Plaintiffs as exempt from overtime under the FLSA.

     **f.**      Based on its exemption classification, Defendant did not pay Plaintiffs for the overtime hours they worked.

     **g.**      From February 22, 2009 to October 4, 2013, there were workweeks that some or all Plaintiffs worked hours in excess of 40 per week for which they did not receive overtime pay.

     **h.**      Defendant did not keep accurate records of the hours Plaintiffs worked.

     **i.**      Plaintiff Karen Calabrese was employed by Defendant from March 19, 2012 to December 7, 2012 as a Case Manager.  Plaintiff Calabrese primarily conducted prior authorization reviews.  Plaintiff Calabrese worked in Austin, Texas.  Plaintiff Calabrese's consent filing date is June 4, 2013.  Attached to the Stipulated Facts as Exhibit A is Plaintiff Calabrese's weekly payroll earnings for March 19, 2012 to December 7, 2012.

Plaintiff Calabrese agreed that for purposes of determining damages at trial, Defendant's Time Detail report (bates labeled CTXLP02152-02153) is accurate.[1]

**j.**     Plaintiff Cynthia Cantu was employed by Defendant from June 30, 2008 to February 2, 2011 as a Case Manager.  Plaintiff Cantu primarily conducted concurrent reviews.  Plaintiff Cantu worked in Austin, Texas.  Plaintiff Cantu's consent filing date is June 5, 2013.  Attached to the Stipulated Facts as Exhibit A is Plaintiff Cantu's weekly payroll earnings for June 5, 2010 to February 2, 2011.  Plaintiff Cantu agreed that for purposes of determining damages at trial, Defendant's Time Detail report (bates labeled CTXLP02300-2303) is accurate.

**k.**     Plaintiff Timothy Centeno was employed by Defendant from January 9, 2012 to October 4, 2013 as a Case Manager.  Plaintiff Centeno primarily conducted concurrent reviews.  Plaintiff Centeno worked in San Antonio, Texas.  Plaintiff Centeno's consent filing date is September 3, 2013.  Attached to the Stipulated Facts as Exhibit A is Plaintiff Centeno's weekly payroll earnings for January 9, 2012 to October 4, 2013.  Plaintiff Centeno agreed that for purposes of determining damages at trial, Defendant's Time Detail report (bates labeled CTXLP02598-02601) is accurate.

**l.**     Plaintiff Angelita Cervantez was employed by Defendant from November 14, 2011 to March 29, 2013 as a Case Manager.  Plaintiff Cervantez primarily conducted concurrent reviews.  Plaintiff Cervantez worked in Lubbock, Texas.  Plaintiff Cervantez's consent filing date is July 9, 2013.  Attached to the Stipulated Facts as Exhibit A is Plaintiff Cervantez's weekly payroll earnings for November 14, 2011 to March 29, 2013.

---

[1] The Time Detail reports for all 26 Plaintiffs are attached as Exhibit B to the Stipulated Facts.

Plaintiff Cervantez agreed that for purposes of determining damages at trial, Defendant's Time Detail report (bates labeled CTXLP02679-02681) is accurate.

**m.**    Plaintiff Kathy Clark was employed by Defendant from July 25, 2011 to January 13, 2012 as a Case Manager.  Plaintiff Clark primarily conducted prior authorization reviews.  Plaintiff Clark worked in Austin, Texas.  Plaintiff Clark's consent filing date is February 22, 2012.  Attached to the Stipulated Facts as Exhibit A is Plaintiff Clark's weekly payroll earnings for July 25, 2011 to January 13, 2012. Plaintiff Clark agreed that for purposes of determining damages at trial, Defendant's Time Detail report (bates labeled CTXLP02826-02830) is accurate.

**n.**    Plaintiff Julia DeLeon was employed by Defendant from August 13, 2012 to December 26, 2012 as a Case Manager.  Plaintiff DeLeon primarily conducted prior authorization reviews.  Plaintiff DeLeon worked in San Antonio, Texas.  Plaintiff DeLeon's consent filing date is June 14, 2013.  Attached to the Stipulated Facts as Exhibit A is Plaintiff DeLeon's weekly payroll earnings for August 13, 2012 to December 26, 2012.  Plaintiff DeLeon agreed that for purposes of determining damages at trial, Defendant's Time Detail report (bates labeled CTXLP02968-02970) is accurate.

**o.**    Plaintiff Amy Endsley was employed by Defendant from March 16, 2009 to August 25, 2010 as a Case Manager.  Plaintiff Endsley primarily conducted prior authorization reviews.  Plaintiff Endsley worked in Austin, Texas.  Plaintiff Endsley's consent filing date is February 22, 2012.  Attached to the Stipulated Facts as Exhibit A is Plaintiff Endsley's weekly payroll earnings for March 16, 2009 to August 25, 2010.  Plaintiff Endsley agreed that for purposes of determining damages at trial, Defendant's Time Detail report (bates labeled CTXLP03070-03072) is accurate.

**p.**     Plaintiff Emily English was employed by Defendant from June 18, 2012 to September 14, 2012 as a Case Manager.  Plaintiff English primarily conducted prior authorization reviews.  Plaintiff English worked in Austin, Texas.  Plaintiff English's consent filing date is July 9, 2013.  Attached to the Stipulated Facts as Exhibit A is Plaintiff English's weekly payroll earnings for June 18, 2012 to September 14, 2012. Plaintiff English agreed that for purposes of determining damages at trial, Defendant's Time Detail report (bates labeled CTXLP03247-03248) is accurate.

**q.**     Plaintiff Jill Galvan was employed by Defendant from October 29, 2012 to August 1, 2013 as a Case Manager.  Plaintiff Galvan primarily conducted concurrent reviews. Plaintiff Galvan worked in San Antonio, Texas.  Plaintiff Galvan's consent filing date is July 17, 2013.  Attached to the Stipulated Facts as Exhibit A is Plaintiff Galvan's weekly payroll earnings for October 29, 2012 to August 1, 2013.  Plaintiff Galvan agreed that for purposes of determining damages at trial, Defendant's Time Detail report (bates labeled CTXLP03297-03299) is accurate.

**r.**     Plaintiff Cordelia Garcia was employed by Defendant from April 20, 2009 to August 26, 2010 as a Case Manager.  Plaintiff Garcia primarily conducted concurrent reviews.  Plaintiff Garcia worked in Austin, Texas.  Plaintiff Garcia's consent filing date is June 28, 2013.  Attached to the Stipulated Facts as Exhibit A is Plaintiff Garcia's weekly payroll earnings for June 28, 2010 to August 26, 2010. Plaintiff Garcia agreed that for purposes of determining damages at trial, Defendant's Time Detail report (bates labeled CTXLP03378-03380) is accurate.

**s.**     Plaintiff Carolyn Garza was employed by Defendant from January 9, 2012 to August 14, 2013 as a Case Manager.  During her employment with Defendant, Plaintiff

Garza initially conducted concurrent reviews and later primarily conducted prior authorization reviews.  Plaintiff Garza worked in San Antonio, Texas.  Plaintiff Garza's consent filing date is September 3, 2013.  Attached to the Stipulated Facts as Exhibit A is Plaintiff Garza's weekly payroll earnings for January 9, 2012 to August 14, 2013.  Plaintiff Garza agreed that for purposes of determining damages at trial, Defendant's Time Detail report (bates labeled CTXLP03481-03483) is accurate.

**t.**     Plaintiff Maricela Graciano-Ramos was employed by Defendant from January 9, 2012 to June 29, 2012 as a Case Manager.  Plaintiff Graciano-Ramos primarily conducted concurrent reviews.  Plaintiff Graciano-Ramos worked in San Antonio, Texas.  Plaintiff Graciano-Ramos's consent filing date is June 14, 2013.  Attached to the Stipulated Facts as Exhibit A is Plaintiff Graciano-Ramos's weekly payroll earnings for January 9, 2012 to June 29, 2012.  Plaintiff Graciano-Ramos agreed that for purposes of determining damages at trial, Defendant's Time Detail report (bates labeled CTXL03553-03554) is accurate.

**u.**     Plaintiff Susan Grimmett was employed by Defendant from February 4, 2008 to April 12, 2011 as a Case Manager.  Plaintiff Grimmett primarily conducted prior authorization reviews.  Plaintiff Grimmett worked in Austin, Texas.  Plaintiff Grimmett's consent filing date is February 22, 2012.  Attached to the Stipulated Facts as Exhibit A is Plaintiff Grimmett's weekly payroll earnings for February 22, 2009 to April 12, 2011.  Plaintiff Grimmett agreed that for purposes of determining damages at trial, Defendant's Time Detail report (bates labeled CTXLP03664-03667) is accurate.

**v.**     Plaintiff Sunshine Hartnagel was employed by Defendant from July 27, 2010 to April 5, 2012 as a Case Manager.  Plaintiff Hartnagel primarily conducted prior

authorization reviews.  Plaintiff Hartnagel worked in Austin, Texas.  Plaintiff's consent filing date is June 4, 2013.  Attached to the Stipulated Facts as Exhibit A is Plaintiff Hartnagel's weekly payroll earnings for July 27, 2010 to April, 5, 2012. Plaintiff Hartnagel agreed that for purposes of determining damages at trial, Defendant's Time Detail report (bates labeled CTXLP05419-05421) is accurate.

**w.**    Plaintiff Sherri Hodsdon was employed by Defendant from July 16, 2008 to October 8, 2010 as a Case Manager.  Plaintiff Hodsdon primarily conducted concurrent reviews.  Plaintiff Hodsdon worked in San Antonio, Texas.  Plaintiff Hodsdon's consent filing date is June 5, 2013.  Attached to the Stipulated Facts as Exhibit A is Plaintiff Hodsdon's weekly payroll earnings for June 5, 2010 to October 8, 2010.  Plaintiff Hodsdon agreed that for purposes of determining damages at trial, Defendant's Time Detail report (bates labeled CTXLP06027-06029) is accurate.

**x.**    Plaintiff Yasira Hunter was employed by Defendant from September 20, 2010 to May 25, 2012 as a Case Manager.  Plaintiff Hunter primarily conducted concurrent reviews.  Plaintiff Hunter worked in San Antonio, Texas.  Plaintiff Hunter's consent filing date is June 4, 2013.  Attached to the Stipulated Facts as Exhibit A is Plaintiff Hunter's weekly payroll earnings for September 20, 2010 to May 25, 2012.  Plaintiff Hunter agreed that for purposes of determining damages at trial, Defendant's Time Detail report (bates labeled CTXLP06116-06119) is accurate.

**y.**    Plaintiff Jose Longoria was employed by Defendant from March 12, 2012 to July 12, 2013 as a Case Manager.  Plaintiff Longoria primarily conducted concurrent reviews. Plaintiff Longoria worked in San Antonio, Texas.  Plaintiff Longoria's consent filing date is July 22, 2013.  Attached to the Stipulated Facts as Exhibit A is Plaintiff Longoria's

weekly payroll earnings for March 12, 2012 to July 12, 2013.  Plaintiff Longoria agreed that for purposes of determining damages at trial, Defendant's Time Detail report (bates labeled CTXLP06275-06276) is accurate.

**z.**    Plaintiff Karen Moreno was employed by Defendant from February 6, 2012 to March 19, 2013 as a Case Manager.  Plaintiff Moreno primarily conducted concurrent reviews.  Plaintiff Moreno worked in San Antonio, Texas.  Plaintiff Moreno's consent filing date is July 17, 2013.  Attached to the Stipulated Facts as Exhibit A is Plaintiff Moreno's weekly payroll earnings for February 6, 2012 to March 19, 2013.  Plaintiff Moreno agreed that for purposes of determining damages at trial, Defendant's Time Detail report (bates labeled CTXLP06520-06523) is accurate.

**aa.**    Plaintiff Winston Pubien was employed by Defendant from March 12, 2012 to June 12, 2013 as a Case Manager.  Plaintiff Pubien primarily conducted concurrent reviews.  Plaintiff Pubien worked in San Antonio, Texas.  Plaintiff Pubien's consent filing date is June 18, 2013.  Attached to the Stipulated Facts as Exhibit A is Plaintiff Pubien's weekly payroll earnings for March 12, 2012 to June 12, 2013. Plaintiff Pubien agreed that for purposes of determining damages at trial, Defendant's Time Detail report (bates labeled CTXLP06646-06648) is accurate.

**bb.**    Plaintiff Penny Riley was employed by Defendant from September 17, 2007 to December 7, 2011 as a Case Manager.  Plaintiff Riley primarily conducted concurrent reviews.  Plaintiff Riley worked in Austin, Texas.  Plaintiff Riley's consent filing date is June 14, 2013.  Attached to the Stipulated Facts as Exhibit A is Plaintiff Riley's weekly payroll earnings for June 14, 2010 to December 7, 2011.  Plaintiff Riley agreed that for

purposes of determining damages at trial, Defendant's Time Detail report (bates labeled CTXLP06943-06945) is accurate.

**cc.**   Plaintiff Margueriette Schmoll was employed by Defendant from August 11, 2008 to January 27, 2010 as a Case Manager.  Plaintiff Schmoll primarily conducted prior authorization reviews.  Plaintiff Schmoll worked in Austin, Texas.  Plaintiff Schmoll's consent filing date is February 22, 2012.  Attached to the Stipulated Facts as Exhibit A is Plaintiff Schmoll's weekly payroll earnings for February 22, 2009 to January 27, 2010. Plaintiff Schmoll agreed that for purposes of determining damages at trial, Defendant's Time Detail report (bates labeled CTXLP07085-07086) is accurate.

**dd.**   Plaintiff Anna Serratos was employed by Defendant from February 6, 2012 to January 21, 2013 as a Case Manager.  Plaintiff Serratos primarily conducted concurrent reviews.  Plaintiff Serratos worked in San Antonio, Texas.  Plaintiff Serratos's consent filing date is July 9, 2013.  Attached to the Stipulated Facts as Exhibit A is Plaintiff Serratos's weekly payroll earnings for February 6, 2012 to January 21, 2013. Plaintiff Serratos agreed that for purposes of determining damages at trial, Defendant's Time Detail report (bates labeled CTXLP07210-07212) is accurate.

**ee.**   Plaintiff Laureen Sparrow was employed by Defendant from April 4, 2011 to September 27, 2013 as a Case Manager.  Plaintiff Sparrow primarily conducted concurrent reviews.  Plaintiff Sparrow worked in Dallas, Texas.  Plaintiff Sparrow's consent filing date is July 22, 2013. Attached to the Stipulated Facts as Exhibit A is Plaintiff Sparrow's weekly payroll earnings for April 4, 2011 to September 27, 2013. Plaintiff Sparrow agreed that for purposes of determining damages at trial, Defendant's Time Detail report (bates labeled CTXLP07333-07336) is accurate.

**ff.**   Plaintiff Jane Townsend was employed by Defendant from May 26, 2009 to December 3, 2010, and from June 13, 2011 to July 26, 2013 as a Case Manager.  Plaintiff Townsend primarily conducted concurrent reviews.  Plaintiff Townsend worked in Austin, Texas.  Plaintiff Townsend's consent filing date is June 18, 2013.  Attached to the Stipulated Facts as Exhibit A is Plaintiff Townsend's weekly payroll earnings for July 18, 2010 to July 26, 2013.  Plaintiff Townsend agreed that for purposes of determining damages at trial, Defendant's Time Detail report (bates labeled CTXLP07568-07571) is accurate.

**gg.**   Plaintiff Kevin Ulrich was employed by Defendant from January 26, 2009 to March 14, 2012 as a Case Manager.  Plaintiff Ulrich primarily conducted prior authorization reviews.  Plaintiff Ulrich worked in San Antonio, Texas.  Plaintiff Ulrich's consent filing date is February 22, 2012.   Attached to the Stipulated Facts as Exhibit A is Plaintiff Ulrich's weekly payroll earnings for February 22, 2009 to March 14, 2012. Plaintiff Ulrich agreed that for purposes of determining damages at trial, Defendant's Time Detail report (bates labeled CTXLP14133-14136) is accurate.

**hh.**   Plaintiff Rita Valdez was employed by Defendant from March 15, 2010 to August 10, 2012 as a Case Manager.  Plaintiff Valdez primarily conducted concurrent reviews. Plaintiff Valdez worked in Corpus Christi, Texas.  Plaintiff Valdez's consent filing date is June 5, 2013.   Attached to the Stipulated Facts as Exhibit A is Plaintiff Valdez's weekly payroll earnings for June 5, 2010 to August 10, 2012.  Plaintiff Valdez agreed that for purposes of determining damages at trial, Defendant's Time Detail report (bates labeled CTXLP07774-07776) is accurate.

### Centene's Decision to Classify Case Managers as Exempt

2.     Centene does not know who originally classified its Case Managers positions as exempt from the FLSA, and does not know when the decision to classify was made.

3.     Centene claims it reviewed exemption classifications when a position's duties underwent material changes.  There have not been material changes to duties of Case Manager since at least the last six years.  Defendant did not perform annual reviews or audits of the exemption classification of the Case Manager position at issue in this case.

4.     Centene does not know who last reviewed Centene's Case Managers positions, when this review occurred, or what efforts went into the review.

5.     It has taken no proactive role in reviewing job descriptions but instead purportedly relies on its local managers to review the Case Manager job description and provide the company's centralized compensation department with any feedback on any necessary changes.

6.     Local management at the Centene Company of Texas office played no role in putting the job descriptions together for the Case Manager position at issue in this case.

7.     Local management also did not make any recommendations in terms of the exemption status or have any role in either deciding whether the Case Manager position at issue in this case was properly classified as exempt.

8.     Case Managers are required to have a registered nursing degree, licensed practical nursing degree, or licensed vocational nursing degree.

9.     In classifying its Case Managers as exempt, Defendant also relied on a third-party company's description for a case manager position even though it knew that its Case Managers did not perform the job duties listed in those descriptions.

10.     Centene did not obtain an attorney advice or Department of Labor opinion letter concerning its classification of Case Managers.

11

## Defendant's Time-Keeping Practices

11.     Centene did not record Plaintiffs' hours worked.

12.     Centene did not comprehensively maintain any of the code-mandated time records generated in the performance of Plaintiffs' job.

13.     Plaintiffs were not required to record their hours worked.

14.     Plaintiffs were not required to submit their hours worked to Centene.

## Hours Worked

15.     Centene knew Plaintiffs worked a substantial number of overtime hours on a regular basis.  Centene required or permitted Plaintiffs to work overtime hours to meet the company's productivity standards and mandated "turn around times."

16.     In fact, Plaintiffs regularly worked outside of their standard 8 am to 5 pm (or 9 am to 6 pm) shifts Monday through Friday, and on Saturdays.

17.     Plaintiffs complained about their uncompensated overtime hours.

18.     Robin Lorie DeSalvo, a manager of several Plaintiffs and former Case Manager, testified that Plaintiffs regularly worked uncompensated overtime hours, averaging about 48 hours of work per week.  When Ms. DeSalvo performed the job of a utilization review nurse before she was promoted to as supervisory position, she too worked on average 48 hours per week.

19.     Seven representative Plaintiffs testified live at trial about their work schedule, typical workday, typical workweek when they did not work on the weekend, their weekend work, and typical workweek when they did work on the weekend.

20.     Based on all of the evidence, this Court determined the average number of hours worked per workweek by considering each of the testifying representative Plaintiff's: (1) average

12

daily hours worked; (2) average weekly hours worked Monday through Friday; and (3) average weekly hours worked including weekend work.

21.   The Court finds the following:

    **a.**    Representative Plaintiff Karen Calabrese worked an average of XX hours per weekday, and an average of XX hours per workweek;

    **b.**    Representative Plaintiff Cynthia Cantu worked an average of XX hours per weekday, and an average of XX hours per workweek;

    **c.**    Representative Plaintiff Cordelia Garcia worked an average of XX hours per weekday, and an average of XX hours per workweek;

    **d.**    Representative Plaintiff Carolyn Garza worked an average of XX hours per weekday, and an average of XX hours per workweek;

    **e.**    Representative Sherri Hodsdon worked an average of XX hours per weekday, and an average of XX hours per workweek;

    **f.**    Representative Plaintiff Margueriette Schmoll worked an average of XX hours per weekday, and an average of XX hours per workweek; and

    **g.**    Representative Plaintiff Rita Valdez worked an average of XX hours per weekday, and an average of XX hours per workweek.

    **h.**    The Court finds that the average of these seven testifying representative Plaintiffs is XX hours per weekday, and XX hours per workweek.

## CONCLUSIONS OF LAW

### Overtime Damages

22.    For each of testifying representative Plaintiff, a week-by-week analysis is conducted to determine overtime damages.  Overtime damages were determined by applying each testifying Plaintiff's average hours per workweek to every week in which she was employed within three years prior to her consent filing date.   For each week, the average hours per workweek finding is compared to the testifying representative Plaintiff's Time Detail report.  If the testifying representative Plaintiff had any full (8.0) non-work days identified in the Time Detail report, her average daily hours is subtracted from the average hours per workweek determination.[2]  After the Time Detail report is considered for each workweek, any hours in excess of 40 that week is eligible for overtime damages.  Thus, for testifying representative Plaintiffs, their overtime damages calculation formula is as follows:

**Weekly Overtime Damages = (Average Hours Per Workweek – (Average Daily Hours x Number of Full Non-Work Days) – 40) x (Regular Rate[3] x 0.5)**

23.    Based on the testimony of the testifying representative Plaintiffs, the Court finds that the average of their testimony, XX hours per workweek is reasonably representative of the Case Manager position, and therefore the Court will apply that number to its calculation of damages for the non-testifying Plaintiffs.

24.    For each non-testifying Plaintiff, a week-by-week analysis was conducted to determine overtime damages.  Overtime damages were determined by applying this Court's determination

---

[2] For all 26 Plaintiffs, partial time off occurs very infrequently, 0.01% of the total time off (*see* Exhibit B to the Stipulated Facts).  For these rare occurrences, the partial time off was subtracted from the testifying Plaintiffs daily average hours worked, and for non-testifying Plaintiffs, from the average of the testifying Plaintiffs' daily average.

[3] For each testifying representative Plaintiff, the regular rate is determined by dividing her weekly salary stipulated to by the parties in Exhibit A of their Stipulated Facts, by the average hours per workweek.

of XX hours per workweek (paragraph 23 above) to every week in which the non-testifying

Plaintiff was employed within three years prior to his/her consent filing date.   For each week,

this Court's determination of XX hours per workweek for the non-testifying Plaintiff is

compared to his/her Time Detail report, Exhibit B to the Stipulated Facts.   If the non-testifying

Plaintiff had any full (8.0) non-work days identified in the Time Detail report, this Court's

finding for the average daily hours that testifying representative Plaintiffs worked is subtracted

from the XX hours per workweek for the non-testifying Plaintiffs.   After the Time Detail report

is considered for each workweek, any hours in excess of 40 that week is eligible for overtime

damages.   Thus, for non-testifying Plaintiffs, their overtime damages calculation formula is as

follows:

**Weekly Overtime Damages = (Average Hours Per Workweek – (Average Daily Hours x
Number of Full Non-Work days) – 40) x (Regular Rate[4] x 0.5)[5]**

## <u>Coverage Under the FLSA</u>

25.   Centene is a covered entity under the FLSA, 29 U.S.C. § 201, *et seq*.

## <u>Hours Worked & Representative Testimony</u>

26.   Employers must keep and preserve accurate records of hours worked by their

employees.  29 U.S.C. § 211.

27.   An employee seeking unpaid overtime bears the burden of proving she performed work

for which she was not properly compensated.  *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S.

680, 686–87 (1946).  But where an employer fails to keep accurate records of an employee's

---

[4] For each non-testifying Plaintiff, the regular rate is determined by dividing his/her weekly
salary stipulated to by the parties in Exhibit A of their Stipulated Facts, by the average hours per
workweek determination, paragraph 23.
[5] Using this methodology, the Court attaches Exhibit C which contains a week-by-week analysis
of each of the 26 Plaintiffs' overtime damages and total overtime damages.

hours worked, an employee may meet her burden by presenting evidence showing hours worked as a matter of just and reasonable inference. *Id.* at 687–88.

28. The Supreme Court in *Mt. Clemens* explained:

> When the employer has kept proper and accurate records the employee may easily discharge his burden by securing the production of those records. But where the employer's records are inaccurate or inadequate and the employee cannot offer convincing substitutes a more difficult problem arises. The solution, however, is not to penalize the employee by denying him any recovery on the ground that he is unable to prove the precise extent of uncompensated work. Such a result would place a premium on an employer's failure to keep proper records in conformity with his statutory duty; it would allow the employer to keep the benefits of an employee's labors without paying due compensation as contemplated by the Fair Labor Standards Act. In such a situation we hold that an employee has carried out his burden if he proves that he has in fact performed work for which he was improperly compensated and if he produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference. The burden then shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the employee's evidence. If the employer fails to produce such evidence, the court may then award damages to the employee, even though the result be only approximate.

*Id.*

29. The Fifth Circuit and other circuit courts have held the *Mt. Clemens* standard "allows plaintiffs to establish a *prima facie* case for non-testifying employees based on the 'fairly representational' testimony of other employees." *Albanil v. Coast 2 Coast, Inc.*, 444 F. App'x 788, 806 (5th Cir. 2011); *Brennan v. Gen. Motors Acceptance Corp.*, 482 F.2d 825, 829 (5th Cir. 1973); *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233, 1278–79 (11th Cir. 2008); *Schultz v. Capital Int'l Sec., Inc.*, 466 F.3d 298, 310 (4th Cir. 2006); *Grochowski v. Phoenix Constr.*, 318 F.3d 80, 88 (2d Cir. 2003); *Reich v. S. New England Telecomm. Corp.*, 121 F.3d 58, 67–68 (2d Cir. 1997).

30. There is no bright line formula to establish sufficient representative testimony. *S. New England Telecomm. Corp.*, 121 F.3d at 67. Rather, adequate representivity is a function of

quality, not quantity.  *Id.*; *see also Mt. Clemens Pottery Co.*, 328 U.S. at 692–93 (holding eight employees sufficient to establish recovery for approximately 300 employees); *McLaughlin v. Ho Fat Seto*, 850 F.2d 586, 589 (9th Cir. 1988) (holding five employees' testimony sufficient for recovery for twenty-eight employees).

31.    Defendant stipulated that it did not keep accurate records of the hours that Plaintiffs worked.  The seven testifying representative Plaintiffs provided sufficient evidence to show the amount and extent of uncompensated work "as a matter of just and reasonable inference" for themselves and the non-testifying Plaintiffs by testifying about the average number of hours they worked in a typical day and workweek.  The testifying Plaintiffs consisted of prior authorization and concurrent review nurses who performed the same primary job duty of a utilization review nurse.  They worked in different locations and under different managers throughout the class period.  Their testimony was consistent that Case Managers worked uncompensated overtime hours, and that the overtime hours primarily resulted from a quota system that required them to maintain a certain level of productivity and meet specific timelines for their reviews.  Management testified consistently that Plaintiffs worked uncompensated overtime hours.

32.    At trial, Defendant did not present any evidence of the precise amount of work Plaintiffs performed.  Instead, Defendant's evidence, which consisted of incomplete "CCMS" records, were insufficient to negative the reasonableness of Plaintiffs' estimates and other evidence, and instead established a floor and substantiated Plaintiffs' evidence.

## Centene's Violation of the FLSA was Willful

33.    The FLSA has a two-year statute of limitations that extends to three years for willful violations.  29 U.S.C. § 255(a).

34.     An employer willfully violates the FLSA if it knew or showed reckless disregard for whether its conduct was wrongful. *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128, 133 (1988).

35.     Reckless disregard is when an employer fails to make adequate inquiry into whether its conduct complies with the FLSA. *Morgan v. Family Dollar Stores, Inc.*, 551 F.3d 1233 (11th Cir. 2008) (citing 5 C.F.R. § 551.104).

36.     Willfulness may be found when an employer has reason to know that its pay practices may violate overtime provisions and it did not take action. *See Mohammadi v. Nwabuisi* 2013 WL 1966746, at *13 (W.D. Tex. May 10, 2013) (finding willfulness where employer failed to take steps to ensure its compliance with the FLSA, such as securing legal advice from competent professional). Employee complaints concerning overtime hours worked is sufficient to establish, at a minimum, reckless disregard. *See Morgan*, 551 F.3d at 1280–81 (upholding willfulness finding where employer knew majority of employees' time spent performing non-exempt duties, manuals controlled execution of duties, and the employees had little discretion and freedom); *Alvarez*, 339 F.3d at 908–09 (stating an employer disregarding the very possibility that it is violating the FLSA may constitute reckless disregard).

37.     The employee bears the burden of showing the employer acted willfully or with reckless disregard. *Stokes v. BWXT Pantex, L.L.C.*, 424 F. App'x 324, 326 (5th Cir. 2011).

38.     Based on the above findings of fact, Defendant acted at least recklessly by failing to make an adequate inquiry as to whether its conduct was in compliance with the FLSA. First, the regulations and DOL materials Centene relied on expressly state licensed practical nurses and similar positions are generally not exempt. Centene also made its classification decision based on third-party case manager job descriptions whose duties it knew are different than the job duties of its Case Managers. Additionally, multiple Plaintiffs complained to Centene's

management about their hours worked, and management confirmed that Plaintiffs worked an average of 48 hours per week.

### Plaintiffs are Entitled to Liquidated Damages

39.    An employer violating the FLSA "shall be liable" for the unpaid overtime and liquidated damages equal to the unpaid overtime compensation.  29 U.S.C. § 216(b).  An award of double damages is the norm under the FLSA, and a single damages award is the exception. *See Riddle v. Tex-Fin, Inc.*, 2011 WL 1103033, at *4–5 (S.D. Tex. Mar. 22, 2011) (citing *Nero v. Indus. Molding Corp.*, 167 F.3d 921, 929 (5th Cir. 1999)).  The additional damages "are compensation, not a penalty or punishment." *Id.*; *see also Herman v. RSR Sec. Serv., Ltd.*, 172 F.2d 132, 142 (2d Cir. 1999) (recognizing that liquidated damages are not a penalty but further compensation due to the employee occasioned by the delay in receiving wages due).

40.    A court may, in its discretion, refuse to award liquidated damages, but "*only if* [1] the *employer* shows . . . that the act or omission giving rise to such action was in good faith *and* [2] that he had reasonable grounds for believing that his act or omission was not a violation of the FLSA." *Vega v. Gasper*, 36 F.3d 417, 427 (5th Cir. 1994) (emphasis added and internal quotations omitted).  Absent such proof, however, a district court has no authority to reduce an employer's liability for the equivalent of double unpaid wages. *Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1415 (5th Cir. 1990).  Thus, absent an employer carrying this "substantial" burden, liquidated damages are "automatic." *Bernard v. IBP, Inc. of Nebraska*, 154 F.3d 259, 267 (5th Cir. 1998); *Mireles*, 899 F.2d at 1415.

41.    Good faith "requires some duty to investigate the potential liability under the FLSA," and the employer must show it honestly intended to understand and comply with its FLSA

19

obligations.  *Riddle*, 2011 WL 1103033, at *4 (citing *Johnson v. Big Lots Stores, Inc.*, 604 F. Supp. 2d 903, 926 (E.D. La. 2009)).

42.    An employer must prove it took "active steps" to ascertain the FLSA's requirements and comply with it, and its conduct must be objectively reasonable.  *See Brantley v. Inspectorate Am. Corp.*, 821 F. Supp. 2d 879, 898 (S.D. Tex. 2011) (finding liquidated damages appropriate where the defendant had not identified any "active steps" it took that would meet the "substantial burden" of showing good faith).

43.    If an employer's violation of the FLSA is willful, the employer cannot show it acted in good faith.  *Singer v. City of Waco, Tex.*, 324 F.3d 813, 823 (5th Cir. 2003).

44.    Because Centene willfully violated the FLSA, Plaintiffs are entitled to liquidated damages.

45.    Even if Defendant had not willfully violated the FLSA, Plaintiffs would still be entitled to liquidated damages.  Centene did not have an objectively reasonable basis for classifying Case Managers as exempt from overtime.  Centene did not have any attorney opinion or DOL opinion letter concerning its classification of Case Managers.  Lacking an independent basis for its classification decision, coupled with its reliance on DOL regulations and the DOL Handbook that state licensed practical nurses are generally not exempt, establishes Centene did not have any objectively reasonable basis for classifying Case Managers as exempt from overtime.

46.    Finally, the Court is entitled to award liquidated damages even if it finds that Centene acted with objective and subjective good faith in its classification of Plaintiffs because liquidated damages are compensatory, not punitive.  *Riddle*, 2011 WL 1103033, at *4.  In light of the fact that Plaintiffs' wages were withheld for almost six years, and they were required to fully litigate through trial in order to recover them, the Court awards full liquidated damages.

**Centene's Section 259 "Good Faith" Defense Fails**

47.   An employer may avoid liability for back pay if it can show it meets the strict requirements of the Portal-to-Portal Act's "good faith reliance" defense.  29 U.S.C. § 259(a).

48.   Under section 259, an employer must show its actions (1) were in reliance on a written administrative regulation, order, ruling, approval, or interpretation (2) were in conformity with the ruling, and (3) were taken in good faith.  *See Alvarez v. IBP, Inc.*, 339 F.3d 894, 907 (9th Cir. 2003).

49.   Defendant dropped this affirmative defense before trial and presented no evidence. Therefore, it is dismissed.

**Centene's Estoppel Defense Fails**

50.   An estoppel defense may only be raised in FLSA cases when the employee affirmatively misleads the employer, such as furnishing false hours data.  *See Coffin v. Blessey Marine Servs., Inc.*, 2011 WL 2193378, at *1 (S.D. Tex. June 6, 2011) (collecting cases).

51.   The employer bears to the burden of showing the affirmative estoppel offense applies. *Id.*

52.   Defendant dropped this affirmative defense before trial and presented no evidence. Therefore, it is dismissed.

Respectfully submitted,

Dated: January 30, 2015

/sRachhana T. Srey
Rachhana T. Srey, MN Bar No. 340133*
Alexander M. Baggio, MN Bar No. 389912*
Paul J. Lukas, MN Bar No. 22084X
NICHOLS KASTER, PLLP
4600 IDS Center
80 South 8th Street

21

Minneapolis, MN 55402
Telephone: (612) 256-3200
Fax: (612) 215-6870
srey@nka.com
abaggio@nka.com
lukas@nka.com
*Admitted *Pro Hac Vice*

DUNHAM & JONES, P.C.
David Langenfeld, TX. Bar No. 11911325
1800 Guadalupe Street
Austin, TX 78701
Telephone: (512) 777-7777
Fax: (512) 340-4051
david@dunhamlaw.com

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above was electronically filed with the Clerk of Court using the CM/ECF system on January 30, 2015, and a true and correct copy will be sent by the CM/ECF system via electronic mail to Defendant's counsel at the following electronic email addresses:

BOULETTE & GOLDEN, LLP
Michael J. Golden
2801 Via Fortuna, Suite 350
Austin, Texas 78746
mike@boulettegolden.com

Robert A. Kaiser
Jovita M. Foster
Jeremy M. Brenner
ARMSTRONG TEASDALE, LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
rkaiser@armstrongteasdale.com
jfoster@armstrongteasdale.com
jbrenner@armstrongteasdale.com

Dated: January 30, 2015

 /s/Rachhana T. Srey
Rachhana T. Srey
Counsel for Plaintiffs