

IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| KATHY CLARK, AMY ENDSLEY, SUSAN GRIMMETT, MARGUERIETTE SCHMOLL, AND KEVIN ULRICH, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>　　　　Plaintiffs,<br><br>vs.<br><br>CENTENE CORPORATION, CENTENE COMPANY OF TEXAS, L.P., AND SUPERIOR HEALTHPLAN, INC.,<br><br>　　　　Defendants. | Civil Action No.  1:12-CV-00174-SS |

## DEFENDANT'S MOTION FOR JUDGMENT ON PARTIAL FINDINGS
## AT THE CLOSE OF PLAINTIFFS' EVIDENCE

COMES NOW Defendant Centene Company of Texas, L.P. ("Centene Texas"), by and through counsel, and pursuant to FED. R. CIV. P. 52(c), moves the Court for judgment in Centene Texas' favor on partial findings at the close of Plaintiffs' evidence. In support of its motion, Centene Texas states as follows:

### INTRODUCTION

Centene Texas is entitled to judgment on partial findings on the claims of the non-testifying Plaintiffs because there is insufficient evidence of hours worked. Further, Centene Texas is entitled to judgment on partial findings on the claims of the testifying Plaintiffs because there is insufficient evidence of the number of weeks they worked. Moreover, because the two year statute of limitations applies, Centene Texas is also entitled to judgment as a matter of law with respect to the claims asserted by Plaintifs Cantu, Garcia, Hodsdon, and Schmoll, whose claims are entirely time-barred.

## ARGUMENT

**I.  Legal Standard**

A Rule 52(c) motion is reviewed only for clear error. *Culpepper v. LA-I Gaming*, 203 F.3d 827 (5th Cir. 1999). A court issuing a "judgment on partial findings is *not* required to draw any special inferences in favor of the nonmoving party." *Culpepper* 203 F.3d at 827 (emphasis added) (holding that district court's grant of Rule 52(c) motion was not clearly erroneous); *citing Emerson Elec. Co. v. Farmer*, 427 F.2d 1082, 1086 (5th Cir.1970). A district court may enter a judgment on partial findings even if the plaintiff has made out a prima facie case when viewing the evidence in the light most favorable to the plaintiff. *Culpepper* 203 F.3d at 827; *citing Emerson Elec. Co. v. Farmer*, 427 F.2d at 1086 n. 9 (5th Cir.1970).

**II.  Centene Texas is Entitled to Judgment As a Matter of Law on Damages for the Non-Testifying Plaintiffs Because there is Insufficient Evidence of Hours Worked by the Non-Testifying Plaintiffs**

The following Plaintiffs did not testify at trial.

    Kathy Clark

    Timothy Centeno

    Angelita Cervantez

    Julia DeLeon

    Amy Endsley

    Emily English

    Jill Galvan

    Maricela Graciano-Ramos

    Susan Grimmett

    Sunshine Hartnagel

    Yasira Hunter

      Jose Longoria, Jr.

      Karen Moreno

      Winston Pubien

      Penny Riley

      Anna Serratos

      Laureen Sparrow

      Jane Townsend

      Kevin Ulrich

Centene Texas is entitled to judgment as a matter of law on those Plaintiffs' claims because they have failed to establish a *prima facie* case by failing to provide sufficient evidence of damages. "[A]n employee carries his burden to establish a *prima facie* case under the FLSA if he shows he performed work for which he was improperly compensated and produces some evidence to show the amount and extent of that work 'as a matter of just and reasonable inference'." *Albanil v. Coast 2 Coast, Inc.*, 444 Fed.App'x. 788, 806 (5th Cir. 2011) (citing *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687 (1946)). The Fifth Circuit "allows plaintiffs to establish a *prima facie* case for non-testifying employees based on fairly representational testimony of other employees." *Id.* Indeed, "[i]t is clear that each employee need not testify in order to make out a *prima facie* case of the number of hours worked as a matter of just and reasonable inference." *Id.* at 807 (citing *Beliz v. W.H. McLeod & Sons Packing Co.*, 765 F.2d 1317, 1331 (5th Cir. 1985)).

However, it is also clear that the testimony of a random sample of class members about their average or estimated (not actual) personal experiences is insufficient to meet this burden. "Testimony of some employees concerning the hours worked by groups of non-testifying

3

employees is [only] sufficient **if those who do testify have personal knowledge of the work performed** by those who do not." *Id.* (emphasis added). Where, as here, plaintiffs neither testify at trial nor proffer testimony from other plaintiffs who possess **personal knowledge** of the non-testifying plaintiffs' work hours, the non-testifying plaintiffs fail to establish a *prima facie* case as a matter of law.

*Albanil* and *Beliz* illustrate the type of representative testimony that is sufficient to meet a non-testifying plaintiff's burden, and in contrast, clarify why the testimony in this case misses the mark. In *Albanil*, the representative affidavit testimony indicated that the affiants "worked side-by-side with the other [plaintiffs] on their crew; that they traveled together and performed the same work; and that they had seen their paychecks . . . ." *Albanil*, 444 Fed.App'x. at 808. In *Beliz*, a case involving migrant worker families who worked together as a family, the testifying plaintiffs testified about the hours that they, their family, **and other families** worked, which was "sufficient to establish, by reasonable inference, the hours worked by some members of each family." *Beliz*, 765 F.2d at 1322-23, 1331.

In *Albanil* and *Beliz*, the record established that the testifying plaintiffs had personal knowledge of the work performed by the non-testifying plaintiffs. The same is not true in this case. On the contrary, the record establishes that those plaintiffs who testified as class representatives do not have personal knowledge of the "amount and extent" of work performed by the plaintiffs who did not testify. *Albanil*, 444 Fed.App'x. at 806. Each testifying Plaintiff testified she didn't know how many hours others wored. Moreover, there is no evidence in the record of hours whatsoever with respect to most of the non-testifying Plaintiffs. Thus, the Plaintiffs who did not testify at trial, have failed to "make out a *prima facie* case of the number of hours worked as a matter of just and reasonable inference," and Centene Texas is entitled to

judgment on their individual claims. *Id.* at 807.

### III. Centene Texas is Entitled to Judgment on Partial Findings on Damages for the Testifying Plaintiffs

In addition, the testimony of the testifying Plaintiffs is insufficient to establish damages for those Plaintiffs. The testifying Plaintiffs each offered an approximate average of hours per week that they week. Then, each testifying Plaintiff testified that she was not seeking overtime compensation for weeks in which she took vacation, sick days, holidays, or personal time off. However, no Plaintiff testified as to the total number of weeks for which she is seeking overtime pay (put another way, no Plaintiff explained how many weeks for which she was not seeking overtime compensation). Without that evidence, the Court cannot award damages without simply guessing as to the number of weeks for which each testifying Plaintiff is seeking overtime compensation. The Court is not required to guess. Plaintiffs have not met their burden.

### IV. Centene Texas is Entitled to Judgment on Partial Findings on the Issue of Willfulness.

The statute of limitations applicable to FLSA claims is two years, except where the cause of action arises out of a "willful violation," in which case the statute of limitations is three years. 29 U.S.C. § 255(a). The Fifth Circuit, in recognition of the standard of willfulness affirmed by the United States Supreme Court in *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988), has described the standard as requiring that the "employer either knew or showed reckless disregard for the matter of whether its conduct was prohibited by the statute." *See, e.g., Mireles v. Frio Foods, Inc.*, 899 F.2d 1407, 1416 (5th Cir. 1990). "The burden of showing that an FLSA violation was 'willful' falls on the plaintiffs." *Stokes v. BWXT Pantex, LLC*, 424 Fed.App'x. 324, 326 (5th Cir. 2011). Plaintiffs have failed to make the requisite showing of willfulness in this case. Therefore, Centene Texas is entitled to judgment as a matter of law on the issue of willfulness.

Only where "employers have **knowledge that they are violating the FLSA** and choose

to continue to do so" is their conduct willful. *Lipnicki v. Meritage Homes Corp.*, 2014 WL 923524 at *9 (S.D. Tex. Feb. 13, 2014) (citing *Singer v. City of Waco*, 324 F.3d 813, 821-22 (5th Cir. 2003)) (emphasis added). In *Singer*, for example, a management employee admitted he knew the plaintiffs were being paid incorrectly, the defendant canceled a training seminar that would have brought the violations to the plaintiffs' attention, and the human resources director attempted to convince the defendant to study its pay practices, which the defendant's attorney rebuffed. *Id.* at 821-22. Only this type of clearly willful disregard for the law merits a willfulness determination.

Plaintiffs have adduced no evidence that would support a finding of willfulness in this case. For example, "[s]imply failing to seek legal advice concerning its pay practice does not evidence a willful violation of the statute." *Mireles*, 899 F.2d at 1416. Nor does failing to survey employees about their job duties. *Lipnicki*, 2014 WL 923524 at *10. Further, a negligent violation of the statute is not considered willful, and **even an employer that acts unreasonably does not commit a willful violation** as long as the employer is not reckless. *Mireles*, 899 F.2d at 1416; *Lipnicki*, 2014 WL 923524 at *10 (emphasis added).

Comparing this case to *Singer* illustrates why no reasonable juror could find that Centene Texas willfully violated the law. Plaintiffs have failed to adduce any evidence that Centene Texas had a reason to believe it was violating the law. On the contrary, Centene Texas believed it was in compliance. Centene Texas believed these employees were properly classified. Moreover, Centene Texas made an adequate inquiry into whether it was in compliance with the law. Indeed, Centene Texas's compensation department[1] reviewed each job description. Likewise, Centene Texas's local management testified that they had the ability to escalate to the

---

[1] Centene Texas outsources its compensation function to Centene Management Company.

6

compensation department to review exemptions but did not do so because local management believed the exempt status was correct. When new job descriptions were created, or when existing job descriptions were substantively revised, those positions were evaluated (or reevaluated) for exempt status.

Plaintiffs have no evidence that Centene Texas acted recklessly in classifying Plaintiffs as exempt. Thus, Centene Texas is entitled to judgment as a matter of law on this issue, and the two year statute of limitations applies. As a result, the claims of Plaintiffs Cynthia Cantu, Cordelia Garcia, Sherri Hodsdon, and Margueriette Schmoll are entirely time-barred, and Centene Texas is entitled to judgment as a matter of law with respect to those claims.[2]

## CONCLUSION

Based on the foregoing, Centene Texas is entitled to judgment on partial findings on the claims of the non-testifying Plaintiffs because there is insufficient evidence. Further, Centene Texas is entitled to judgment on partial findings on the claims of the testifying Plaintiffs because there is insufficient evidence of the number of weeks they worked. Moreover, because the two year statute of limitations applies, Centene Texas is also entitled to judgment as a matter of law with respect to the claims asserted by Plaintifs Cantu, Garcia, Hodsdon, and Schmoll, whose claims are entirely time-barred, and with respect to the claims asserted by all non-testifying Plaintiffs, who have failed to establish a *prima facie* case.

---

[2] Plaintiff Cantu opted-in to the class on June 5, 2013. The earliest time for which Plaintiff Cantu may recover is June 5, 2011. However, Plaintiff Cantu's employment ended on February 4, 2011. Plaintiff Garcia opted-in to the class on June 28, 2013. Under the two year statute of limitations, the earliest time for which Plaintiff Garcia may recover is June 28, 2011. However, Plaintiff Garcia's employment ended on August 27, 2010. Plaintiff Hodsdon opted-in to the class on June 5, 2013. Under the two year statute of limitations, the earliest time for which Plaintiff Hodsdon may recover is June 5, 2011. However, Plaintiff Hodsdon's employment ended on October 8, 2010. Plaintiff Schmoll filed this lawsuit on February 22, 2012. Under the two year statute of limitations, the earliest time for which Plaintiff Schmoll may recover is February 22, 2010. However, Plaintiff Schmoll's employment ended on January 27, 2010. *See* Exhibit A to the Parties' pre-trial stipulations.

                        Respectfully Submitted,

BY: /s/ *Michael J. Golden*
Michael J. Golden
State Bar No. 24032234

BOULETTE & GOLDEN LLP
2801 Via Fortuna, Suite 350
Austin, TX 78746
512.732.8902
512.732.8905 (facsimile)
mike@boulettegolden.com

Robert A. Kaiser
Jovita M. Foster
Jeremy M. Brenner
ARMSTRONG TEASDALE LLP
7700 Forsyth Blvd., Suite 1800
St. Louis, Missouri 63105
314.621.5070
314.621.5065 (facsimile)
rkaiser@armstrongteasdale.com
jfoster@armstrongteasdale.com
jbrenner@armstrongteasdale.com

ATTORNEYS FOR DEFENDANTS

**CERTIFICATE OF SERVICE**

    This is to certify that a true and correct copy of the above and foregoing has been served upon all counsel of record via HAND DELIVERY on this 3rd day of February, 2015, as follows:

David G. Langenfeld                      Rachhana T. Srey
In Courtroom                                     In Courtoom

                                      /s/ *Michael J. Golden*
                                      Michael J. Golden
                                      Counsel for Defendants