# EXHIBIT 5

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| KATHY CLARK, AMY ENDSLEY, SUSAN GRIMMETT, MARGUERIETTE SCHMOLL, AND KEVIN ULRICH, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br>v.<br><br>CENTENE COMPANY OF TEXAS, L.P.,<br><br>Defendant. | Civil Action No.: 1:12-cv-00174-SS |

**DECLARATION OF J. DEREK BRAZIEL**

I, J. Derek Braziel, being duly sworn, declare as follows:

1. My name is J. Derek Braziel and the statements contained herein are based on my personal knowledge.

2. I am a member in good standing of the bar of the State of Texas. I am a partner in the firm of Lee & Braziel, LLP in Dallas, Texas. Lee & Braziel represent workers in individual and class action litigation involving wage-and-hour claims throughout the United States.

3. I graduated *magna cum laude* from Baylor University in 1992, where I received a Bachelor of Business Administration in Marketing and Quantitative Business Analysis (Business Statistics). I attended the University of Virginia Law School from 1992 to 1995, where I served as the Chief Justice for the Law School's Moot Court Program. After graduating from law

1

school, I clerked for the Honorable Howell Cobb, United States District Judge for the Eastern District of Texas.

4. For the first six years after I finished my clerkship with Judge Cobb, I worked for the nation's largest Labor and Employment law firm, Littler Mendelson ("Littler"). At Littler, I specialized in Fair Labor Standards Act litigation and worked on a variety of overtime cases including class and collective actions. After leaving Littler in 2002, I began my own practice representing employees in wage and hour cases.

5. I have been Board Certified in Labor and Employment Law by the Texas Board of Legal Specialization since 2002. I have written articles for a variety of legal publications and have had articles printed and distributed in several publications, including the Dallas Bar Journal, and the ABA Treatises *Wage and Hour Laws, A State-by-State Survey*, and *The Fair Labor Standards Act*. I also serve on the ABA Treatise editorial board and am former Associate Editor-in-Chief of the supplement to that treatise. I have also lectured on FLSA and overtime matters at meetings, conferences, and MCLE programs sponsored by the National Employment Lawyers Association, the Dallas Bar Association, the Fort Worth Bar Association, the South Texas College of Law, and the American Bar Association.

6. I have litigated many wage-and-hour cases in federal court. The vast majority of those cases involved class litigation, either as a FLSA collective action, a Fed. R. Civ. P. 23 class action, or a hybrid of the two. Here is a small sample of the class/collective actions I have worked on:

> O'Donnell v. SWBYP, Civil Case No. 4:11-CV-01107-CEJ (E.D. Mo) (Class counsel for 500 call center workers in two locations in Missouri alleging failure to pay overtime; settlement approved in 2013).
>
> Shofner v. Convergys, *et al*. Case No. 2:10-cv-0568-JRG (E.D. Tex.) (Class counsel for over 5000 call center workers in five states, including two state law subclasses, for workers alleging unpaid overtime claims).

2

<ul>
<li>Oliver v. Aegis, Civil Case No.: 3:08-cv-828 (N.D. Tex) (Class counsel for approximately 15,000 person class of call center workers in over ten states including state law subclasses in four states).</li>

<li>Geddis v. Rescare, et al. Civil Case No.: 07- cv-00036-JTC (N.D. Ga.) (Class counsel for approximately 2000 home health care workers; resolved in 2012).</li>

<li>Signorelli v. Utiliquest, et al., Civil Case No: 5:08-CV-38-OC-10GRJ (M.D. Fla.) (Co-counsel; nationwide FLSA collective action and state class action covering eleven states and involving more than 4500 putative class members).</li>

<li>Rosenburg v. IBM, Inc., Case No. CV 06-00430 PJH (N.D. Cal.) (Co-counsel; nationwide collective and class action covering tens of thousands of IBM computer support personnel).</li>

<li>Dunwiddie v. Central Locating Service, Inc., Civil Case No.: 5:04CV315-OC-10GRJ (M.D. Fla.) (Co-counsel; nationwide FLSA collective action by more than 450 locators for unpaid overtime based on at-home computer time and travel time).</li>

<li>Pritchard v. SM&P Utility Resources, Inc., Civil Action No. 2-03CV-057 (E.D. Tex.) (Lead Counsel; nationwide FLSA collective action by 966 locators for unpaid overtime based on at-home computer time and travel time).</li>

<li>Camp v. The Progressive Corporation, et al., Civil Action No. 01-2680 (E.D. La.) (Co-Counsel on Steering Committee for class of over 1300 members; nationwide collective action filed by adjusters for unpaid overtime).</li>

<li>Owens v. Government Employees Insurance Company a/k/a GEICO, Civil Action No. 3-03CV0620-M (N.D. Tex.) (Lead counsel for class of over 1900 telephone dedicated employees; nationwide FLSA collective action)</li>
</ul>

7.      My regular local billing rate for wage and hour class and collective cases is $495 per hour for partners/shareholders and between $295 and $335 per hour for associates. My national rate is $585 per hour and our associate national rate is $360-$400 per hour. In my opinion, hourly rates of $495 to $650 are appropriate for partner/shareholder level lawyers who have a national practice, and are experienced in wage and hour class and collective action litigation. Similarly, hourly rates of $275 to $450 are appropriate for associate attorneys who have a national practice, and are experienced in wage and hour class and collective action litigation

3

8. I am familiar with the professional backgrounds and reputation of Nichols Kaster's lawyers and the law firm generally. Nichols Kaster is a national law firm with an excellent reputation. Nichols Kaster is known as one of the premier law firms handling wage and hour class and collective actions and is considered a leader in this area of the law. I have consulted with Nichols Kaster on many occasions regarding their interpretation of the FLSA, the Department of Labor regulations, and collective/class action strategies and procedures. I have also co-counseled cases with Nichols Kaster and am familiar with many of their attorneys from having worked with them. I know Mr. Lukas and Ms. Srey to be frequent lecturers on wage and hour topics at continuing education seminars across the country.

9. I have reviewed all of the various hourly rates that Nichols Kaster is seeking in this case for partners, associate attorneys, and staff. Based on my experience and knowledge, it is my opinion that these hourly rates (ranging from $275/hr to $525/hr) are reasonable given their skill, expertise, and reputations, and are within the range of rates awarded to attorneys with similar backgrounds and wage and hour expertise.

10. It is also my opinion that the hourly rate of $400.00 for David Langenfeld and Doug Welmaker charged by attorneys at the law firm of Dunham & Jones are reasonable hourly rates for attorneys with similar credentials and experience practicing in Austin, Texas.

11. Because of my significant experience in the wage and hour field both on the plaintiff and defense side, I am very familiar with the deeply challenging nature of this type of work. These cases are very time consuming and require significant resources and skilled trial lawyers to secure favorable results.

12. Further, in my opinion, it was entirely reasonable for the local attorneys at Dunham & Jones to request assistance from experienced FLSA collective counsel like Ms. Srey

4

and her colleagues in Minnesota, whom I know have previously handled similar misclassification cases involving utilization review nurses like those in this matter.  Ms. Srey and her colleagues are among the leaders of a small national bar of counsel who, like myself, travel around the country enforcing workers' rights under the FLSA wherever the violations arise.  The important statutory protections afforded to workers would be illusory if not for the work of Nichols Kaster and others in this specialized national bar.  Therefore, reasonable rates in a case like this one should be established by reference to the community of lawyers with this kind of skill and expertise, rather than be reference to local rates.

13.   Finally, in my experience, the amount of attorneys' fees and expenses incurred in prosecuting the present case is reasonable in light of the nature of the collective action litigation, the legal and factual issues presented in these types of cases, the length of this litigation, the amount of motion practice and discovery involved, and the significant results achieved for the Plaintiffs.

I declare, pursuant to 28 U.S.C. § 1746, and under penalty of perjury, that the forgoing is true and correct.

Dated:  June 18, 2015                                        /s/ J. Derek Braziel
                                                             J. Derek Braziel