# EXHIBIT 6

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
AUSTIN DIVISION

| | |
|---|---|
| KATHY CLARK, AMY ENDSLEY, SUSAN GRIMMETT, MARGUERIETTE SCHMOLL, AND KEVIN ULRICH, ON BEHALF OF THEMSELVES AND ALL OTHERS SIMILARLY SITUATED,<br><br>Plaintiffs,<br>v.<br><br>CENTENE COMPANY OF TEXAS, L.P.,<br><br>Defendant. | Civil Action No.: 1:12-cv-00174-SS |

### DECLARATION OF EDMOND S. MORELAND, JR.

I, Edmond S. Moreland, Jr., hereby declare subject to the penalties for perjury as follows:

1.      My name is Edmond S. Moreland, Jr. and the statements contained herein are based on my personal knowledge.

2.      I am an attorney in Wimberley, Texas. I obtained a Bachelor of Arts Degree, *Magna Cum Laude*, from Texas A&M University in 1994 and a Doctor of Jurisprudence Degree from The University of Texas School of Law in 1997. I am a member of the Labor and Employment Section of the State Bar of Texas, the Labor and Employment Section of the Federal Bar Association, the Texas Employment Lawyers Association and the National Employment Lawyers Association. I have handled numerous cases, mainly labor and employment cases, at both the trial and appellate levels in state and federal courts of appeal, including the United States Court of Appeals for the Fifth Circuit. I have also authored, co-authored and presented papers on

1

various labor and employment law and litigation issues, including wage and hour matters. I have been admitted to practice in all Courts in the State of Texas; the United States Supreme Court; the United States Courts of Appeals for the Fifth and Sixth Circuits; the United States District Courts for the Western, Northern, Eastern, and Southern Districts of Texas; and the Eastern District of Michigan.

3. I began working as an associate attorney for the Dallas, Texas labor and employment law firm then known as Gillespie, Rozen, Tanner & Watsky, P.C. in 1997, and I have been handling labor, employment, and other civil rights cases since that time. In August, 2000, I started the Law Office of Edmond S. Moreland, Jr. in Dallas, Texas. In 2009, I helped form the law firm of Floreani & Moreland, LLP, where I was a named partner, in Wimberley, Texas. In 2013, I formed the Moreland Law Firm, P.C. where I am shareholder and president.

4. I am acquainted with the work of the lawyers for the plaintiffs in this case from the Nichols Kaster firm. I am aware that they litigate and try national wage and hour cases. In addition, I am aware that they handle wage and hour cases on appeal. In fact, I am aware that two of the plaintiffs' counsel in this case, Mr. Lukas and Ms. Srey, played a significant role in a case recently decided by the United States Supreme Court, *Perez v. Mortgage Bankers Assoc.*, ---U.S.---, 135 S.Ct. 1199 (2015). I am also aware that these Nichols Kaster lawyers focus, and have for most of their careers, focused their labor and employment practice on the relatively complex and difficult sub-specialty of wage and hour litigation. I am aware of their reputation in the national legal community as wage and hour lawyers, and that reputation is very good.

5. I am aware of the customary rates for attorneys of various skill levels who practice within the Austin and San Antonio, Texas area who focus their practice in the area of labor and employment. For example, in May 2012, I was awarded attorney fees at a rate of $325 per hour

in case tried in November 2011 before a jury in the Western District of Texas, Austin Division, *Ransom v. M. Patel Enterprises, Inc.*, 859 F. Supp.2d 856 (W.D. Tex. 2012), *vacated on other grounds*, 734 F.3d 377 (5th Cir. 2013). I have now been practicing labor and employment law for more than 17 years. The customary rate for attorneys of my skill level, experience, expertise, and certification in the Austin and San Antonio area is in the range of at least $350 to $400 per hour. I am also aware that partners at Ogletree, Deakins, Nash, Smoak & Stewart, P.C., a primarily management-side labor and employment law firm with a presence in Austin, Texas were, five years ago, commanding a median hourly rate of $389.00. *See The National Law Journal*, December 2010, p. 13. In addition, according to the 2011 *Texas Lawyer* survey of billing rates in the Austin and San Antonio region, equity partners billed, on average, $372 per hour in 2010 and $386 per hour in 2011; and non-equity partners billed, on average, $327 per hour in 2010 and $337 per hour in 2011. *Texas Lawyer*, Pg. 1 Vol. 27 No. 22 (August 29, 2011).

6. I have reviewed the hourly rates that counsel for the plaintiffs are seeking in this case. As I understand it, plaintiffs' counsel are seeking $525 per hour for Paul J. Lukas, a 24-year lawyer who is a partner at the firm, $425 per hour for Rachhana T. Srey, an 11-year lawyer who is also a partner, and $275 per hour for Alexander M. Baggio, a 6-year lawyer who was the primary associate working on the file. Based on my experience and knowledge, it is my opinion that these hourly rates are reasonable given the attorneys' skills, reputations, and their particular focus on, and expertise in, wage and hour litigation. It is also my opinion that they are within the range of rates awarded to or charged by attorneys with similar backgrounds and experience. They also reflect the quality of the work the plaintiff's lawyers have performed in this relatively difficult, hard-fought, multi-plaintiff case tried to judgment.

7. I have reviewed the attorney time sheets in this case for the lawyers listed in paragraph 6, *supra*. Plaintiffs' counsel have exercised billing judgment in this case. As they have represented to the Court, plaintiffs' counsel have written off attorney and staff time on this case by (i) not billing an attorney's or staff's time who expended a total of less than 1 hour on the case; (ii) charging a lower rate than what they typically bill in other markets; (iii) billing in increments of .10 (six minutes) rather than .25 (15 minutes); (iv) utilizing attorney-supervised class action clerks to perform many necessary litigation tasks at a lower hourly rate than an attorney (v) writing off redundant time; (vi) writing off entirely the work of one lawyer who spent time working on the plaintiffs' successful opposition to decertification; and (vii) writing off approximately $6,000.00 in work on two unsuccessful responses to motions from May and July 2014.

8. Furthermore, the hours claimed are well within what other attorneys handling FLSA cases (particularly ones with 26 plaintiffs and complex FLSA issues such as this one) would typically incur in attorney's fees in a complicated 26-plaintiff FLSA case tried to completion, and then worked through post-trial and post-judgment briefing. The ratio between attorneys' fees and relief obtained for the plaintiffs is consistent with the ratio in many FLSA cases. Specifically, the plaintiffs have obtained a judgment for the total amount of $242,496.98 in damages for 20 individual plaintiffs. In many FLSA cases, attorneys' fees are often greater than the plaintiff's recovery, and sometimes they are greater by many multiples. As I understand it, in this case, the fees the plaintiffs' lawyers are seeking are less than four (4) times the damages the attorneys worked to recover for 20 individual plaintiffs. Based on my experience in preparing, trying and handling FLSA collective action cases, in my opinion, the hours for which the plaintiffs' attorneys are seeking fees are reasonable and necessary to the successful outcome of this hard-fought matter.

I declare, pursuant to 28 U.S.C. § 1746, and under penalty of perjury, that the forgoing is true and correct.

Dated:  June 18, 2015

_____
Edmond S. Moreland, Jr.

5