FILED

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE WESTERN DISTRICT OF TEXAS** 2015 NOV 10 PM 2: 42
**AUSTIN DIVISION**

CLERK US DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY_____
DEPUTY

**KATHY CLARK, AMY ENDSLEY, SUSAN
GRIMMETT, MARGUERIETTE SCHMOLL,
and KEVIN ULRICH, on Behalf of Themselves
and All Others Similarly Situated,**
                                    **Plaintiffs,**

-vs-                                                          **Case No.  A-12-CA-174-SS**

**CENTENE  CORPORATION  and  CENTENE
COMPANY OF TEXAS, L.P.,**
                                    **Defendants.**

---

## O R D E R

    BE IT REMEMBERED on this day the Court reviewed the file in the above-styled cause, and

specifically Plaintiffs' Bill of Costs [#160]; Plaintiffs' Motion for Attorney's Fees and Costs [#161];

Defendant Centene Company of Texas, L.P.'s Objections to Plaintiffs' Bill of Costs [#163];

Defendant Centene Company of Texas, L.P.'s Objection to Plaintiffs' Motion for Attorney's Fees

[#166]; and Plaintiffs' Motion for Leave to File Reply Memorandum in Support of Motion for

Attorney's Fees and Costs and Response to Defendant's Objection to Plaintiffs' Bill of Costs and

to Exceed Page Limit [#167].[1]  Having reviewed the documents, the governing law, and the file as

a whole, the Court now enters the following opinion and orders.

---

    [1] Plaintiffs' Motion for Leave to File Reply Memorandum in Support of Motion for Attorney's Fees and Costs
and Response to Defendant's Objection to Plaintiffs' Bill of Costs and to Exceed Page Limit [#167] is GRANTED.

## Background

This is a collective action under the Fair Labor Standards Act (FLSA), 29 U.S.C. §§ 201–209.  In general, Plaintiffs, who worked as utilization review nurses (URNs) for Defendant Centene Company of Texas, L.P. (Centene), alleged they were incorrectly classified as exempt from the FLSA's overtime requirements and entitled to unpaid overtime.  On May 11, 2015, following a three-day bench trial, the Court rendered judgment against Centene and in favor of twenty-one named and opt-in Plaintiffs.  Plaintiffs have now moved for an award of attorney's fees and costs, requesting an award of $918,585[2] in attorney's fees and $28,206.01 in costs, and filed a separate bill of costs, requesting taxation of an additional $12,669.23, all to be paid by Centene.

The relevant history is as follows.  On February 22, 2012, Plaintiffs Kathy Clark, Amy Endsley, Susan Grimmett, Margueriette Schmoll, and Kevin Ulrich initiated this action by filing their complaint against Defendants Centene and Centene Corporation, which Plaintiffs alleged were their joint employers.  *See* Compl. [#1] at 1, 5.  Following an early discovery dispute between Plaintiffs and Centene Corporation and the filing of Plaintiffs' first motion for conditional certification, *see* Mot. Compel [#29]; Mot. Certification & Notice [#38], the Court ordered the parties to file cross-motions for summary judgment on the question whether Centene Corporation, the parent company of Centene, was Plaintiffs' employer under the FLSA, and dismissed without prejudice the pending motions to compel and for certification.  *See* Order of Dec. 10, 2012 [#41] at 1.  On February 1, 2013, the Court granted summary judgment in favor of Centene Corporation, finding Centene Corporation was not Plaintiffs' employer.  *See* Order of Feb. 1, 2013 [#50] at 15.

---

[2] While Plaintiffs' original motion requested $918,945, Plaintiffs reduced their request by $360 in their reply to account for three time entries described only as "0.4."  *See* Reply [#167-2] at 2 n.1.

Plaintiffs filed their second motion for conditional certification of the collective action on February 14, 2013. *See* Second Mot. Certification & Notice [#54-2]. On May 8, 2013, the Court granted the motion. *See* Order of May 8, 2013 [#62]. More discovery problems arose, this time concerning the number of Plaintiffs Centene would be permitted to depose; as a result of the dispute, both parties filed motions with the Court, with Centene seeking to depose every opt-in Plaintiff and Plaintiffs seeking to limit Centene to five additional depositions, primarily on grounds of expense and needlessness, given the type of proof required to establish damages in FLSA actions. *See* Mot. Protective Order [#86]; Mot. Leave Exceed Presumptive Deposition Limit [#99]. The Court split the difference, permitting Centene to take ten additional depositions, but warned Centene that "additional discovery in this case will mean more probably that [Centene] will simply incur additional expenses of attorney's fees" and ordered defense counsel "to advise its client of the rather strong possibility that all of these discovery measures may result in the total expense of attorney's fees and costs to be paid by [Centene] at the conclusion of this lawsuit." Order of May 22, 2014 [#104] at 2.

Following discovery, Centene simultaneously moved to decertify and for summary judgment, *see* Mot. Summ. J. [#110]; Mot. Decertify [#111], and Plaintiffs cross-moved for partial summary judgment on liability, *see* Mot. Partial Summ. J. [#113-1]. The Court denied Centene's motion to decertify and granted summary judgment in favor of Plaintiffs as to liability, finding Centene improperly classified URNs as exempt from overtime under the FLSA. *See* Order of Sept. 2, 2014 [#127] at 10, 16, 27. However, the Court found genuine issues of fact remained concerning (1) whether Centene willfully violated the FLSA, thereby extending the limitations period from two years to three, and (2) Centene's good-faith defenses under 29 U.S.C §§ 259 and 260. *See id.* at 18,

20.   Additionally, of the thirty Plaintiffs in the action at that time, the Court dismissed one who voluntarily withdrew from the case (Norma Martinez) and granted Centene's motion for summary judgment as to two others (Gabriel Mendiola and Christina Vaughn), whose claims were time-barred. *Id.* at 20–21.

The case proceeded to bench trial on the issues of damages, willfulness, and good faith. Prior to the beginning of trial, the parties stipulated that one of the remaining twenty-seven plaintiffs (Rose Guajardo) was ineligible to bring a claim.  Findings Fact Conclusions Law [#156] at 3 n.1.  Thus, twenty-six named and opt-in Plaintiffs were part of the litigation at the time of trial.  *Id.*  After trial concluded, the Court issued its findings of fact and conclusions of law on May 11, 2015, which held: (1) Centene did not act willfully in misclassifying Plaintiffs, although the undersigned described the issue as "a close question"; (2) as such, a two-year limitations period applied to Plaintiffs' claims, time-barring the claims of four Plaintiffs (Margueriette Schmoll, Cynthia Cantu, Cordelia Garcia, and Sherri Hodsdon); (3) with respect to all but one of the non-testifying Plaintiffs (Angelita Cervantez), Plaintiffs carried their burden to demonstrate the number of hours Plaintiffs worked as a matter of just and reasonable inference, and Centene failed to negate the reasonableness of that inference; and (4) an award of liquidated damages was proper. *Id.* at 14.  The Court further ordered the parties to submit an agreed calculation of the damages to which each remaining Plaintiff was entitled consistent with the Court's findings of fact and conclusions of law.  *Id.* at 31.

After the parties submitted their agreed calculation of damages, the Court entered judgment against Centene in the total amount of $242,496.98, with post-judgment interest to accrue on each Plaintiff's award at 0.26% per annum until paid. *See* J. [#158].  Centene appealed the judgment to the Fifth Circuit on July 2, 2015.  The instant motion for fees and costs and bill of costs followed.

**Analysis**

## I.   Motion for Attorney's Fees—Fair Labor Standards Act

The Fair Labor Standards Act provides that "[t]he court in such action shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. § 216(b). While, as in all cases where a court entertains a motion for attorney's fees, "'the most critical factor in determining a fee award is the degree of success obtained,'" *Singer v. City of Waco, Tex.*, 324 F.3d 813, 829 (5th Cir. 2003) (quoting *Romaguera v. Gegenheimer*, 162 F.3d 893, 896 (5th Cir. 1998)), in an FLSA action, "'an attorney's failure to obtain every dollar sought on behalf of his client does not automatically mean that the modified lodestar amount should be reduced.'" *Id.* at 830 (quoting *Spegon v. Catholic Bishop of Chi.*, 175 F.3d 544, 558 (7th Cir. 1999)).

## II.   Application

As previously noted, Plaintiffs request an award of $918,585 in attorney's fees and $28,206.01 in costs. Additionally, Plaintiffs filed a separate bill of costs, requesting taxation of an additional $12,669.23. The Court addresses the motion for fees and costs and the bill of costs in turn.

### A.   Attorney's Fees

The Fifth Circuit uses a two-step process to calculate attorney's fees. *Heidtman v. Cnty. of El Paso*, 171 F.3d 1038, 1043 (5th Cir. 1999). First, a court calculates a "lodestar" figure "by multiplying the number of hours reasonably expended by an appropriate hourly rate in the community for such work." *Id.* In so doing, the court considers whether the attorneys demonstrated proper billing judgment by "writing off unproductive, excessive, or redundant hours." *Walker v.*

*U.S. Dep't of Hous. & Urban Dev.*, 99 F.3d 761, 769 (5th Cir. 1996). The plaintiff has the burden of showing the reasonableness of the hours billed and proving the exercise of billing judgment. *Id.* at 770.

After calculating the lodestar, the court may increase or decrease it based on the factors set forth in *Johnson v. Georgia Highway Express, Inc.*, 488 F.2d 714, 717–19 (5th Cir. 1974), *abrogated on other grounds by Blanchard v. Bergeron*, 489 U.S. 87 (1989). *Heidtman*, 171 F.3d at 1043. Those factors are: (1) the time and labor required by the litigation; (2) the novelty and difficulty of the issues; (3) the skill required to perform the legal services properly; (4) the preclusion of other employment by the attorney; (5) the customary fee; (6) whether the fee is fixed or contingent; (7) the time limitations imposed by the client or circumstances; (8) the amount involved and results obtained; (9) the experience, reputation, and ability of the attorney; (10) the undesirability of the case; (11) the nature and length of the professional relationship with the client; and (12) the award in similar cases. *Id.* at 1043 n.5 (citing *Johnson*, 488 F.2d at 717–19).

Where a prevailing party was only partially successful, the court must consider two further issues: first, the relationship between the claims on which the plaintiff succeeded and those on which he did not, and second, whether the plaintiff achieved a level of success that makes the hours expended a satisfactory basis for a fee award. *Hensley v. Eckerhart*, 461 U.S. 424, 434 (1983). Specifically, in a suit where the plaintiff presents "distinctly different claims for relief that are based on different facts and legal theories[,] . . . work on an unsuccessful claim cannot be deemed to have been expended in pursuit of the ultimate result achieved"; thus, no fee award for that work is permitted. *Id.* at 434–35 (internal quotes omitted). In contrast, where the suit "involve[d] a common core of facts" or was "based on related legal theories," the court "should focus on the significance

of the overall relief obtained by the plaintiff in relation to the hours reasonably expended on the litigation." *Id.* at 435.

Plaintiffs, of course, argue their fee request is reasonable and should be fully awarded. Plaintiffs contend the majority of counsel's time was spent on matters concerning the "common core of facts" in this case—Plaintiffs' exemption classification, the number of hours Plaintiffs worked, and whether Plaintiffs were similarly situated.  Plaintiffs state counsel exercised billing judgment by eliminating $24,140 from their fee request, comprised of attorney hours spent on the unsuccessful motion for summary judgment against Centene Corporation, attorney hours spent on Centene's motions to quash and compel, one lawyer's work on Plaintiffs' successful opposition to decertification, some time spent in mediation and on organizing the case file, and the time of staff or attorneys who spent less than one hour on the case.  Plaintiffs also represent counsel assigned tasks to attorneys and staff with lower billable rates when possible.  Plaintiffs argue counsel's hourly rates are reasonable and within the range of rates charged by attorneys who practice in Austin and specialize in FLSA litigation, and contend no downward adjustment in the lodestar is warranted given the degree of success Plaintiffs obtained, the difficulties involved in litigating an FLSA collective action, and the fact counsel took this case on contingency.

Equally unsurprisingly, Centene objects to Plaintiffs' fee request, arguing the hourly rates charged by Plaintiffs' counsel are unreasonable for the Austin area, Plaintiffs' counsel have failed to exercise billing judgment, and many of Plaintiffs' counsel's time entries are vague or duplicative. Centene further contends a downward adjustment in the lodestar is appropriate given Plaintiffs' limited degree of success in the litigation.  As such, Centene requests: a decrease in the hourly rates charged by Plaintiffs' counsel; an initial reduction of $233,137.50 to account for time billed on

clerical duties, in travel, and by Alexander Wise, a Nichols Kaster "Litigation Support Specialist";

a 30% reduction across the board to account for allegedly vague and duplicative time entries; and

an unspecified reduction to account for Plaintiffs' limited success.

### 1. Reasonableness of hours expended

#### i. Vagueness

Centene's first objection is to the alleged vagueness of certain hours claimed by Plaintiffs.

The district court may properly reduce or eliminate hours when the supporting documentation is too

vague to permit meaningful review. *La. Power & Light Co. v. Kellstrom*, 50 F.3d 319, 326 (5th Cir.

1995). The Fifth Circuit has not precisely defined the appropriate standard for vagueness, instead

leaving the district court with leeway within which to accept or reject fee applications where the

court deems them "not illuminating as to the subject matter" or "vague as to precisely what was

done." *Id.* (quoting and citing *Leroy v. City of Hous. (Leroy II)*, 906 F.2d 1068, 1080 (5th Cir.

1990)).

Centene claims the following specific entries are overly vague: (1) 34 hours claimed by Paul

Lukas described as "Trial preparation"; (2) 39 hours claimed by Paul Lukas described as "Prepare

for and attend trial"; (3) 1.8 hours claimed by Rachhana Srey described as "Review case file

regarding discovery," "Telephone call with co-counsel regarding strategy," "Email to Daneka Hill

regarding case file," and "Meet with DES regarding trial strategy," where "DES" is not identified;

(4) 3.4 hours claimed by Daneka Hill described as "Compile all Plaintiff information"; and (5) 16.4

hours billed by Zachary Walton for "Review and organize documents for trial."

The Court agrees "compile all Plaintiff information" and "meet with DES regarding trial

strategy," where DES is unidentified, are overly vague entries. Accordingly, the Court disallows 3.4

hours claimed by Hill and .3 hours claimed by Srey. Similarly, "trial preparation," given the number of hours claimed and so-described, stretches the bounds of meaningful review; 17 of the 34 hours claimed by Lukas are therefore disallowed. The Court finds the remainder of the disputed entries, however, are "not so vague or unilluminating" as to warrant disallowance of the time claimed, particularly in light of the fact that "practical considerations of the daily practice of law in this day and age preclude 'writing a book'" to describe time entries. *See League of United Latin Am. Citizens No. 4552 (LULAC) v. Roscoe Indep. Sch. Dist.*, 119 F.3d 1228, 1233 (5th Cir. 1997) (quoting *Kellstrom*, 50 F.3d at 326).

### ii.   Clerical work

Centene objects Plaintiffs improperly seek a fee award for clerical work performed by support personnel and a handful of attorneys. First, Centene argues the time billed by James Hauschild, law clerk, should be excluded because Hauschild "appears to be . . . a law student" (whose work, the Court presumes, was ostensibly clerical). Objection Mot. Attorney's Fees [#166] at 8–9. The Court disagrees. Hauschild is a licensed attorney, not a law student. *See* Reply [#167-2] at 9 n.11. Further, a review of the Nichols Kaster billing log reveals Hauschild was closely involved in the discovery process and played a key role in both producing discoverable information to Defendants and managing Plaintiffs' discovery plan. *See* Mot. Attorney Fees [#161-4] Ex. 2 (Nichols Kaster Billing Log) at 4–7 (time entries for JFH). The Court agrees with Plaintiffs that these tasks are neither vague nor clerical, and declines to exclude Hauschild's hours. *See In re Enron Corp. Sec., Derivative & ERISA Litig.*, 586 F. Supp. 2d 732, 781–82 (S.D. Tex. 2008) (permitting fee award for work of contract attorney who "created . . . internal document/deposition management protocols" and "participated substantially in document review and organization").

Second, Centene argues time billed by Alexander Wise, "Litigation Support Specialist," should be excluded because "one cannot tell from the entries what Mr. Wise did." Objection Mot. Attorney's Fees [#166] at 12–13. On the contrary, the Court is perfectly able to tell from the entries what Mr. Wise did. Wise reviewed and analyzed documents related to the hours worked by each of the Plaintiffs, including the data Plaintiffs entered into the CCMS system, and calculated damages. *See* Reply [#167-2] at 9; Nichols Kaster Billing Log at 8, 16, 33, 44–45, 52–57 (entering tasks related to "time analysis," "damages calculations," "damages analysis," "CCMS data" analysis, and the like). The Court agrees these tasks are neither vague nor clerical, and declines to exclude Wise's time on either basis. *See Missouri v. Jenkins by Agyei*, 491 U.S. 274, 288 n.10 (giving "compilation of statistical and financial data" as an example of compensable non-clerical work sometimes performed by non-lawyers).

Centene further seeks the exclusion of all hours performed by Daneka Hill, Elizabeth Fisher, Kristine Nelson, and Monica Thompson, paralegals; Bridgette Boler, William Hinshaw, and Zachary Waldon, "Class Action Clerks"; and Ben Michael and Michael Parsons, attorneys. Notably, Centene's objections consist primarily of generic assertions these individuals "predominate[ly]" or "commonly" performed clerical tasks. *See* Objection Mot. Attorney's Fees [#166] at 8. While Centene does repeat a few of the time-entry descriptions it believes reflect clerical work, *see id.*, Centene does not include any pincites, instead merely citing to the billing logs submitted by Plaintiffs—two exhibits spanning over 120 densely packed pages—in their entirety. *See id.* (citing "Pl[.]'s Ex. 2" and "Pl[.]'s Ex. 4"). These perfunctory and unhelpful citations are wholly inadequate. It is not the Court's responsibility to pore through 120 pages of timesheets in order to substantiate

Centene's allegations that the time spent by Plaintiffs' support staff was "invariably" clerical.  *See id.*

On the other hand, the Court notes it is Plaintiffs' burden to demonstrate the reasonableness of their hours expended, and the manner in which Plaintiffs have presented their time records does not lend itself to easy review.  In the Nichols Kaster billing log, the time entries of all thirteen employees who worked on this case—attorneys, paralegals, and other support staff—are all presented in one enormous spreadsheet, rather than divided by name or job title into more readily digestible blocks.  Worse, within the enormous spreadsheet, the person responsible for a particular entry is identified only by his or her initials, meaning ascertaining who performed a task and what role that person filled involves consulting a key.  As approximately 32 lines of the spreadsheet fit on one page, review of the Nichols Kaster billing log alone requires individualized review of approximately 1,920 separate time entries logged by thirteen different people.   The Court admonishes Plaintiffs that such an unwieldy presentation of data makes conducting meaningful review a lengthy and difficult process for the Court, and may well be grounds for dismissing a fee application in its entirety.

Given both parties' failings, the Court spent more time than is perhaps prudent conducting a review of both billing logs submitted by Plaintiffs.  Concerning Ben Michael and Michael Parsons, two Dunham & Jones attorneys (presumably associates) who appear to have acted in a supporting role, the Court agrees some of their hours must be excluded as vague and/or clerical in nature.  A large chunk of both Michael and Parsons' time was spent "creating" and "revising" various un-illuminatingly named "Discovery Spreadsheets," *see* Mot. Attorney's Fees [#161-6] Ex. 4A (Dunham & Jones Billing Log) at 35–38, 40–41, and in the face of Centene's objection, Plaintiffs

have failed to clarify whether the creation and revision of those spreadsheets was clerical or legal in nature. Accordingly, the Court excludes 77.8 hours billed by Ben Michael and 46.6 hours billed by Michael Parsons. The Court further finds the following support-staff hours should be excluded from Plaintiffs' fee award either for vagueness or because the work performed was clerical in nature: (1) 24.2 hours claimed by Bridgette Boler, Class Action Clerk; (2) 12.4 hours claimed by Elizabeth Fisher, paralegal; (3) 34.9 hours claimed by Daneka Hill, paralegal; (4) 16.8 hours claimed by Zachary Waldon, Class Action Clerk; (5) 3.5 hours claimed by Kristine Nelson, paralegal; and (6) 12.5 hours claimed by Monica Thomason, paralegal.

### iii. Travel

Centene next contends time billed for travel should be excluded, as Plaintiffs have billed it at each biller's full hourly rate, and Plaintiffs should not be permitted to recover for time their out-of-state counsel spent "sit[ing] in an airplane and travel[ing] to the forum state." Objections Mot. Attorney's Fees [#166] at 12. While the Fifth Circuit has yet to decide whether travel time should be discounted automatically, courts in this Circuit have found it appropriate to award travel time at a discounted rate, at least in the absence of proof legal work was performed during the travel. *See Watkins v. Fordice*, 7 F.3d 453, 459 (5th Cir. 1993) (finding district court did not abuse its discretion by discounting the hourly rate billed for travel time); *Smith v. Walthall Cnty.*, 157 F.R.D 388, 393 (S.D. Miss. 1994) (compensating hours claimed for travel at half counsel's normal rate). The Court finds it appropriate to discount the hourly rate claimed for travel by half. As such, (1) 42 hours claimed by Rachhana Srey, (2) 23 hours claimed by David Langenfeld, (3) 30.4 hours claimed by Alexander Baggio, (4) 10 hours claimed by Paul Lukas, (5) 10 hours claimed by Thomas Bleich, and (6) 10 hours claimed by Alexander Wise will be billed at half the hourly rate.

### iv.    Duplication of effort/excessive billing

Finally, Centene objects that counsel for Plaintiffs engaged in unnecessary duplication of effort and billed excessively, noting that Plaintiffs seek fees for the work of twenty-three individuals, more than the number of successful Plaintiffs, and that a number of attorneys whose time is billed played no substantive role in the litigation.  Centene argues the Court should perform an across-the-board reduction to account for duplication of effort and excessive billing, and additionally argues the time billed by Chris Jeansonne, Doug Welmaker, Jeff Casey, Anna Prakash, and Timothy Selander should be excluded in its entirety, as none of these attorneys ever entered an appearance, signed a pleading, or attended a deposition.  Plaintiffs do not meaningfully respond to either argument.

Having reviewed the record, the Court agrees with Centene that Plaintiffs' failure to write off or at least reduce the time claimed by attorneys who played no substantive role in this case, or to examine whether attorneys and staffers engaged in duplication of effort and reduce time claimed accordingly, reflects poor billing judgment.  *See Walker*, 99 F.3d at 769 (billing judgment includes writing off unproductive, excessive, or redundant hours).  Consequently, the Court declines to award fees for work performed by Jeansonne, Welmaker, Casey, Prakash, and Selander, and reduces the total number of hours claimed by all remaining timekeepers by an additional 5%.

### 2.    Hourly rates

Reasonable hourly rates are determined by looking to the prevailing market rates in the relevant legal community for similar services by attorneys of reasonably comparable skills, experience, and reputation.  *McClain v. Lufkin Indus., Inc.*, 649 F.3d 374, 381 (5th Cir. 2011).  Plaintiffs submit the following hourly rates for the attorneys who worked on the case (and whose

time has not been excluded in its entirety by the Court): (1) Rachhana Srey, partner, $425 per hour;
(2) Paul Lukas, partner, $525 per hour; (3) Alexander Baggio, associate, $275 per hour; (4) David
Langenfeld, "attorney," $400 per hour; (5) Mitchell Dooley, "attorney," $400 per hour; (6) Ben
Michael, "attorney," $250 per hour; (7) Michael Parsons, "attorney," $250 per hour; (8) Thomas
Bleich, "attorney," $300 per hour;[3] and (9) Colin Moore, "attorney," $250 per hour. *See* Nichols
Kaster Billing Log at 2; Dunham & Jones Billing Log at 7.

      First, the Court finds Plaintiffs have failed to prove the reasonableness of the rates charged
for any of the Dunham & Jones attorneys. No information about the Dunham & Jones firm, and very
little, if any, information about the Dunham & Jones attorneys, is included in the current record. The
Court cannot definitively ascertain whether Langenfeld, Dooley, Michael, Parsons, Bleich, and
Moore are partners, associates, of counsel, or in some other role, as all are referred to only as
"attorneys" in the pleadings. *See* Dunham & Jones Billing Log at 7; Mot. Attorney's Fees [#161-6]
Ex. 4 (Langenfeld Decl.) ¶¶ 1, 12. Given this lack of information, the Court has very little with
which to evaluate the propriety of the hourly rates Plaintiffs claim for these individuals.

      Centene notes the median hourly rate for a labor and employment attorney in the Austin-
Round Rock area, according to the State Bar of Texas 2013 Hourly Rate Fact Sheet, is $263. *See*
STATE BAR OF TEXAS, 2013 HOURLY FACT SHEET at 14.[4] As such, given the paucity of information
in the record regarding the Dunham & Jones attorneys, the Court finds it appropriate to reduce the

---

[3] Plaintiffs' summary of the time billed in the Dunham & Jones log indicates 3 hours of Bleich's time are billed
at $400 per hour. *See* Dunham & Jones Billing Log at 7. However, the Court has been unable to locate the 3 hours
charged at this higher rate within the log. As such, the Court will treat these 3 hours as billed at Bleich's $300 rate.

[4] Available at https://www.texasbar.com/AM/Template.cfm?Section=Demographic_and_Economic_Trends&
Template=/CM/ContentDisplay.cfm?ContentID=27264.

hourly rates for Langenfeld and Dooley from $400 per hour to $300 per hour, for Bleich from $300 to $200 per hour, and for Michael, Parsons, and Moore from $250 to $150 per hour.

There is much more evidence in the record regarding the Nichols Kaster attorneys. Plaintiffs have included a full firm informational packet complete with biographies of each attorney in the Nichols Kaster firm. Plaintiffs argue the rates charged by Rachhana Srey, Paul Lukas, and Alexander Baggio are appropriate for the Austin employment law community, and point to the declarations of Derek Braziel, Edmond Moreland, and Rex Burch in support of their claimed rates.

As Braziel and Burch hail from Dallas and Houston rather than from Austin, their testimony regarding the prevailing market rate in the Austin legal community is of limited assistance to the Court. *See* Mot. Attorney's Fees [#161-7] Ex. 5 (Braziel Decl.) ¶ 2; *id.* [#161-9] Ex. 7 (Burch Decl.) ¶ 2. Moreland, however, practices in Wimberley, Texas, which is located in the Austin area. *See* Mot. Attorney's Fees [#167-8] Ex. 6 (Moreland Decl.) ¶ 2. In his declaration, Moreland testifies the customary rate for labor and employment specialists of his skill level practicing in the Austin area "is in the range of at least $350 to $400 per hour." *Id.* ¶ 5. While Srey's claimed $425-per-hour rate abuts that range, Plaintiffs have provided no representative cases supporting an award of $525 per hour—Lukas's claimed rate—to an Austin-area labor and employment law practitioner.[5]

Consequently, the Court finds Srey's claimed $425-per-hour rate reasonable in light of her experience and skill and the rates of Austin-area attorneys, but reduces Lukas's claimed rate from

---

[5] Plaintiffs point to *Roussel v. Brinker International, Inc.*, Civil Action No. H-05-3733, 2010 WL 1881898 (S.D. Tex. Jan. 13, 2010), *Villegas v. Regions Bank*, Civil Action No. H-11-904, 2013 WL 76719 (S.D. Tex. Jan. 4, 2013), and *Black v. SettlePou, P.C.*, No. 3:10-CV-1418-K, 2014 WL 3534991 (N.D. Tex. July 17, 2014), in support. None of these cases are apposite. *Roussel*, which approved a $500 hourly rate for one attorney, was litigated in Houston, not Austin, and the parties stipulated to the fairness of the attorneys' hourly rates. *See Roussel*, 2010 WL 1881898, at *3. The *Villegas* court approved a $450 hourly rate, but that case was also litigated in Houston. *See Villegas*, 2013 WL 76719, at *3. Finally, *Black* approved a $450 hourly rate, but was litigated in Dallas, not Austin. *See Black*, 2014 WL 3534991, at *5.

$525 to $425.  While a $425-per-hour figure is greater than the median amount reported in the Hourly Rate Fact Sheet, the Court finds Srey and Lukas are highly skilled and experienced attorneys who command an above-median rate.  Additionally, the Fact Sheet is several years old, and a $425-per-hour figure comports with the "at least $350 to $400 per hour" range testified to by Moreland.  *See Alex v. KHG of San Antonio, LLC*, —F. Supp. 3d—, 2015 WL 5098327, at *3 (W.D. Tex. 2015) (increasing rate over State Bar of Texas report given age of report, skill of attorneys, and relevant declarations in the record).  Centene does not raise any specific objection to the hourly rate of $275 claimed by Alexander Baggio, and the Court finds it reasonable for the same reasons.

Centene has not objected to the hourly rates Plaintiffs claim for the remaining support staff serving both firms: (1) James Hauschild, law clerk, $150 per hour; (2) Daneka Hill, Elizabeth Fisher, and Kristine Nelson, paralegals, $150 per hour; (3) Bridgette Boler, William Hinshaw, and Zachary Waldon, Class Action Clerks, $150 per hour;  (4) Alexander Wise, Litigation Support Specialist, $150 per hour; and (5) Monica Thomason, paralegal, $125 per hour.  According to the State Bar of Texas 2010 Paralegal Division Compensation Survey Report, the median hourly rate for a paralegal in the Austin area in 2010 was $120.  STATE BAR OF TEXAS, 2010 PARALEGAL DIVISION COMPENSATION REPORT at 16.[6]  As such, the Court finds the hourly rates claimed for the support staff outlined above are reasonable for the Austin area.

### 3.    Calculation of the lodestar

Given all of the above, the Court calculates the lodestar as follows:[7]

---

[6] *Available at* https://www.texasbar.com/AM/Template.cfm?Section=Demographic_and_Economic_Trends&Template=/CM/ContentDisplay.cfm&ContentID=13348.

[7] *See also* Exhibit A to this opinion for a more detailed explanation of the calculations.

- Rachhana Srey: 473.3 hours, 431.3 at $425/hour, 42 at $212.50/hour, total $192,227.50;

- Alexander Baggio: 676.5 hours, 646.1 at $275/hour, 30.4 at $137.50/hour, total $181,857.50;

- Daneka Hill: 226.3 hours at $150/hour, total $33,945;

- James Hauschild: 149.4 hours at $150/hour, total $22,410;

- Paul Lukas: 84.1 hours, 74.1 at $425/hour, 10 at $212.50/hour, total $33,617.50;

- Alexander Wise: 63.4 hours, 53.4 at $150/hour, 10 at $75/hour, total $8,670;

- Bridgette Boler: 27.4 hours at $150/hour, total $4,110;

- Elizabeth Fisher: 31.9 hours at $150/hour, total $4,785;

- William Hinshaw: 24.9 hours at $150/hour, total $3,375;

- Zachary Waldon: 0.2 hours at $150/hour, total $30;

- Kristine Nelson: 5.3 hours at $150/hour, total $795;

- David Langenfeld: 325.2 hours, 302.2 at $300/hour, 23 at $150/hour, total $94,110;

- T. Mitchell Dooley: 260.3 hours at $300/hour, total $78,090;

- Ben Michael: 36.8 hours at $150/hour, total $5,520;

- Michael Parsons: 61.3 hours at $150/hour, total $9,195;

- Thomas Bleich: 69.2 hours, 59.2 at $200, 10 at $100/hour, total $12,940;

- Colin Moore: 53.1 hours at $150/hour, total $7,965;

- Monica Thomason: .4 hours at $125/hour, total $50;

- **Lodestar:**          $693,952.50.

### 4.    The degree of success obtained

Finally, Centene argues the lodestar must be reduced to account for Plaintiffs' limited degree of success in the litigation. *See Johnson*, 488 F.2d at 718 (noting fee award should reflect "the

-17-

amount involved and the results obtained" in the litigation).  Centene makes three arguments related to Plaintiffs' success: first, that Plaintiffs initially sought nationwide conditional certification and did not receive it; second, that Plaintiffs' counsel recovered less than 65% of the damage award they sought at trial; and third, that Plaintiffs recovered on behalf of only twenty-one of the thirty original Plaintiffs, in part because they failed to prevail on the willfulness issue.  *See* Objections Mot. Attorney's Fees [#166] at 14–16.

Plaintiffs respond they have already accounted for their loss on the nationwide certification issue by writing off hours related to the early summary judgment motion against Centene Corporation, which made nationwide certification an impossibility.  Further, Plaintiffs claim the lower damages award alone should not lead this Court to reduce the fee award, *see Black v. SettlePou, P.C.*, 732 F.3d 492, 503 (5th Cir. 2013), and point out the Court's acknowledgment that the willfulness issue was a very close question.  *See* Reply [#167-1] at 11–12.

While Plaintiffs are correct that the "failure to obtain every dollar sought on behalf of [the] client does not automatically mean that the modified lodestar amount should be reduced,'" *Singer*, 324 F.3d at 830 (quoting *Spegon*, 175 F.3d at 558), the Court agrees a small reduction in the lodestar is warranted in this case.  Although Plaintiffs did succeed in proving liability on summary judgment, their monetary success was limited compared to the amount they initially sought, and not all Plaintiffs recovered, including the four Plaintiffs whose claims were time-barred following resolution of the willfulness issue, and one Plaintiff, Angelita Cervantez, whose hours worked Plaintiffs failed to prove up even under the Supreme Court's rather relaxed "just and reasonable inference" standard.  *See* Order of May 11, 2015 [#156] at 28–29; *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686–67 (1946), *superseded by statute on other grounds as explained in Integrity*

*Staffing Sols., Inc. v. Busk*, —U.S.—135 S. Ct. 513, 516–17 (2014) (articulating the "just and reasonable inference" standard). The Court finds a 5% reduction in the lodestar—which amounts to $34,697.63—is appropriate to account for Plaintiffs' limited success.

As such, the Court awards Plaintiffs a grand total of $659,254.87 in attorney's fees.

**B.      Out-of-Pocket Litigation Expenses Not Taxable Under § 1920**

As part of their motion for attorney's fees, Plaintiffs request an additional award of $28,206.01 in out-of-pocket litigation expenses not taxable under 28 U.S.C. § 1920; specifically, Plaintiffs request an award for travel costs, postage, computerized legal research fees, shipping costs, PACER costs, and the costs of office supplies and issuance of press releases. *See* Mot. Attorney's Fees [#161-5] Ex. 3 (Costs Log) at 2–5. Plaintiffs make two arguments concerning these expenses: first, that they are "reasonable out-of-pocket expenses" properly considered part of an award of attorney's fees; and second, that they are recoverable under § 216(b) of the FLSA. As explained below, the Court awards $19,870.97 in travel expenses as part of Plaintiffs' attorney's fees, and disallows the remainder of Plaintiffs' claimed non-taxable expenses.

First, the Court agrees the travel expenses incurred by Plaintiffs' counsel are recoverable as attorney's fees, as travel expenses "are the sort of things that a lawyer includes with a bill for professional services." *Calderon v. Witvoet*, 112 F.3d 275, 275 (7th Cir. 1997) (per curiam) (citing *Jenkins by Agyei*, 491 U.S. at 285 ("[A] reasonable fee for the work product of an attorney. . . . must also take account of other expenses and profit.")). Plaintiffs are awarded their travel expenses.

Second, while the Court agrees legal research fees are recoverable as part of the attorney's fees award, *see Haroco, Inc. v. Am. Nat'l Bank & Trust Co. of Chi.*, 38 F.3d 1429, 1440 (7th Cir. 1994) (reasoning computerized legal research is recoverable as attorney's fees because computerized

legal research enables an attorney to work more efficiently, lowering the client's overall bill), the Court declines to award them here, as Plaintiffs have provided no description whatsoever of the research charges other than "Westlaw." Costs Log at 4; *see Walker*, 99 F.3d at 770 (plaintiff has the burden of showing the reasonableness of billed time).

Third, the Court declines to award the remainder of Plaintiffs' non-taxable expenses, either as part of the fee award or under § 216(b). The Court does not agree that postage, shipping costs, and the expenses of purchasing office supplies, issuing press releases, and accessing the federal courts' electronic case filing system (PACER) are properly included in an award of attorney's fees, as all of these are overhead expenses typical to any law practice. Additionally, the Court declines to hold § 216(b) of the FLSA authorizes an expansion of "costs" beyond those permitted by § 1920. Section 216(b) states in relevant part that "[t]he court . . . shall, in addition to any judgment awarded . . . , allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." 29 U.S.C. 216(b). Nothing in that language suggests specific congressional authorization to permit recovery of costs beyond those which Congress authorized in § 1920, *see Crawford Fitting Co. v. J.T. Gibbons, Inc.*, 482 U.S. 437, 444 (1987) (holding an expansion of costs awardable beyond § 1920 requires specific congressional authorization); *see also Calderon*, 112 F.3d at 276 ("According to plaintiffs, § 216(b) expands the category of costs. But the statute does not say so; it refers to 'costs' without elaboration. To learn which expenses are taxable as 'costs' a court must look elsewhere, and the only pertinent definition is in § 1920."), and Plaintiffs have cited to no Fifth Circuit case finding otherwise or even considering the question.

Accordingly, the Court awards Plaintiffs $19,870.97 in travel expenses,[8] and Plaintiffs' remaining claimed expenses are disallowed. *See* Costs Log at 2–4.

## C.   Costs Taxable Under 28 U.S.C. § 1920

Finally, Plaintiffs have submitted a bill of costs requesting an additional $12,669.33 in taxable costs. Under 28 U.S.C. § 1920, a court may tax the following costs: (1) fees of the clerk and marshal; (2) fees for printed or electronically recorded transcripts necessarily obtained for use in the case; (3) fees and disbursements for printing and witnesses; (4) fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case; (5) docket fees; and (6) compensation of court-appointed experts, interpreters, and special interpretation services. Here, with the exception of one $418.88 charge inadequately explained only as "Transcript copies," *see* Costs Log at 2, the Court finds Plaintiffs' requested taxable costs—comprised of fees for service, transcripts, and a $0.75 charge for photocopies—are reasonable and properly taxable. As such, the Court authorizes taxation of $7,093.00[9] in costs under § 1920.

### Conclusion

In sum, the Court awards Plaintiffs a total of (1) $659,254.87 in attorney's fees; (2) $19,870.97 in travel expenses chargeable as attorney's fees; and (3) $7,093.00 in costs taxable under § 1920.

Accordingly:

---

[8] One of the claimed travel expenses is a $301.06 charge for "Hotel for Representative Trial Witness (Valdez)." Costs Log at 3. That charge is a taxable cost properly awarded under § 1920, not a non-taxable expense. *See Holmes v. Cessna Aircraft Co.*, 11 F.3d 63, 64–65 (5th Cir. 1994) (travel and lodging expenses for witnesses are taxable under § 1920). As such, it is not included. Additionally, it appears there is a duplicative charge for $666.10 associated with "Flight reimbursement–AKW." *See* Costs Log at 3. The Court awards only one of the two $666.10 charges.

[9] This sum includes the $301.06 charge for "Hotel for Representative Trial Witness (Valdez)." *See supra* n.8.

IT IS ORDERED that Plaintiffs' Motion for Leave to File Reply Memorandum in Support of Motion for Attorney's Fees and Costs and Response to Defendant's Objection to Plaintiffs' Bill of Costs and to Exceed Page Limit [#174] is GRANTED;

IT IS FURTHER ORDERED that Plaintiffs' Motion for Attorney's Fees and Costs [#161] is GRANTED IN PART and DENIED IN PART as described in this opinion; and

IT IS FINALLY ORDERED that the Clerk of Court tax costs against Defendant Centene Company of Texas, L.P. in the amount of $7,093.00.

SIGNED this the _10th_ day of November 2015.


_Sam Sparks_
SAM SPARKS
UNITED STATES DISTRICT JUDGE